IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 1:21-CR-00618 |
| | : | |
| v. | : | (Judge Berman Jackson) |
| | : | |
| RILEY JUNE WILLIAMS | : | (Electronically Filed) |

**DEFENDANT'S REPLY BRIEF**

The defendant, Riley June Williams, by and through her undersigned counsel, hereby submit this reply brief in further support of her Motion to Amend Conditions of Release. ECF #51.

**I.      Ms. Williams is Not a Flight Risk**

Despite the Government's unfounded assertion to the contrary, Ms. Williams is not a "demonstrated" flight risk. (Doc. 52, p. 1). In January of 2021, Ms. Williams voluntarily surrendered to law enforcement officers upon being advised that a warrant had been issued for her arrest. Moreover, in the year and a half since her arrest, she has *always* promptly appeared for all Court appearances in this matter, whether they be in Harrisburg, Washington, D.C., or via videolink. Ms. Williams resides with her mother, has a full-time job, attends counseling and church. She has deep ties to the community – she has lived in the same geographic area within the Middle District of Pennsylvania for her entire life. The

Government knows that Ms. Williams is not a flight risk, and it is specious for it to contend otherwise.

**II.   Government Mischaracterizes Non-Compliance**

The Government makes a series of allegations concerning Ms. Williams' non-compliance with her conditions, which are easily disproven or simply explained.[1]  Further, as of this writing the Probation Office has supplied this Court with <u>four</u> separate compliance reports, on each occasion noting Ms. Williams' full compliance with her conditions of pretrial services.  (Docs. 22, 26, 30 and 44).

<u>Ms. Williams was late on May 26, 2022</u>

The Government complains that Ms. Williams was 38 minutes late getting home from an outing on May 26, 2022, demonstrating her non-compliance with pretrial services conditions.  This is a complete mischaracterization of the events of that day.  On May 26, 2022, Ms. Williams departed from her court-ordered counseling session at 4:30 p.m.  Her counselor's office is nearly an hour from her home.  She hit traffic on the major highway route back to her residence and had to use an alternate series of roads to reach her home, causing her to be late.  Ms. Williams' current supervising probation officer works from 7:30 a.m. to 4:30 p.m.

---

[1] The Government complains that Ms. Williams has been occasionally late in submitting her weekly schedule to her PSO. Ms. Williams' admits that she is occasionally late with her submission, but this is because her work schedule changes week to week. Ms. Williams will endeavor to be more timely going forward.  In any event, defense counsel submits that this is a *de minimus* issue that should not impact Ms. Williams' request on the instant motion.

2

That officer had previously advised Ms. Williams not to call him outside his work hours if she is running late returning home from an appointment. In such a situation, the probation officer had directed Ms. Williams to wait for the on-call probation officer to contact her so that she could explain her tardiness. Thus, on May 26, 2022, when she was in traffic and running late after 4:30 p.m., she did not call her probation officer. Rather, pursuant to her probation officer's prior instructions, she waited for the on-call officer to call, which he did, and Ms. Williams then explained the situation with the traffic jam. The on-call probation officer indicated that he/she would leave a note for Ms. Williams' probation officer. Ms. Williams simply did not do anything wrong on this occasion.[2]

Tablet Case and Charging Cord

The Government alleges that, on September 9, 2021, Ms. Williams' then-supervising probation officer "observed a tablet case and a charging cord inside of Williams's car." (Doc. 52, p. 7). Ms. Williams does not dispute that the case and cord were in her car – however the <u>tablet that had been inside of that case had been previously seized by the FBI</u> when Ms. Williams was arrested in January of 2021. The Government should have been aware of that fact, rather it makes a shadowy

---

[2] Undersigned counsel spoke with Ms. Williams' current supervising probation officer on today's date and confirmed the events set forth in this paragraph with him.

inference that Ms. Williams' was in possession of technology items forbidden by her conditions.

### Lying to Probation Officer about visitor

In mid-August of 2021, Ms. Williams' boyfriend came to visit her for a few days. She wanted to take some time off from the pizza shop where she was working at the time, and rather than tell her boss that her boyfriend was visiting, she told him that her cousin was visiting. During a routine check with her employer, the pizza shop boss told Ms. Williams' probation officer that she had family visiting from out of town and that she had taken some time off. The probation officer then called Ms. Williams. During that conversation, the probation officer inquired about her visitor and Ms. Williams said her cousin from North Carolina was visiting. A similar conversation transpired between the probation officer and Ms. Williams' mother.[3]

There is nothing in Ms. Williams' conditions of release that requires her to advise her probation officer as to the identity of each and every individual with whom she associates. Nor is she required to advise the probation officer if she has an overnight visitor. While it is regrettable that Ms. Williams did not tell her probation officer that it was her boyfriend and not a cousin who was visiting, Ms.

