UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Crim. Action No. 21-0618 (ABJ) |
| ) | |
| RILEY JUNE WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On May 27, 2022, defendant Riley June Williams filed a motion to modify her conditions of release. Def.'s Mot. to Amend Conditions of Release [Dkt. # 50] ("Def.'s Mot."); Brief in Supp. of Mot. to Amend Conditions of Release [Dkt. # 51-2] ("Def.'s Mem."). She asks to be relieved of the requirements of home detention and electronic location monitoring. Def.'s Mem. at 6. The government has opposed the motion, Gov't's Opp. to Def.'s Mot. to Amend Conditions of Release [Dkt. # 52] ("Opp."), as has the United States Probation Office in the Middle District of Pennsylvania, which is currently supervising defendant while she is on release. Mem. from Michael R. Yasenchak, Senior U.S. Probation Officer (July 13, 2022) [Dkt. # 60] ("USPO Report"); *see also* Pretrial Services Agency Status Report [Dkt. # 59] ("PSA Report"); Def.'s Reply Br. [Dkt. # 53].

The Bail Reform Act provides that if the judicial officer determines that the release of a defendant on personal recognizance "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person . . .

> (B) subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]"

18 U.S.C. § 3142(c)(1)(B). Courts must consider four factors when deciding whether there are conditions of release that will reasonably assure the appearance of the person and the safety of any other person and the community: (1) "the nature and the circumstances of the offense charged"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person," and; (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(1)–(4). All of these factors were fully considered at the time of the defendant's arrest. While the Bail Reform Act permits a court to amend or modify conditions of release, 18 U.S.C. § 3142(c)(3), "[a]s the D.C. Circuit has noted, the mere passage of time, without a substantial change in the 'underlying reasons for this court's prior decisions' regarding pretrial [conditions] is generally not sufficient to warrant reconsiderations." *United States v. Bikundi*, 73 F. Supp. 3d 51, 55 (D.D.C. 2014), quoting *United States v. Ali*, 534 Fed. Appx. 1, 2 (D.C. Cir. 2013) (per curiam). Here, the challenged conditions were entirely appropriate under the circumstances presented at the time the defendant was released, and the defendant does not point to any change in circumstances beyond an assertion that she has been fully compliant, an assertion that both the government and Probation Office dispute.

On January 17, 2021, the government initiated this case with the filing of a criminal complaint, supported by a statement of facts. *See* Crim. Compl. [Dkt. # 1]; Statement of Facts [Dkt. # 1-1]. The affiant, a Special Agent of the Federal Bureau of Investigation ("FBI"), detailed information the FBI had received identifying the defendant as a participant in the January 6, 2021 attack on the Capitol, who was shown on video footage "directing crowds inside the U.S. Capitol

2

building," and who was alleged to have taken a laptop computer or hard drive from the office of the Speaker of the House, Nancy Pelosi.  Statement of Facts ¶¶ 9–10.  The Statement of Facts also included a description of a YouTube video in which a reporter interviewed someone who identified herself as the defendant's mother and stated that the defendant "'took off,' 'is gone,' and is waiting for law enforcement to come to . . . ask her about her activities in the Capitol." *Id.* ¶ 18.  It appeared to the Special Agent that the defendant had fled:

> According to local law enforcement officers in Harrisburg, WILLIAMS' mother stated that . . . WILLIAMS packed a bag and left her home and told her mother she would be gone for a couple of weeks.  WILLIAMS did not provide her mother any information about her intended destination.  Sometime after January 6, 2021, WILLIAMS changed her telephone number and deleted . . . her social media accounts on Facebook, Instagram, Twitter, Reddit, Telegram, and Parler.

*Id.* ¶ 19.

The government filed a motion for a detention hearing on January 19, 2021, *see* Mot. for Detention, *United States v. Williams*, No. 21-mj-7-MCC (M.D. Pa. Jan. 19, 2021) [Dkt. # 3],[1] because "a serious risk exists that defendant will flee," and "a serious risk exists that defendant will obstruct or attempt to obstruct justice or threaten injure or intimidate or attempt to threaten injure or intimidate a prospective witness or juror." *Id.* at 3.  The government further submitted that there was no condition or combination of conditions that would reasonably assure either defendant's appearance as required or the safety of any other person and the community because she was "a danger to any other person or the community," and "a flight risk." *Id.* at 5.

A detention hearing was held on January 21, 2021 before a Magistrate Judge in the Middle District of Pennsylvania.  *See* Tr. of Detention Hr'g, *United States v. Williams*, No. 21-mj-7-MCC

---

[1]   Citations to documents on other dockets will include the applicable case number.

(M.D. Pa. Jan. 21, 2021) [Dkt. # 13].  At the hearing, the government withdrew its motion seeking defendant's pretrial detention.  *Id.* at 15:12–18.  The parties informed the court that they had agreed that the defendant would be placed on home confinement with an ankle monitor.  *Id.* at 7:6–20.  In addition, her mother agreed to serve as a third party custodian.  *Id.* at 22:24–23:4.

