IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 1:21-CR-00618 |
| | : | |
| v. | : | (Judge Berman Jackson) |
| | : | |
| RILEY JUNE WILLIAMS | : | (Electronically Filed) |

**MOTION *IN LIMINE* TO PRECLUDE TESTIMONY OR EVIDENCE**

The Defendant, Riley June Williams, by and through her attorneys, hereby requests that the Court issue an order precluding the government from presenting any evidence concerning Ms. Williams' references to taking a gavel and/or hard drives from the office of Nancy Pelosi, Speaker of the House of Representatives on January 6, 2021.

**I.    BACKGROUND**

Count Four of the indictment in this case charges Ms. Williams with Theft of Government Property and Aiding and Abetting, in violation of Title 18 U.S.C. §§ 641 and 2. (Doc. 27).  The indictment identifies the object of the alleged theft as "a Hewlett-Packard laptop computer located in the offices of a member of the U.S. Congress, which has a value of less than $1,000."  (Doc. 27, p. 3).  This computer was allegedly taken from the office suite of Speaker Pelosi.

Certain items of discovery in this matter contain statements made by Ms. Williams stating that she (and/or others) took a gavel and/or one or several hard

drives from Speaker Pelosi's office on January 6. Ms. Williams seeks to preclude the government from referencing or introducing these statements by Ms. Williams because they are irrelevant, highly prejudicial and improper character evidence.

## II.    ARGUMENT

Federal Rule of Evidence 401 defines evidence as relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." F.R.E. 401. At issue in this case is the theft of a laptop computer from Speaker Pelosi's office, not the theft of a ceremonial gavel or a hard drive. Ms. Williams' statements concerning a taken gavel and/or hard drive have no bearing on the theft of the laptop, and it is the theft of the laptop (not a gavel or a hard drive) that is "of consequence" in this case. F.R.E. 401(b). Ms. Williams is not charged with taking these items, thus any comments she may have made concerning them are irrelevant to the charges actually lodged in this case.

Alternatively, even if Ms. Williams' statements could be considered relevant, their admission would violate the tenets of Federal Rule of Evidence 403. Pursuant to Rule 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury . . ." F.R.E. 403. "The underlying premise of the Rule is that certain relevant evidence should not be

admitted to the trier of fact where the admission would adversely affect the integrity of the fact finding process." *Weissenberger's Federal Evidence Courtroom Manual,* Ch. 403 (2020).  Any potential probative value of Ms. Williams' statements about the gavel or the hard drives (which Ms. Williams does not concede) is substantially outweighed by the potential prejudice to her.  Further, since the indictment charges theft of the laptop, introduction of evidence concerning the (uncharged) theft of a ceremonial gavel and/or hard drive has the potential to confuse the jury in its deliberations on Count Four and to mislead them about Ms. Williams' conduct on January 6.

Finally, to the extent the government would seek to introduce Ms. Williams' statements about the gavel and/or the hard drive pursuant to Federal Rule of Evidence 404(b), this too would be inappropriate.[1]  Rule 404(b)(1) prohibits the

---

[1] The government might assert that Ms. Williams' statements are intrinsic and therefore not subject to the limitations of Rule 404(b).  This is wrong.  "The D.C. Circuit has adopted a very narrow understanding of what counts as an 'intrinsic' act, explicitly rejecting the application of that label to evidence that merely 'complete[s] the story' or 'incidentally involve[s]' the charged offense or 'explain[s] the circumstances' surrounding it." *United States v. Robinson*, 2022 U.S. Dist. LEXIS 1205, *6, (D.D. C. 2022)(quoting *United States v. Bowie*, 232 F.3d 923, 928 (D.C. Cir. 2000).  Rather, "the D.C. Circuit has identified two narrow circumstances encompassing intrinsic evidence: the evidence 'is either of an act that is part of the charged offense or is of acts performed contemporaneously with the charged crime . . . if they facilitate the commission of the charged crime.'" *United States v. Gonzalez,* 507 F. Supp. 3d 137, 159 (D.D.C. 2020) (alteration in original) (some internal quotation marks omitted) (quoting *United States v. Moore,* 651 F.3d 30, 63, (D.C. Cir. 2011)); *accord Bowie,* 232 F.3d at 929.  Ms. Williams is not charged with taking a gavel or a hard drive, nor has the government alleged that any alleged taking of these items facilitated the alleged theft of the laptop. Any evidence or testimony concerning the gavel or the hard drive is not intrinsic.

3

introduction of evidence of another "crime, wrong or other act" "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." F.R.E. 404(b)(1).  While such evidence is potentially admissible for another purpose, none of those permitted uses are in play here.  Rather, the government would introduce Ms. Williams' statements concerning the gavel and/or the hard drives in a side-door effort to prove that she took the laptop. Furthermore, the discovery produced by the government clearly demonstrates that Ms. Williams <u>did not</u> take the laptop from Speaker Pelosi's office, rendering meritless any potential argument by the government that her statements about the gavel and hard drives could be introduced to prove "motive, intent, preparation, plan knowledge, identity, absence of mistake, or lack of accident."  F.R.E. 404(b)(2).

    WHEREFORE, the defendant, Riley June Williams, respectfully requests that this Honorable Court issue an Order precluding the government from introducing any evidence or testimony at trial concerning Ms. Williams' statements or references to taking a gavel and/or a hard drive(s) from Speaker Pelosi's office on January 6.

Respectfully submitted,

Date:  September 23, 2022

/s/ Lori J. Ulrich
LORI J. ULRICH, ESQUIRE
Assistant Federal Public Defender
Attorney ID #55626
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-2237
Fax No. (717) 782-3881
lori_ulrich@fd.org

/s/ A.J. Kramer
A.J. KRAMER, ESQUIRE
Federal Public Defender
625 Indiana Avenue, NW
Washington, D.C. 20004
Tel. No. (202) 208-7500
a._j._kramer@fd.org

s/Brandon R. Reish
BRANDON R. REISH, ESQUIRE
Assistant Federal Public Defender
Attorney ID# PA 91518
201 Lackawanna Avenue, Suite 317
Scranton, PA  18503
Tel. No. (570)343-6285
Fax No. (570) 343-6225
brandon_reish@fd.org

Attorneys for Riley June Williams

## CERTIFICATE OF SERVICE

I, Lori J. Ulrich, Esquire, of the Federal Public Defender's Office, do hereby certify that I served a copy of the foregoing **Motion to Preclude Testimony or Evidence** via Electronic Case Filing, and/or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, and/or by hand delivery, addressed to the following:

SAMUEL DALKE, ESQUIRE
Assistant United States Attorney
*samuel.s.dalke@usdoj.gov*

MICHAEL GORDON, ESQUIRE
Assistant United States Attorney
*Michael.gordon3@usdoj.gov*

RILEY JUNE WILLIAMS

Date:  September 23, 2022              */s/ Lori J. Ulrich*
                                       LORI J. ULRICH, ESQUIRE
                                       Assistant Federal Public Defender
                                       Attorney ID #55626
                                       100 Chestnut Street, Suite 306
                                       Harrisburg, PA 17101
                                       Tel. No. (717) 782-2237
                                       Fax No. (717) 782-3881
                                       lori_ulrich@fd.org
                                       *Attorney for Riley June Williams*