**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **No. 1:21-cr-618-ABJ** |
| **RILEY JUNE WILLIAMS** | |

**UNITED STATES' MOTION IN LIMINE TO PRECLUDE IMPROPER DEFENSE**
**ARGUMENTS AND EVIDENCE ABOUT LAW ENFORCEMENT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby requests that the Court issue an order precluding the defendant from any of the following: (1) arguing any entrapment by estoppel defense related to law enforcement; (2) offering evidence or argument concerning any claim that by allegedly failing to act, law enforcement made the defendant's entry into the United States Capitol building or grounds or her conduct therein lawful; or (3) arguing or presenting evidence of alleged inaction by law enforcement unless the defendant specifically observed or was otherwise aware of such conduct.

**1. This Court Should Preclude the Defendant from Arguing Entrapment by Estoppel**

The defendant should be prohibited from making arguments or attempting to introduce evidence that law enforcement gave permission to the defendant to enter the U.S. Capitol. "To win an entrapment-by-estoppel claim, a defendant criminally prosecuted for an offense must prove (1) that a government agent actively misled him about the state of the law defining the offense; (2) that the government agent was responsible for interpreting, administering, or enforcing the law defining the offense; (3) that the defendant actually relied on the agent's misleading pronouncement in committing the offense; and (4) that the defendant's reliance was reasonable in light of the identity of the agent, the point of law misrepresented, and the substance of the

misrepresentation." *United States v. Chrestman*, 525 F. Supp. 3d 14, 31 (D.D.C. 2021) (emphasis added) (quoting *United States v. Cox*, 906 F.3d 1170, 1191 (10th Cir. 2018)).

In *Chrestman*, another judge of this Court rejected an entrapment by estoppel argument raised by a January 6th defendant charged with, *inter alia*, violations of 18 U.S.C. §§ 1512(c)(2), 1752(a)(1) and (b)(1)(A) and 1752(a)(2) and (b)(1)(A). Although *Chrestman* involved an argument that former President Trump gave the defendant permission to enter the Capitol building, the reasoning in *Chrestman* applies equally to an argument that a member of law enforcement gave permission to the defendants to enter the Capitol building. As another judge of this District reasoned in *Chrestman*, "*Cox* unambiguously forecloses the availability of the defense in cases where a government actor's statements constitute 'a waiver of law' beyond his or her lawful authority." *Chrestman*, 525 F. Supp. 3d at 32 (quoting *Cox v. Louisiana*, 379 U.S. 559, 569 (1965)).

Just as "no President may unilaterally abrogate criminal laws duly enacted by Congress as they apply to a subgroup of his most vehement supporters," no member of law enforcement could use his authority to allow individuals to enter the Capitol building during a violent riot, and after "obvious police barricades, police lines, and police orders restricting entry at the Capitol" had already been put in place by the United States Capitol Police and the Secret Service. *Id*. at 32. Indeed, another judge of this Court ruled in another January 6, 2021, case that "the logic in *Chrestman* that a U.S. President cannot unilaterally abrogate statutory law applies with equal force to government actors in less powerful offices, such as law enforcement officers protecting the U.S. Capitol Building." Memorandum and Order, *United States v. Williams*, No. 21-cr-377-BAH, at *2 (D.D.C. June 8, 2022).

Even if the defendant could establish that a member of law enforcement told her that it was lawful to enter the Capitol building or allowed her to do so, the defendant's reliance on any such

statement would not be reasonable in light of the "obvious police barricades, police lines, and police orders restricting entry at the Capitol." *Chrestman*, 525 F. Supp. 3d at 32. Moreover, the defendant's actions belie any argument that she actually relied on any such statement by law enforcement when she made a decision to unlawfully enter the Capitol building and grounds.  The defendant initially entered the Capitol building through the Senate Wing Door, just minutes after rioters had breached it by smashing the windows on both sides of it; from her own video the defendant observed that broken glass and would have also heard blaring alarms when she entered. Once inside the building, the defendant was confronted by law enforcement officers who blocked her progression and instructed her—and other rioters—to leave the building. Instead of complying, the defendant physically resisted officers' efforts to push her away and rallied other rioters to try to breach the police lines, repeatedly yelling things like "keep pushing, push, push, push!" and "traitor" and "keeping going, go, go!" Afterward, the defendant bragged to an associate that she engineered "such a good tactic" to breach the police lines: she "ran around looking for guys with shields or gear" and "point[ed] them in the direction and tell them we need them in the front" to fight the police, while "the rest of us would stand behind them and push them" because the police "couldn't hurt the guys up there because they had shields and goggles and gear and the police would budge." The defendant crowed that "we did it over and over until we had access to the whole place."

