UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.  No. 1:21-cr-618-ABJ

RILEY JUNE WILLIAMS

**NOTICE OF INTENT TO INTRODUCE OTHER CRIMES, WRONGS, OR ACTS OF THE DEFENDANT AS INTRINSIC EVIDENCE OR UNDER FED. R. CRIM. P. 404(b)**

The United States of America submits the following notice of intent because it may seek to introduce evidence of "other crimes, wrongs, or acts" committed by defendant Riley June Williams at trial. Because the evidence is intrinsic to the charged crimes, Fed. R. Crim. P. 404(b) is inapplicable. Nevertheless, should the Court disagree and view the evidence as extrinsic, the Court should still admit the evidence under Fed. R. Crim. P 404(b) because the Government is offering it for a legitimate non-propensity purpose.

**I.  Notice of Intent to Introduce Certain Evidence**

At trial, the government may elect to offer evidence and call witnesses regarding the defendant's activities, statements, knowledge, and ideology in the months leading up to Congress's January 6, 2021, certification vote, namely:

   a. On December 5, 2020, the defendant attended and videotaped portions of a "Stop the Steal" rally in Harrisburg, PA, which featured a speech by Nick Fuentes.

   b. On December 12, 2020, the defendant attended and videotaped portions of an election-related rally, sometimes referred to as a "Million MAGA" rally, in Washington, DC. This rally was organized as a protest of the presidential election, and the date of the protest coincided with the certification of the Electoral College

  results in each of the fifty states. This rally also featured Nick Fuentes and Alex Jones, both of whom the defendant videotaped.

 c. Stored in the defendant's iCloud account and Discord accounts, and posted on social media, the Government found images, videos, and messages concerning the defendant's interest in and knowledge of the "America First" podcasts and Nick Fuentes, as well as her adoption and use of imagery associated with the Groyper Army,[1] Accelerationism, Pepe the Frog, prior violent protests, alt-right views and leaders, and claims about election fraud related to the 2020 Presidential election.

 d. The Government anticipates eliciting testimony from witness(es) concerning the defendant's statements about her ideology and extreme views leading up to January 6, 2021, including those outlined above.

## II. Rule 404(b) Does Not Apply Because the Evidence that the Government Seeks to Introduce is Intrinsic to the Charged Crimes.

Federal Rule of Evidence 404(b) limits the admissibility of evidence of a defendant's "other crimes, wrongs, or acts" to prove a defendant's propensity to commit a crime or purely to prove a defendant's character. Fed. R. Evid. 404(b); *United States v. Bowie*, 232 F.3d 923, 930 (D.C. Cir. 2000). The limitations of Rule 404(b) only apply, however, when the evidence that the government seeks to introduce is "extrinsic" to the charged crime. *Id.* at 928. That is, Rule 404(b) only limits admission of evidence that is, in fact, of "other" crimes, wrongs, or acts as opposed to "intrinsic" evidence of the crimes charged. *See id.* at 928-29; *United States v. Badru*, 97 F.3d 1471, 1474-75 (D.C. Cir. 1995). Evidence "offered as direct evidence of [a] fact in issue" is not evidence of an "other" crime. *Badru*, 97 F.3d at 1475 (internal quotation marks omitted). "In other words,

---

[1] On January 6, 2021, the defendant wore a green shirt inside the Capitol which stated "I'm with groyper".

if the evidence is of an act that is part of the charged offense, it is properly considered intrinsic." *Bowie*, 232 F.3d at 929.

Here, the evidence referenced in the Government's notice to the defense and Court are statements that are intrinsic to the charged crimes. At trial, to prove a violation of 18 U.S.C. § 1512(c)(2), the government will be required to prove beyond a reasonable doubt that the defendant "obstruct[ed], influence[d], or impede[d]," an official proceeding, or attempted to do so, and that she did so "corruptly." 18 U.S.C. § 1512(c)(2). To prove a defendant acted "corruptly" for purposes of Section 1512(c)(2), the government must prove the defendant acted (1) with intent to obstruct, impede, or influence; and (2) wrongfully. *See United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011) (to act "corruptly" is to act "with an improper purpose" and "with the specific intent to subvert, impede or obstruct") (quoting *United States v. Mintmire*, 507 F.3d 1273, 1289 (11th Cir. 2007)); *United States v. Gordon*, 710 F.3d 1124, 1151 (10th Cir. 2013) (same); *United States v. Watters*, 717 F.3d 733, 735 (9th Cir. 2013) (upholding jury instruction defining "corruptly" as acting with "consciousness of wrongdoing") (internal quotation marks omitted); *United States v. Matthews*, 505 F.3d 698, 705 (7th Cir. 2007) (upholding instruction defining "[c]orruptly" as acting "with the purpose of wrongfully impeding the due administration of justice"); Seventh Circuit Pattern Criminal Jury Instruction for § 1512(c) ("A person acts 'corruptly' if he or she acts with the purpose of wrongfully impeding the due administration of justice."). To prove that an attempted or actual obstruction of a congressional proceeding amounts to felony obstruction in violation of 18 U.S.C. § 1512(c)(2), the Government must therefore adduce evidence establishing beyond a reasonable doubt that a defendant acted intentionally and with "consciousness of wrongdoing." *Arthur Andersen LLP v. United States*, 544 U.S. 696, 706 (2005).

