## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **1:21-CR-618-ABJ** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **RILEY JUNE WILLIAMS** | **:** | |

### DEFENDANT'S RESPONSE TO UNITED STATES' NOTICE OF INTENT TO INTRODUCE OTHER CRIMES, WRONGS, OR ACTS OF THE DEFENDANT AS INTRINSIC EVIDENCE OR UNDER FED. R. CRIM. P. 404(b)[1]

Defendant Riley June Williams, by and through her attorneys, hereby respectfully submits this opposition to the Government's Notice of Intent to Introduce Other Crimes, Wrongs, or Acts of the Defendant as Intrinsic Evidence or under F.R.E. 404(b). ECF Doc. 77.

## I.    INTRODUCTION

In its Notice, the Government sets forth four different categories of evidence that it seeks to introduce as intrinsic to the charged crimes, or alternatively as evidence pursuant to F.R.E. 404(b). They are:

---

[1] Defendant presumes that the Government meant to cite to the Federal Rules of Evidence, not the Federal Rules of Criminal Procedure.

1)      that on December 5, 2020, Ms. Williams attended and videotaped portions of a "Stop the Steal" rally in Harrisburg, PA, which featured a speech by Nick Fuentes.

2)      that on December 12, 2020, Ms. Williams attended and videotaped portions of the "Million MAGA" rally in Washington, D.C." and that she videotaped speeches by Alex Jones and Nick Fuentes.

3)      evidence regarding Ms. Williams' alleged interest in and knowledge of the "America First" podcasts and Nick Fuentes, as well as her alleged adoption and use of imagery associated with the Groyper Army, Accelerationism, Pepe the Frog, prior violent protests, alt-right views and leaders, and claims about election fraud related to the 2020 Presidential election.[2]

4)      testimony from witnesses concerning the defendant's alleged statements about her ideology and extreme views leading up to January 6.[3]

---

[2] It is the Defendant's position that several of the areas in this broad, catch-all category supplied by the Government would require testimony by an expert to provide context and background, yet the Government has not filed any expert notices in this matter.  For example, if the Government contends that Ms. Williams followed or adopted "Accelerationism" as an ideology, the Government must proffer an expert to describe what Accelerationism is, and what conduct of Ms. Williams demonstrated an adoption of such a theory/ideology.

[3] Upon request, the Government identified certain items from discovery that the Government describes in its Notice of Intent.  Yesterday, the defense filed a motion seeking to file exhibits to this Response under seal.  As of this filing, the motion remains pending.  The exhibits are on a disk and contain selections from the Government's identified material so that this Court can see what types of evidence may be covered by this Notice, although specific exhibits have not yet been identified by the Government.

The Government's assertion that any of the above-categorized evidence is intrinsic is incorrect.  The Government alternatively posits that the evidence can be admitted pursuant to F.R.E. 404(b).  This too is incorrect.  Further, and in any event, all of the evidence referenced in the Government's motion must be excluded under F.R.E. 403 due to the evidence's prejudicial nature and potential to confuse or mislead the jury.

## II.     ARGUMENT

### A.     The Proffered Evidence is Not Intrinsic

In this Circuit, evidence is considered intrinsic when it "is of an act that is part of the charged offense" or is of "uncharged acts performed contemporaneously with the charged crime . . . if they facilitate the commission of the charged crime." *United States v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000).  In rejecting a permissive approach to defining intrinsic evidence, the D.C. Circuit reasoned that "'all relevant prosecution evidence explains the crime or completes the story' to some extent, and the fact that 'omitting some evidence would render a story slightly less complete cannot justify circumventing Rule 404(b) altogether.'" *United States v. McGill*, 815 F.3d 846, 879 (D.C. Cir. 2016) (quoting *Bowie*, 232 F.3d at 929).  Stated another way, intrinsic evidence must be more than relevant evidence, or "Rule 404(b) would be a nullity." *Bowie*, 232 F.3d at 929.

Recently, Judge Contreras considered and rejected a similar request by the Government to consider prior activities of a January 6 defendant to be intrinsic

evidence. *See United States v. Fitzsimons*, 1:21-cr-158-RC, 2022 WL 1658846 (D.

