**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **No. 1:21-cr-618-ABJ** |
| **RILEY JUNE WILLIAMS** | |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE ADMISSION OF DEFENDANT'S STATEMENTS THAT SHE STOLE A GAVEL AND HARD DRIVE FROM SPEAKER PELOSI'S OFFICE**

The United States of America respectfully opposes the Defendant's motion *in limine* seeking to preclude the United States from introducing evidence of the Defendant's own statements that she stole a gavel and hard drive from Speaker of the House Nancy Pelosi's office while inside the U.S. Capitol on January 6, 2021. *See* ECF 72. The Court should deny the Defendant's motion because the Defendant's statements are:

1) direct evidence that she was unlawfully present inside the U.S. Capitol building on January 6, 2021, *see* Indictment, ECF 27 (Count Five);
2) direct evidence that she attempted to, and did, interfere with Congress's certification of the Electoral College vote by, among other actions, invading Speaker Pelosi's office, preventing Speaker Pelosi and her staff from working there, and stealing items that Speaker Pelosi and her staff use to do their jobs, such as the gavel, laptop computer, and/or hard drive(s), *see id.* (Count Two);
3) direct evidence that her specific intent in entering and remaining in the U.S. Capitol building, and in taking items from Speaker Pelosi's office, was to impede and disrupt government functions, *see id.* (Count Six);
4) direct evidence that she engaged in disorderly and disruptive conduct while inside the U.S. Capitol, *see id.* (Count Seven);

5) circumstantial evidence that she either stole a laptop from Speaker Pelosi's office or aided and abetted others in doing so, *see id.* (Count Four); and

6) direct evidence that she had the motive, opportunity, intent, and knowledge to either steal the laptop or aid and abet others, and that she did not mistakenly do so, *see id.* (Count Four), *see also* Fed. R. Evid. 404(b);

7) direct evidence of her identity, specifically that she is the person who recorded and posted a video documenting herself aiding and abetting the laptop theft and sent messages to others bragging about it, *see id.* (Count Four), *see also* Fed. R. Crim. P. 404(b); and finally

8) inextricably intertwined with all of her conduct while unlawfully inside Speaker Pelosi's office on January 6, 2021.

Because the Defendant's own statements are relevant direct evidence for five of the eight charged offenses, including but not limited to Count Four (the laptop theft), *see* ECF 27, as well as relevant circumstantial intrinsic evidence of Count Four and proper Rule 404(b) evidence of Count Four, the Court should admit them.

## FACTUAL BACKGROUND

Video evidence produced by mounted U.S. Capitol surveillance cameras and recorded by rioters, including Defendant Riley Williams herself, shows that on January 6, 2021, the Defendant unlawfully entered the U.S. Capitol building at a time it was restricted, encouraged other rioters to push against and breach police lines, and penetrated the offices and conference room of Speaker of the House Nancy Pelosi. Subsequently, the Defendant shared videos and photographs of her criminal activities on social media, some with captions and/or overlay text. For example, among

the videos taken by the Defendant and posted to a Discord "server"[1] were two that she captured from inside of Speaker Pelosi's office. *See Figures 1 and 2*. The first video included a close-up of a photograph of Speaker Pelosi preparing to bang her gavel; the Defendant captioned that video "this is her office." *See Figure 1*. In that video, the Defendant can be heard stating "I'm in Nancy's" office. The second video shows individuals inside Speaker Pelosi's conference room and manipulating a laptop; the Defendant captioned that video "they got the laptop." *See Figure 2*. In the second video, the Defendant can be heard stating, "Dude, put on gloves."




*Figure 1*




*Figure 2*

[1] Discord is a social media platform that allows users to engage in real-time text, video, and voice communications. In contrast to its common meaning as a device used for storing and sharing electronic data, "server" is Discord's term for a chat group or community, which can be a public or private space.

The second video is consistent with another video in the government's possession, which the government intends to introduce at trial, that captures the defendant walking into Speaker Pelosi's conference room and stating "Dude, take that fucking laptop."

Along with these videos, the Defendant also made numerous statements concerning her activities on January 6, 2021, some of which were posted to the same Discord server. Among those text statements were the three that appear below in Figures 3 and 4:




*Figure 3*




*Figure 4*

Similarly, the Defendant also bragged in person, over cell phone text message, and online to others, on and after January 6, that she stole Speaker Pelosi's gavel, laptop, and hard drive(s).

For example, the United States expects to introduce business records at trial, obtained via legal process, that contain text messages sent by the Defendant, using cell phone number [redacted]-2507, to the user of cell phone number [redacted]-1013, including:

- *January 6, 2021, at 10:49:03 p.m.*: "I stormed the building and took her hard drive;"
- *January 6, 2021, at 10:50:49 p.m.*: "Nancy's;" and
- *January 7, 2021, at 2:02:12 a.m.*: "I'm safe All they did was pepper spray me and take the gavel I stole from her office lol. Still have the HDD."[2]

Additionally, the United States intends to introduce business records and other evidence linking the -2507 number to the Defendant. Finally, the United States plans to call one or more witnesses who will testify that they personally engaged in conversations with the Defendant in which she made statements about stealing Speaker Pelosi's gavel, laptop, and/or hard drives.