---

[3] Undersigned counsel also spoke with Ms. Williams' prior probation officer on today's date and confirmed the events set forth in this paragraph.

Williams did not forfeit her right to have a personal relationship while on pretrial services.

Facetime Usage

On one occasion in the early spring of 2021, Ms. Williams' mother utilized her iPad to conduct a FaceTime call with Ms. Williams' boyfriend, and Ms. Williams was on the call as well.  After the call, Ms. Williams and her mother realized that it could have been considered a violation of her conditions, and she has never since FaceTimed with her boyfriend.  She uses her flip phone for calls and texts.

### III. Misleading and Inflammatory Allegations Concerning Ms. Williams' Personal Life

The Government's brief contains several unsupported and inflammatory allegations concerning "Individual-1," who they relate to be Ms. Williams' fiancé. The Government states that "[n]otably, Individual-1 was alleged to have an unauthorized absence from the Marines Corps, stole his roommates' truck and attempted to purchase a firearm with the intent of committing a mass shooting at a synagogue." (Doc. 52, pp. 7-8).  This statement is entirely misleading, and designed to be so.  Individual-1 was convicted in military court of unauthorized absence, false official statement, violation of a lawful general order, and larceny. As a result, he was sentenced to 18-months and given a bad-conduct discharge. There is *nothing* in the public record of Individual-1's military case to indicate that

he attempted to purchase a firearm with the intent of committing a mass shooting at a synagogue.  For the Government to make such an inflammatory and unsupported allegation in the briefing on this motion is entirely inappropriate.

Notwithstanding the inflammatory (and untrue) nature of these allegations, the Government filed their brief openly on the docket, although it is fully aware that the local press in the Harrisburg area follows Ms. Williams' case closely and reports on its various happenings in the news local to Ms. Williams' home. Unsurprisingly, the next day PennLive published a story about Ms. Williams entitled "Woman accused of stealing Nancy Pelosi's laptop met with man who planned to shoot up synagogue: prosecutor,"[4] meeting the Government's aim of trying Ms. Williams in the court of public opinion.[5]

---

[4] Woman accused of stealing Nancy Pelosi's laptop met with man who planned to shoot up synagogue: prosecutor - pennlive.com

[5] Notwithstanding the fact that the Government has provided defense counsel with interviews of individuals confirming that a male took the computer, the Government continues to publicly allude to the possibility that Ms. Williams' was involved in the theft of Nancy Pelosi's computer, or that she might be aware of its location. Ms. Williams did not steal the computer and she does not know where it is.  The Government knows this.

## IV. Conclusion

Ms. Williams respectfully requests that the Court modify her conditions of pretrial release and remove the conditions of home detention and electronic location monitoring.

Respectfully submitted,

Date: June 16, 2022

*/s/ Lori J. Ulrich*
LORI J. ULRICH, ESQUIRE
Assistant Federal Public Defender
*/s/ Amanda R. Gaynor*
AMANDA R. GAYNOR, ESQUIRE
Staff Attorney
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-2237
Fax No. (717) 782-3881
*lori_ulrich@fd.org*
*amanda_gaynor@fd.org*

*/s/ A.J. Kramer*
A.J. KRAMER, ESQUIRE
Federal Public Defender
625 Indiana Avenue, NW
Washington, D.C. 20004
Tel. No. (202) 208-7500
*a._j._kramer@fd.org*

*Attorneys for Riley June Williams*

# CERTIFICATE OF SERVICE

I, Lori J. Ulrich, Esquire, of the Federal Public Defender's Office, do hereby certify that I served a copy of the foregoing **Defendant's Reply Brief** via Electronic Case Filing, and/or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, and/or by hand delivery, addressed to the following:

> MARIA Y. FEDOR, ESQUIRE
> Assistant United States Attorney
> maria.fedor@usdoj.gov
>
> JOSEPH HONG HUYNH, ESQUIRE
> Assistant United States Attorney
> joseph.huynh@usdoj.gov
>
> MASHARIA HOLMAN
> United States Probation
> masharia.holman@psa.gov
>
> RILEY JUNE WILLIAMS

Date:  June 16, 2022

/s/ Lori J. Ulrich
LORI J. ULRICH, ESQUIRE
Assistant Federal Public Defender
Attorney ID #55626
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-2237
Fax No. (717) 782-3881
lori_ulrich@fd.org
*Attorney for Riley June Williams*