Defendant was ordered to be released following the hearing, subject to certain conditions. Order Setting Conditions of Release, *United States v. Williams*, No. 21-mj-7-MCC (M.D. Pa. Jan. 21, 2021) [Dkt. # 10] ("Conditions of Release Order I").  Among them, defendant was required to submit to location monitoring and was "restricted to [her] residence at all times except for employment[2]; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; courts appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer."  *Id.* at 2.

---

2  Defendant's conditions were partially modified on June 1, 2021 to permit defendant to leave her home between 10:00 am and 2:00 pm on Thursdays and Fridays for the purpose of finding employment.  *See* Min. Order (June 1, 2021).

Four days later on January 25, 2021, defendant appeared before a Magistrate Judge in this district. *See* Min. Entry (Jan. 25, 2021); *see also* Min. Entry (Jan. 26, 2021) (continuation of proceeding). At that time, the government asked to revise defendant's conditions of release because it had concerns about her use of her computer and the internet in an effort to instruct others to delete messages and destroy evidence. Tr. of Rule 5 – Initial Appearance Hr'g [Dkt. # 8] at 9:2–12, 19:1–8. Thereafter, another Order Setting Conditions of Release was issued, which maintained the home detention and location monitoring, and added that the defendant must "[s]eek access via third party custodian to use iPad/smart phone to video call with attorney, PSA to check-in, and mental health appointments [and p]urchase flip phone within 5 days for all other calls." Order Setting Conditions of Release [Dkt. # 29] ("Conditions of Release Order II") at 2 (condition (7)(s)). Further, it was ordered that defendant's third party custodian would monitor all of defendant's calls, with the exception of those made to her attorney and for mental health purposes, and defendant's television use of the Smart TV at the home. *Id.*

Defendant notes in her motion that she "has been on home detention since January 21, 2021." Def.'s Mot. ¶ 7. She requests that the Court remove the conditions of home detention and electronic location monitoring "[i]n consideration of her good behavior and her employment." Def.'s Mem. at 1. She asserts that she "has been in full compliance with her conditions of release for the previous sixteen (16) months." *Id.* at 3.

The fact that the defendant has been released under conditions for a significant period of time does not demonstrate that the flight risk has been ameliorated or that there is some change of circumstances in this case. Moreover, the supervising Probation Officer is not at all satisfied that the defendant has been in full compliance or is a good candidate for a less restrictive plan. The Probation and Pretrial Services offices report:

5

- On August 16, 2021, defendant was untruthful with Pretrial Services about the identity of an individual who visited her ("Individual 1"), and also directed her third party custodian – her mother – to conceal the truth about him, Opp. at 7–8; PSA Report at 3; *see* USPO Report at 1;

- On August 17, 2021, defendant's mother "falsely informed Williams's then-supervising probation / pretrial services officer that Williams was not working much the following few weeks due to a cousin visiting from North Carolina," Opp. at 7; *see* PSA Report at 3; USPO Report at 1;

- On September 9, 2021, Pretrial Services observed a tablet case and charging cord inside of defendant's car, PSA Report at 3; Opp. at 7;

- On September 10, 2021, Individual 1 told the FBI that he communicated with defendant via video chat, in violation of defendant's conditions of release, PSA Report at 3; Opp. at 8; *see also* USPO Report at 1; Conditions of Release Order II at 2 (condition (7)(s));

- Defendant has been tardy in submitting her weekly schedule to her Pretrial Services Officer on multiple occasions, *see* PSA Report at 3; USPO Report at 1; Opp. at 8.; and

- Defendant has been "late returning home after attending preapproved outings," including on May 26, 2022. Opp. at 8–9; *see* PSA Report at 3.

The record reflects that the defendant initially tried to evade arrest by leaving her home, deleting her social media accounts, and changing her phone number. *See* Statement of Facts ¶ 19. Given the evidence adduced at the time of defendant's release establishing not only a risk of flight, but also a risk that the investigation would be obstructed, and given the supervising officer's assessment that "removal of the location monitoring condition would be premature and unwarranted" because the defendant "has not demonstrated a willingness to consistently comport to the release conditions," USPO Report at 1, defendant's motion will be **DENIED**. The Probation Officer has observed that "[a]bsent location monitoring, the probation office would be reliant upon her third party custodian as a guarantor of her compliance," but "the third party custodian has not demonstrated her reliability in this regard." *Id.* Home detention – which enables the defendant to

continue to be employed – and location monitoring are still the least restrictive conditions that will ensure the defendant's appearance and the integrity of the investigation. Therefore, defendant's conditions of release will remain the same.

**SO ORDERED.**

AMY BERMAN JACKSON
United States District Judge

DATE: July 20, 2022