It is clear from the defendant's statements that she knew her actions were not permitted or encouraged by police. Accordingly, the defendant should be prohibited from arguing that her conduct was lawful because law enforcement allegedly told her it was.

**2.  This Court Should Preclude the Defendant from Arguing that Alleged Inaction by Law Enforcement Officers Made Her Conduct on January 6, 2021, Legal**

In addition to prohibiting any defense arguments that law enforcement actively communicated to the defendant that entering the Capitol building or grounds was lawful, the Court should also bar the defendant from arguing that any failure to act by law enforcement rendered her conduct legal.  The same reasoning that applied in *Chrestman* again applies here.  That is, like the Chief Executive, a Metropolitan Police Officer or Capitol Police Officer cannot "unilaterally abrogate criminal laws duly enacted by Congress" through his or her purported inaction. *Chrestman*, 525 F. Supp. 3d at 33.  An officer cannot shield an individual from liability for an illegal act by failing to enforce the law or ratify unlawful conduct by failing to prevent it.  Indeed, another judge of this District expressly reached that conclusion in *Williams* a few months ago. *Williams*, No. 21-cr-377-BAH, at *3 ("Settled caselaw makes clear that law officer inaction— whatever the reason for the inaction—cannot sanction unlawful conduct.").  It should apply the same principle in this case.  Accordingly, the defendant should be prohibited from arguing that her conduct was lawful because law enforcement officers allegedly failed to prevent it or censure it when it occurred.

**3.  This Court Should Preclude the Defendant from Arguing or Presenting Evidence of Alleged Inaction by Law Enforcement Officers Unless the Defendant Specifically Observed or Were Otherwise Aware of Such Conduct**

The government acknowledges that the conduct of law enforcement officers may be relevant to the defendant's state of mind on January 6, 2021.  However, unless the defendant shows that, at the relevant time, she specifically observed or was otherwise aware of some alleged inaction by law enforcement, such evidence is irrelevant to the defendant's intent.  Federal Rule of Evidence 401 states that evidence is relevant if it "has any tendency to make a fact more or less probable … and the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Here,

if the defendant was not aware of law enforcement's alleged inaction at the time of her entry onto restricted grounds or into the Capitol building (or at the time she committed the other offenses charged in the Indictment), any alleged inaction would have no bearing on the defendant's state of mind and therefore would not meet the threshold for relevance.  Again, another judge of this district adopted the same reasoning in granting an analogous motion *in limine* in another January 6th case. *See Williams*, No. 21-cr-377-BAH, at *3-4.  The Court should reach the same conclusion in this case and should exclude testimony and evidence of any alleged inaction by the police as irrelevant, except to the extent the defendant shows that she specifically observed or was aware of the alleged inaction by the police when she committed the offenses charged in the Indictment.

**CONCLUSION**

For the reasons set forth herein, the United States respectfully requests that this Court preclude improper argument or evidence related to entrapment by estoppel, that law enforcement's alleged inaction rendered the defendant's actions lawful, and any evidence or argument relating to alleged inaction by law enforcement except to the extent that the defendant specifically observed or was otherwise aware of such conduct at the relevant time.

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481 052


*/s/ Michael M. Gordon*
MICHAEL M. GORDON
Assistant United States Attorney
Florida State Bar No. 1026025
400 N. Tampa St., Suite 3200
Tampa, Florida 33602
michael.gordon3@usdoj.gov
Telephone: 813-274-6370

*/s/ Samuel S. Dalke*
SAMUEL S. DALKE
Assistant United States Attorney
Pennsylvania State Bar No. 311083
228 Walnut Street, Suite 220
Harrisburg, PA 17101
samuel.s.dalke@usdoj.gov
Telephone: 717-221-4453