To violate Section 1512(c)(2), the Government must also satisfy a "nexus" requirement, namely, that the defendant "contemplated a particular, foreseeable proceeding, and that the

contemplated proceeding constituted an official proceeding." *United States v. Young*, 916 F.3d 368, 386 (4th Cir. 2019) (internal quotation marks omitted). "'[T]he nexus limitation is best understood as an articulation of the proof of wrongful intent that will satisfy the *mens rea* requirement of "corruptly" obstructing or endeavoring to obstruct'—that is, the first element of proving a § 1512(c)(2) charge." *Id.* at 385 n.12 (quoting *United States v. Erickson*, 561 F.3d 1150, 1159 (10th Cir. 2009)).

The defendant's activities, statements, knowledge, and ideology leading up to or shortly after the events on January 6, 2021, demonstrate her corrupt state of mind and a nexus to Congress's scheduled certification of the Electoral College vote. Namely, the defendant attended other rallies held in objection to the 2020 Presidential election that was being certified on January 6, 2021, and took interest in, followed, and even adopted imagery and beliefs associated with various movements hostile to the peaceful transfer of power from former President Trump to President Biden. The Government anticipates that witness(es) will also testify to the defendant's statements concerning her beliefs, beliefs that the defendant brought with her to the Capitol and acted upon on January 6. This evidence directly relates to the defendant's "consciousness of wrongdoing" on January 6 and the nexus between her actions and the Electoral College vote, the obstruction of which was an effort to thwart the transfer of power to President Biden. For this reason, defendant's statements, activities, knowledge, and ideology are probative of the *mens rea* element of 18 U.S.C. § 1512(c)(2) and therefore should be admitted as intrinsic evidence of that offense.

### III. To the Extent that Rule 404(b) Applies, the Evidence That the Government Seeks to Introduce Is Admissible for a Legitimate Non-propensity Purpose.

While Rule 404(b) prohibits the use of evidence of other crimes, wrongs, or acts to prove a defendant's character, evidence of other crimes, wrongs, or acts is admissible for any non-

propensity purpose, including motive, intent, plan, knowledge, and absence of mistake. *See Bowie*, 232 F.3d at 926, 930 (citing Fed. R. Evid. 404(b)).  Rule 404(b) is thus a rule of "inclusion rather than exclusion." *Bowie*, 232 F.3d at 929. Specifically, "[a]lthough the first sentence of Rule 404(b) is 'framed restrictively,' the rule itself 'is quite permissive,' prohibiting the admission of 'other crimes' evidence 'in but one circumstance' — for the purpose of proving that a person's actions conformed to his character." *Id*. at 929-30 (quoting *United States v. Crowder*, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (*en banc*) ("*Crowder II*")); *accord United States v. Cassell*, 292 F.3d 788, 792 (D.C. Cir. 2002) ("[A]ny purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character") (*quoting United States v. Miller*, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original)).

There is a two-pronged test for determining whether evidence of other acts is admissible under Rule 404(b). First, the evidence must be "probative of a material issue other than character." *Miller*, 895 F.2d at 1435 (citation omitted). Second, the evidence is subject to the balancing test of Federal Rule of Evidence 403, which renders it inadmissible only if the prejudicial effect of admitting the evidence "substantially outweighs" its probative value. *Id*. Furthermore, it is not enough that the evidence is simply prejudicial; the prejudice must be "unfair." *Cassell*, 292 F.3d at 796 (quoting *Dollar v. Long Mf'g, N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977) for the proposition that "[v]irtually all evidence is prejudicial or it isn't material. The prejudice must be "unfair."); *United States v. Pettiford*, 517 F.3d 584, 590 (D.C. Cir. 2008) ("[T]he Rule focuses on the danger of *unfair* prejudice, and gives the court discretion to exclude evidence only if that danger *substantially* outweigh[s] the evidence's probative value.") (citations and punctuation omitted) (emphasis in original). Once that two-part test is satisfied, evidence that falls within Rule 404(b) may be introduced during the government's case-in-chief, including to anticipate a defendant's denial of intent. *See United States v. Lewis*, 759 F.2d 1316, 1349 n.14 (8th Cir. 1985)

5

("It was not necessary for the government to await defendant's denial of intent or knowledge before introducing [Rule 404(b) other crimes] evidence; instead the government may anticipate the defense and introduce it in its case-in-chief"); *see also United States v. Bussey*, 432 F.2d 1330, 1333 n.13 (D.C. Cir. 1970) (noting that Rule 404(b) other crimes evidence to prove identity and to prove that prior and subsequent offenses are so identical as to mark them as handiwork of the defendant should be introduced in the government's case-in-chief).