D.C. May 24, 2022).  Judge Contreras rejected the Government's contention that

the following prior acts were intrinsic to the suite of January 6 crimes with which

Fitzsimons was charged: threatening calls and voicemails made to a Congressional

representative in December 2019 and March of 2020, the first concerning Donald

Trump's first impeachment and the latter concerning COVID-19; four calls made

to Congressional offices in December of 2020 in which he referenced election

fraud; and a December 24, 2020 Facebook post containing a purported message

from the defendant calling "for able bodies" to form a caravan and drive to D.C. on

January 6, 2021. *See Fitzsimons*, 2022 WL 1658846 at *1.  The court emphasized

that none of the acts were contemporaneous, nor did they facilitate the defendant's

unlawful conduct by "helping to bring it about." *Id*. at *3.  The court further noted

that even though Fitzsimons prior acts and statements that expressed disagreement

with the presidential election and his intention to travel to D.C. on January 6 were

probative of his *mens rea* related to the obstruction of an official proceeding

charge, such evidence was not intrinsic because it was not "directly connected"

with the defendant's later alleged unlawful conduct.  *Id.*

Similarly, here, none of the four categories of evidence proffered by the

Government is intrinsic to the crimes charged in this matter.  To be sure, none of

uncharged acts were "performed contemporaneously with the charged crime," nor

did any "facilitate the commission of the charged crime."  *Id.; see also United*

*States v. Roberson*, 2022 WL 35643 at *5 (D.D.C. 2022)(quoting the Oxford English Dictionary to limit the word "facilitate" to acts that "promote, help forward or assist in bringing about a particular end or result."). Ms. Williams' attendance at prior rallies occurred in the month before January 6, and whatever podcasts Ms. Williams listened to or memes she saved on her cell phone certainly did not "facilitate" the serious crimes for which she was indicted. *See Fitzsimons*, 2022 WL 1658846 at *3 (holding that "[t]he connection between Fitzsimons's calls and Facebook post and his actions of attempting to forcibly storm the Capitol is not so direct" as to be considered intrinsic evidence).

It is evident that the Government seeks to introduce this evidence in an attempt to establish that because Ms. Williams went to prior rallies and held extreme political views, that she had the requisite "corrupt" *mens rea* to support the §1512 charge. This is exactly what F.R.E. 404(b) forbids. The Government utterly fails to explain how Ms. Williams attendance at prior rallies and her ideology are probative of a "corrupt" *mens rea*. In fact, noticeably absent from Ms. Williams pre-January 6 conduct is *any* call to action on January 6.

**B.    The Proffered Evidence is Not Appropriately Admitted under F.R.E. 404(b) and/or F.R.E. 403**

Alternatively, the Government suggests that the evidence falls within F.R.E. 404(b)(2) as proof of "motive, intent, plan, knowledge, or absence of mistake" in committing the offenses. *See* Gov't Notice, Doc. 77, pg. 6. Evidence of other

crimes, wrongs or bad acts is not admissible under F.R.E. 404(b) to prove that a person acted in accordance with a particular character trait on a particular occasion. Prior acts are only admissible if offered for a permitted purpose, such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident." *See* F.R.E. 404(b); *United States Morrow*, 2005 WL 3159572, at *3 (D.D.C. Apr. 7, 2005). Courts in this Circuit use a two-part analysis to determine admissibility of evidence under F.R.E. 404(b). *See United States v. Miller*, 895 F.2d 1431, 1435 (D.C. Cir. 1990). At step one, courts consider whether the evidence is "probative of some material issue other than character." *United States v. Clarke*, 24. F.3d 257, 264 (D.C. Cir. 1994). The proponent of the evidence must "identify a specific purpose that 'is of consequence in determining the action.'" *United States v. Caldwell*, 760 F.3d 267, 276 (3d Cir. 2014)(quoting Fed. R. Evid. 401(b)). If the evidence is relevant for a permissible purpose, courts then conduct a balancing test under F.R.E. 403, excluding all evidence if its probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *United States v. King*, 254 F.3d 1098, 1100 (D.C. Cir. 2001)(quoting Fed. R. Evid. 403).

The Government cites five of the nine exceptions in 404(b)(2). This does not meet the minimum threshold requirement that the Government "articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence." Rather, this is simply throwing everything at the wall and hoping

something sticks.  F.R.E. 404(b)(3)(B).  Moreover, the Government is required to supply "*the reasoning* that supports the purpose."  F.R.E. 404(b)(3)(B)(emphasis added).  The Government suggests that her prior activities and ideology prove her corrupt intent and that her entry into the Capitol and disruptive behavior were purposeful–not mistaken or accidental.  *Id.* at 6-7.  The jury will see everything Ms. Williams did in the Capitol because video and audio captured most of her actions.  How her beliefs and attendance at prior rallies proves her motive, intent, plan, knowledge, or absence of mistake on January 6 is perplexing.  For instance, how does her attendance at a MAGA Rally in December prove that she had "planned" to enter the Capitol on January 6?  How does her attendance at a MAGA Rally prove that she entered the Capitol "purposefully, and not by accident?"  How does her attendance at a MAGA rally prove that she had "knowledge" that there would be a protest at the Capitol and that the protestors would try to overturn the election?  The list of questions is endless while the answers are entirely absent.  The Government has not supplied the reasoning that supports the purpose.  F.R.E. 404(b)((3)(B).  Rather, the Government only offers generalities.  They cannot connect the dots.