While the Defendant appears to concede that her statements bragging about stealing Speaker Pelosi's <u>laptop</u> are admissible, the defendant seeks to exclude from trial all evidence concerning the Defendant's statements about stealing Speaker Pelosi's <u>gavel and hard drive(s)</u> from the same location at the same time. *See* ECF 72.

## ARGUMENT

### 1. The Defendant's Statements about Stealing the Gavel and Hard Drive(s) Are Direct, Highly Relevant Evidence of Multiple Charged Non-Theft Crimes

The Defendant's motion misinterprets the scope of the case. In seeking to preclude the United States from introducing her videos, social media posts, text messages, and oral statements in which she brags about stealing Speaker Pelosi's gavel and hard drives, the Defendant focuses solely on how those statements relate to the conduct charged in Count Four of the Indictment.

---

[2] "HDD" is a commonly used acronym for "hard disk drive."

*See* ECF 72. The Defendant argues that because Count Four only charges the Defendant with stealing—or aiding and abetting others in stealing—the laptop, her boasts about taking the gavel and hard drive are "irrelevant, highly prejudicial and improper character evidence." *Id.* at 2. The Defendant asserts that only "the theft of the laptop (not a gavel or a hard drive) . . . is 'of consequence' in this case," citing Fed. R. Evid. 401(b), because the Defendant is not charged with taking those items. The Defendant's argument, however, completely ignores that the Indictment charges with her seven other crimes beyond Count Four, and that her statements bragging about stealing the gavel and hard drive(s) are direct, highly relevant evidence of at least four more of them: Counts Two (Obstruction of an Official Proceeding), Five (Entering and Remaining in a Restricted Building or Grounds), Six (Disorderly and Disruptive Conduct in a Restricted Building or Grounds), and Seven (Disorderly Conduct in a Capitol Building).

As the Defendant acknowledges, Fed. R. Evid. 401 states that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Id.*

Here, Count Five provides the simplest, clearest illustration of how the Defendant's statements about stealing Speaker Pelosi's gavel and hard drive(s) are relevant, direct evidence of a charged crime. Count Five charges the Defendant with knowingly entering or remaining in a restricted area within the U.S. Capitol and its grounds, in violation of 18 U.S.C. § 1752(a)(1). Accordingly, whether the Defendant entered or remained in the U.S. Capitol building, including Speaker Pelosi's office, on January 6, 2021, is a fact "of consequence in determining" this case. Fed. R. Evid. 401(b). In order for the Defendant to have taken Speaker Pelosi's gavel and/or hard drive(s) on January 6, 2021, the Defendant would have had to have been physically present inside the U.S. Capitol building, specifically Speaker Pelosi's office, where those items resided. Thus, the Defendant's own text messages—sent on the evening of January 6 and in the early

morning hours on January 7—about taking the gavel and hard drive(s), in which she implicitly admits being inside Speaker Pelosi's office that day, make it "more probable . . . than it would be without the evidence" that she did indeed unlawfully enter the U.S. Capitol on January 6, 2021, and commit the crime charged in Count Five.

Similarly, Counts Six and Seven charge the Defendant with engaging in disorderly and/or disruptive conduct while inside the U.S. Capitol building on January 6, 2021, and that her conduct impeded or disrupted government business or official functions, in violation of 18 U.S.C. § 1752(a)(2) (Count Six), or a session, hearing, or deliberation of Congress, in violation of 40 U.S.C. § 5140(e)(2)(D) (Count Seven). It is obvious that stealing tools, mementos, and/or equipment from Speaker Pelosi's office constitutes disorderly or disruptive conduct, and that Speaker Pelosi's office is located within the U.S. Capitol building. It is equally obvious that physically occupying Speaker Pelosi's office, not to mention taking those items, disrupted Congress's effort to certify the 2020 Electoral College vote. As such, the Defendant's statements about taking the gavel and/or hard drive(s) are direct, relevant evidence that she is guilty of Counts Six and Seven.