As discussed above, the evidence referenced in the government's Rule 404(b) notice is directly relevant to the *mens rea* element of 18 U.S.C. § 1512(c)(2). In the alternative, the evidence is highly probative of the defendant's motive, intent, plan, knowledge, or absence of mistake in committing that offense, as well as the misdemeanor offenses with which Defendant stands charged. *See* Fed. R. Evid. 404(b)(2). Evidence admitted under Rule 404(b) need only to be relevant to a non-propensity purpose; that is, the evidence must have a "tendency to make" a fact of consequence "more … probable." *United States v. Smith*, No. 19-324 (BAH), 2020 WL 5995199, at *16 (D.D.C. Oct. 9, 2020) (quoting Fed. R. Evid. 401). Here, the defendant's activities, statements, and ideology leading up to January 6, 2021, are relevant to her corrupt motive to disrupt or attempt to disrupt the orderly operation of government—specifically, the January 6, 2021, vote to certify the election of President Biden. The defendant's statements and conduct make more probable her purposeful, deliberate effort to obstruct, impede, or interfere with an official Congressional proceeding.

In the same way, the statements are also probative of the defendant having knowingly and willfully entered and remained in a restricted building and grounds, engaged in disruptive and disorderly conduct with intent to impede and disrupt the orderly conduct of government, and paraded, picketed, or demonstrated in a Capitol building, elements required by the misdemeanor charges in the indictment (Counts 5-8). The defendant's statements and prior activities demonstrate

6

that her conduct on January 6, 2021—entering Capitol grounds, breaching the building as part of the first wave of rioters, encouraging and directing while inside, entering sensitive spaces, and aiding and abetting the theft of certain items—was purposeful, not mistaken or accidental, and was motivated by her beliefs. The defendant cannot credibly argue that such evidence will be offered purely for the prohibited purpose of creating an inference that the defendant is of bad character. The factfinder at trial may properly infer that the defendant's statements and conduct evinced an intent to oppose, obstruct, and/or interfere with the government, the same intent that was animating the defendant when she sought to obstruct the Certification proceeding on January 6.

The highly probative value of the government's proffered evidence is not substantially outweighed by potential prejudice to the defendant. Rule 403 "does not bar powerful, or even 'prejudicial' evidence." *Pettiford*, 517 F.3d at 590 (internal quotation marks omitted). As with any evidence admitted under Rule 404(b), there is inherent risk of prejudice to the defendant. *See United States v. Mitchell*, 49 F.3d 769, 777 (D.C. Cir. 1995). To warrant exclusion, prejudice to the defendant must be *unfair*, and the defense must show "compelling or unique" evidence of prejudice, *see id.*, distinct from the probative value of the evidence and distinct from the intrinsic prejudicial potential of any Rule 404(b) evidence.

The D.C. Circuit has consistently upheld the use of limiting instructions as a way of minimizing the residual risk of prejudice. *See, e.g.*, *United States v. Douglas,* 482 F.3d 591, 601 (D.C. Cir. 2007) (emphasizing the significance of the district court's instructions to jury on the permissible and impermissible uses of the evidence); *Pettiford*, 517 F.3d at 590 (same); *Crowder II*, 141 F.3d at 1210 (stating that mitigating instructions to jury enter into the Rule 403 balancing analysis). Thus, because the government's Rule 404(b) evidence is not unduly prejudicial and any prejudice can be addressed through an appropriate limiting instruction, its admission is appropriate.

For these reasons, the United States submits this Notice to defense counsel and the Court of its intent to introduce evidence of other crimes, wrongs, or acts, all of which is intrinsic to the charged crimes and, even if found to be extrinsic, admissible pursuant to Fed. R. Evid. 404(b).

Dated September 23, 2022.

                        Respectfully submitted,

                        MATTHEW M. GRAVES
                        UNITED STATES ATTORNEY
                        D.C. Bar No. 481 052


                        */s/ Michael M. Gordon*
                        MICHAEL M. GORDON
                        Assistant United States Attorney
                        Florida State Bar No. 1026025
                        400 N. Tampa St., Suite 3200
                        Tampa, Florida 33602
                        michael.gordon3@usdoj.gov
                        Telephone: 813-274-6370


                        */s/ Samuel S. Dalke*
                        SAMUEL S. DALKE
                        Assistant United States Attorney
                        Pennsylvania State Bar No. 311083
                        228 Walnut Street, Suite 220
                        Harrisburg, PA 17101
                        samuel.s.dalke@usdoj.gov
                        Telephone: 717-221-4453