There is no evidence linking her beliefs and actions prior to January 6 with her actions that day.  For example, if she had been at a MAGA Rally and said she adopted the beliefs and that based on what she learned and heard at the rally, she was going to storm the Capitol on January 6, then the Government's point would

have some substance.  But here, there is no relationship between her beliefs and actions prior to January 6 to prove any sort of motive, intent, plan, knowledge, or absence of mistake on January 6.   And to the extent the Government also suggests that it proves that she aided and abetted the theft of certain items and the theft was not by mistake - if someone steals something, it is purposeful and not a mistake. Her beliefs and prior attendance at rallies does nothing to further the argument that she stole anything - except to impugn her character.

In any event, all of the Government's proffered Rule 404(b) evidence fails Rule 403's prejudice-probity balancing test.  Pursuant to Rule 403, a court may exclude relevant evidence if its probative value is substantially outweighed by, *inter alia*, a danger of unfair prejudice, confusing the issues, or misleading the jury. Even assuming *arguendo*, that the Government's proffered evidence is relevant (a point which Ms. Williams does not concede), any probative value of this evidence is exceedingly low, and clearly outranked by the potential prejudice.  There is a legitimate risk that jurors will judge Ms. Williams' merely for the unpopular and extreme ideologies she has embraced in the past, rather than for the actual crimes with which she is charged.  *See Fitzsimons*, 2022 WL 1658846 at *5.

Finally, Ms. Williams notes that the Government has video and audio tapes of almost everything Ms. Williams did and said in the Capitol on January 6, 2021. Presumably, the Government will present this evidence and the jury will see this evidence.  The jury will have ample evidence to decide the guilt or innocence of

Ms. Williams.  The Government has no need to introduce such inflammatory

evidence when the jury will see for themselves exactly what Ms. Williams did and

said on January 6, 2021.[4]

Date:  October 7, 2022                              Respectfully submitted:

                                                   */s/ Lori J. Ulrich*
                                                   LORI J. ULRICH, ESQUIRE
                                                   Assistant Federal Public Defender
                                                   100 Chestnut Street, Suite 306
                                                   Harrisburg, PA 17101
                                                   Tel. No. (717) 782-2237
                                                   Fax No. (717) 782-3881
                                                   *lori_ulrich@fd.org*

                                                   */s/ A.J. Kramer*
                                                   A.J. KRAMER, ESQUIRE
                                                   Federal Public Defender
                                                   625 Indiana Avenue, NW
                                                   Washington, D.C. 20004
                                                   Tel. No. (202) 208-7500
                                                   *a._j._kramer@fd.org*

                                                   */s/Brandon R. Reish*
                                                   BRANDON R. REISH, ESQUIRE
                                                   Assistant Federal Public Defender
                                                   201 Lackawanna Avenue, Suite 317
                                                   Scranton, PA  18503
                                                   Tel. No. (570)343-6285
                                                   Fax No. (570) 343-6225
                                                   *brandon_reish@fd.org*

                                                   *Attorneys for Riley June Williams*

---

[4] Notice, at this juncture we do not know who will be called as witnesses nor what exhibits the Government will seek to introduce.  Once the parties exchange witness and exhibit lists, Ms. Williams will likely present more targeted arguments on these matters, and respectfully reserves her the right to do so.

## CERTIFICATE OF SERVICE

I, Lori J. Ulrich, Esquire, of the Federal Public Defender's Office, do hereby certify that I served a copy of the foregoing **Defendant's Opposition to the Government's Notice of Intent to Introduce Other Crimes, Wrongs, or Acts of the Defendant as Intrinsic Evidence or under F.R.E. 404(b)** via Electronic Case Filing, and/or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, and/or by hand delivery, addressed to the following:

SAMUEL DALKE, ESQUIRE
Assistant United States Attorney
*samuel.s.dalke@usdoj.gov*

MICHAEL GORDON, ESQUIRE
Assistant United States Attorney
*michael.gordon3@usdoj.gov*

RILEY JUNE WILLIAMS

Date:  October 7, 2022                    */s/ Lori J. Ulrich*
                                          LORI J. ULRICH, ESQUIRE
                                          Assistant Federal Public Defender
                                          100 Chestnut Street, Suite 306
                                          Harrisburg, PA 17101
                                          Tel. No. (717) 782-2237
                                          Fax No. (717) 782-3881
                                          lori_ulrich@fd.org
                                          *Attorney for Riley June Williams*