**2. The Defendant's Statements about Stealing Speaker Pelosi's Gavel and Hard Drive Are Inextricably Intertwined with Her Other Conduct Inside Speaker Pelosi's Office, Including Her Role in the Theft of the Laptop, and Thus Not Subject to Rule 404(b)**

The Defendant is correct that Count Four only charges her with stealing, or aiding and abetting the theft of, a laptop computer from Speaker Pelosi's office and not the gavel and/or hard drive(s). But that does not make her statements concerning the gavel and hard drive(s) irrelevant to the government's proof of Count Four or inadmissible. Indeed, the Defendant's statements about taking the gavel and hard drives are inextricably intertwined with her statements and videos about stealing the laptop from the same place at the same time. The

Defendant's statements concerning the gavel and hard drives are thus intrinsic evidence of Count Four and should neither be excluded nor analyzed under Fed. R. Evid. 404(b). *See United States v. Bowie*, 232 F.3d 923, 927 (D.C. Cir. 2000).

As articulated in *Bowie*, the leading case on the issue, the D.C. Circuit Court of Appeals takes a narrower view of intrinsic evidence than most appellate courts. *See id.* (criticizing the distinction between "intrinsic" and "extrinsic" evidence used by many courts to avoid the balancing requirements of Rule 403). Nevertheless, the D.C. Circuit recognizes "that (at least) two types of evidence may properly be considered 'intrinsic,' that is, not subject to Rule 404(b): (1) evidence 'of an act that is part of the charged offense'; and (2) evidence of 'acts performed contemporaneously with the charged crime . . . [that] facilitate the commission of the charged crime.'" *United States v. Edwards*, 889 F. Supp. 2d 47, 49-50 (D.D.C. 2012) (quoting *Bowie*, 232 F.3d at 929).

Here, the Defendant's statements fall into both of the intrinsic evidence categories identified by *Bowie*. First, the Defendant's claimed theft of the gavel and hard drives is "part of the charged offense," i.e. her theft of the laptop or her efforts to aid and abet another rioter's theft of it. The Defendant's references to stealing Speaker Pelosi's "hard drives," *see Figure 4*, and possessing Speaker Pelosi's "HDD", *see January 7 text message*, *supra*, are ambiguous. An internal hard drive is a component of virtually every computer; because it stores the computer's data, some people view and/or refer to the hard drive as synonymous with the computer itself. In contrast, an external hard drive is a device that can be connected to a computer via a port to increase the computer's storage capacity. It is reasonable for the United States to argue, and/or for the jury to infer, that the Defendant's statements about stealing Speaker Pelosi's "hard drives" and maintaining possession of her "HDD" the next day refer to an internal hard drive (i.e. the laptop computer) and not a separate device (i.e. an external hard drive).

Even assuming that the Defendant's claims of stealing "hard drives" and possessing Speaker Pelosi's "HDD" refer to a separate device from the laptop, the Defendant's statements concerning the gavel and hard drive(s) also fall into the second category of intrinsic evidence identified in *Bowie*. According to the Defendant's own words, she stole the gavel and hard drive(s) from Speaker Pelosi's office at the same time she took the laptop from there, or aided and abetted others in doing so (such as by instructing other rioters to take the laptop and also urging them to put on gloves, so as to not leave behind fingerprints that could be used to identify them). It is reasonable for the United States to argue, and/or for the jury to infer, that the Defendant's theft of the gavel and hard drive(s) "facilitated" the theft of the laptop by creating a permission structure or inspiring others to take things; by demonstrating how to sneak things out of Speaker Pelosi's office and the U.S. Capitol building; and/or by obscuring what was stolen from investigators.

Because the Defendant's statements about the gavel, "hard drives," and "HDD" are inextricably intertwined with all of her conduct inside Speaker Pelosi's office, and because they fall into at least one of the categories identified by *Bowie*, the Court should admit them. No Rule 404(b) analysis is necessary. *See United States v. Coughlin*, 821 F. Supp. 2d 35, 45 (D.D.C. 2011). It should be up to the jury to determine the significance of the Defendant's statements with respect to the charged crimes, including Count Four (i.e., for Count Four, whether "hard drives" and "HDD" refers to the laptop or a separate device and/or whether the Defendant's claimed theft of the "hard drives"/"HDD" facilitated the theft of the laptop, by herself or others).

**3. Even Under Rule 404(b), the Defendant's Statements Are Admissible as Evidence of Her Opportunity, Intent, Knowledge, Lack of Mistake, and Identity**

Even if the Court finds that the Defendant's statements about the gavel and hard drive(s) do not fall into either of the *Bowie* categories of intrinsic evidence, and thus finds that the

statements must be analyzed—at least with respect to Count Four—under Rule 404(b), the Court should still admit them. "Rule 404(b) is a rule of inclusion rather than exclusion." *Bowie*, 232 F.3d at 929. "Rule 404(b) functions as a mechanism for the admission of character evidence for particular purposes, not as a mechanism to exclude evidence." *Coughlin*, 821 F. Supp. 2d at 45.

The United States does not seek to admit the statements to show the Defendant's bad character or improperly suggest propensity. Instead, the United States will use the Defendant's own words to show that she had the opportunity to steal items from Speaker Pelosi's office, including the laptop, gavel, and hard drive(s); that she had the willful intent to steal items from Speaker Pelosi's office and permanently deprive Speaker Pelosi, her staff, and the government, of their use; that she had knowledge of where she was (in Speaker Pelosi's office), what she was doing (taking the items), and to whom they belonged (Speaker Pelosi, her staff, and the government); and that her thefts were not a mistake but rather deliberate acts. None of these are improper propensity purposes.

Moreover, some of the government's most powerful evidence, across all eight counts in the Indictment, was produced by the Defendant herself. The United States intends to introduce videos she recorded as she roamed the U.S. Capitol building, text messages and other written communications she sent/posted before, during, and after, and statements she made in conversations with others. The defendant may try to raise an identity defense to one or more of those pieces of evidence. She may claim that someone else recorded the videos, not her, and that they thus capture someone else's movements and actions in the U.S. Capitol. She may claim that someone else sent the text messages or other written communications using her device. Or she may claim that someone impersonated her online or in oral conversations with others. The Defendant's statements about stealing the gavel and hard drive(s) undercut any such identity-based defense. Her statements corroborate that she was the one filming herself inside Speaker

Pelosi's office; in their consistency across platforms, they corroborate that the same person (i.e. the Defendant, not an impersonator) sent text messages via the -2507 cell phone number, posted to Discord, and communicated orally with her associates. This separate, non-propensity purpose further establishes the admissibility of the Defendant's statements, even if the Court undertakes a Rule 404(b) analysis with respect to their application to Count Four.

**4. Admission of the Defendant's Statements about Stealing the Gavel and Hard Drive(s) Is Not *Unfairly* Prejudicial**

Finally, the defendant contends that even if her statements bragging about stealing the gavel and/or hard drives are relevant, they should be excluded under Fed. R. Evid. 403. ECF 72 at 2-3. The United States acknowledges that while "evidence should be admitted if relevant . . . relevant evidence may be excluded if unfairly prejudicial." *United States v. Rogers*, 918 F.2d 207, 209 (D.C. Cir. 1990) (citing *Huddleston v. United States*, 485 U.S. 681, 687 (1988)). Nevertheless, evidence is not "unfairly prejudicial" merely because it reflects poorly on the Defendant, is damaging to the defense, or implicates the Defendant in criminal activity, charged or uncharged. "Unfair prejudice as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be unfair." *United States v. Cassell*, 292 F.3d 788, 796 (D.C. Cir. 2002); *see also United States v. Gartmon*, 146 F.3d 1015, 1021 (D.C. Cir. 1998) (Rule 403 "does not bar powerful, or even 'prejudicial' evidence. Instead, the Rule focuses on the 'danger of *unfair* prejudice.'") (emphasis in original).

Here, it is not *unfairly* prejudicial to use the Defendant's own words boasting about stealing the gavel and/or hard drive(s) from Speaker Pelosi's office against her in the manner the United States intends, as described above. The only potential unfairness the Defendant identifies in her motion is the fact that Count Four does not explicitly charge the Defendant with stealing

the gavel and hard drive(s). But as the United States detailed above, not only are her statements relevant to Count Four and admissible for non-propensity purposes, but also the case contains seven other counts that that the Defendant does not address whatsoever, and her statements are direct relevant evidence for many of those counts.

While the Defendant's Discord posts, text messages, and oral communications may be highly damaging to her defense, it is not unfair to use them to prove she was unlawfully inside the U.S. Capitol building, including Speaker Pelosi's office, on January 6, 2021. It is not unfair to use her statements to prove that she engaged in disorderly or disruptive conduct that interfered with Congress's official government business. It is not unfair to use her statements to show that she had the opportunity and intent to steal the laptop, or aid and abet others stealing it, and that she did not act mistakenly. It is not unfair to use her own words to undercut any identity-based defense. And it is not unfair to use her boasts about stealing the gavel and hard drive(s) to show that at the same time she also stole a laptop, or aided and abetted others in stealing it.

**CONCLUSION**

For the reasons set forth herein, the United States respectfully requests that this Court deny the Defendant's motion *in limine*, ECF 72, and permit the United States to admit evidence of the Defendant's statements concerning her role in taking a gavel and hard drive(s) from Speaker Pelosi's office on January 6, 2021.

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481 052

*/s/ Michael M. Gordon*
MICHAEL M. GORDON
Assistant United States Attorney
Florida State Bar No. 1026025
400 N. Tampa St., Suite 3200

Tampa, Florida 33602
michael.gordon3@usdoj.gov
Telephone: 813-274-6370

*/s/ Samuel S. Dalke*
SAMUEL S. DALKE
Assistant United States Attorney
Pennsylvania State Bar No. 311083
228 Walnut Street, Suite 220
Harrisburg, PA 17101
samuel.s.dalke@usdoj.gov
Telephone: 717-221-4453