IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 1:21-CR-00618 |
| | : | |
| v. | : | (Judge Berman Jackson) |
| | : | |
| RILEY JUNE WILLIAMS | : | (Electronically Filed) |

**DEFENDANT'S REPLY BRIEF IN FURTHER SUPPORT OF
MOTION *IN LIMINE* TO PRECLUDE TESTIMONY OR EVIDENCE**

The Defendant, Riley June Williams, by and through her attorneys, hereby submits this reply brief in further support of her motion *in limine* to preclude certain testimony or evidence. (Doc. 72).

**I.   MS. WILLIAMS DOES NOT DISPUTE HER PRESENCE IN THE CAPITOL ON JANUARY 6 NOR ARE HER STATEMENTS EVIDENCE OF OBSTRUCTION, ENTERING AND REMAINING IN A RESTRICTED BUILDING/GROUNDS OR DISORDERLY CONDUCT**

The Government argues that Ms. Williams' statements are "highly relevant evidence" to the non-theft crimes with which she is charged: Obstruction of an Official Proceeding (Count 2); Entering and Remaining in a Restricted Building or Grounds (Count 5); Disorderly and Disruptive Conduct in a Restricted Building or Grounds (Count 6); and Disorderly Conduct in a Capitol Building (Count 7). The Government also argues that the statements demonstrate that Ms. Williams had the opportunity to steal the Speaker's laptop and are thus admissible under F.R.E.

404(b).  (Doc. 86, p. 10). The Government's position, however, fails to consider the elements of the charged crimes and that Ms. Williams' presence in the Speaker's office is undisputed.

The Government argues that Ms. Williams' post-January 6 statements that she took a gavel or a hard drive from Speaker Pelosi's office is direct evidence of her presence in the Capitol on January 6.  However, the Government need not prove this fact, because Ms. Williams admits her presence at the Capitol and in Speaker Pelosi's office suite on January 6. Moreover, there is a quantity of video and photographic evidence of Ms. Williams in the Capitol on January 6, showing that she was there and depicting exactly what she said and did. Ms. Williams is not, as the Government posits (Doc. 86, p. 10), raising an "identity defense." In any event, Ms. Williams' later-made statements are certainly not the best evidence to prove her presence on January 6.  *See* Fed. R. Evid. 1002.

Further, Ms. Williams' statements about uncharged thefts are not relevant to the disorderly conduct charges in the least. As to Counts 6 and 7, the jury will be likely charged that disorderly conduct:

> occurs when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person.

*See* Final Jury Instructions, *United States v. Jensen*, 1:21-cr-6-TJK, Doc. 97

at pp. 38-39 (September 23, 2022); *United States v. Hale-Cusanelli*, 1:21-cr-37-TNM, Doc. 84, p. 34 (May 27, 2022).  The jury charge will likely define "disruptive conduct" as "a disturbance that interrupts an event, activity, or the normal course of a process." *Id.*  Nowhere in these definitions does theft qualify as a form of disorderly conduct.  *See United States v. Mazanetz*, 1995 U.S. App. LEXIS 19192 at *11 (7th Cir. 1995)("Theft, the taking of another's property with the intent to permanently deprive that person of ownership is clearly distinct from [disorderly conduct].").  Permitting the Government to present Ms. Williams' statements about an uncharged theft to prove disorderly conduct would inexcusably confuse the jury on those charges.  *See* Fed. R. Evid. 403.

Finally, it strains credulity for the Government to argue that Ms. Williams' statements about the uncharged theft of a ceremonial gavel, made after the events of January 6, are direct evidence of her intent to obstruct the Electoral College Certification, a felony charge that carries a twenty-year statutory maximum.

## II.      THE GOVERNMENT MISAPPREHENDS THE MEANING OF INTRINSIC EVIDENCE

The Government posits that Ms. Williams' comments regarding the *uncharged* theft of a gavel or hard drive is "part of the charged offense."  (Doc. 86, p. 8).  To be sure, in Count 4, Ms. Williams is only charged with the theft of the Speaker's laptop, or aiding and abetting its theft.  The Government simply does not

and cannot explain how the uncharged thefts are "part of" the charged one. Rather, the Government argues that Ms. Williams, a tech-savvy millennial, would somehow conflate the names of the two very different electronic devices, and that when she states she took Speaker Pelosi's hard drives, she actually meant she took her laptop. The Government is grasping to argue Ms. Williams' statements are intrinsic, because it knows that the laptop was not taken by Ms. Williams, but was taken by a still-unidentified male, who is depicted in at least two videos with his hands on the laptop computer, pushing it towards his backpack. Further, two other January 6 defendants who were in Speaker Pelosi's office and are depicted in the same videos, have stated in interviews with the FBI that a male took the computer and they assisted him in doing so. Since the Government has failed to identify the actual laptop thief, it wants to ensure a conviction of Ms. Williams for the theft, resorting to introducing Ms. Williams' braggy and self-aggrandizing statements about pilfering other items from the Speaker's office to prove the laptop theft. Given the D.C. Circuit's narrow interpretation of intrinsic evidence, *see United States v. Bowie*, 232 F.3d 923, 928 (D.C. Cir. 2000), this should not be permitted.

    WHEREFORE, the defendant, Riley June Williams, respectfully requests that this Honorable Court issue an Order precluding the government from introducing any evidence or testimony at trial concerning Ms. Williams' statements

or references to taking a gavel and/or a hard drive(s) from Speaker Pelosi's office on January 6.

                                      Respectfully submitted,

Date:  October 14, 2022                */s/ Lori J. Ulrich*
                                            LORI J. ULRICH, ESQUIRE
                                            Assistant Federal Public Defender
                                            Attorney ID #55626
                                            100 Chestnut Street, Suite 306
                                            Harrisburg, PA 17101
                                            Tel. No. (717) 782-2237
                                            Fax No. (717) 782-3881
                                            *lori_ulrich@fd.org*

                                            */s/ A.J. Kramer*
                                            A.J. KRAMER, ESQUIRE
                                            Federal Public Defender
                                            625 Indiana Avenue, NW
                                            Washington, D.C. 20004
                                            Tel. No. (202) 208-7500
                                            *a._j._kramer@fd.org*

                                            *s/Brandon R. Reish*
                                            BRANDON R. REISH, ESQUIRE
                                            Assistant Federal Public Defender
                                            Attorney ID# PA 91518
                                            201 Lackawanna Avenue, Suite 317
                                            Scranton, PA  18503
                                            Tel. No. (570)343-6285
                                            Fax No. (570) 343-6225
                                            *brandon_reish@fd.org*

                                            *Attorneys for Riley June Williams*

## CERTIFICATE OF SERVICE

I, Lori J. Ulrich, Esquire, of the Federal Public Defender's Office, do hereby certify that I served a copy of the foregoing **Reply Brief in Further Support of Motion to Preclude Testimony or Evidence** via Electronic Case Filing, and/or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, and/or by hand delivery, addressed to the following:

SAMUEL DALKE, ESQUIRE
Assistant United States Attorney
*samuel.s.dalke@usdoj.gov*

MICHAEL GORDON, ESQUIRE
Assistant United States Attorney
*Michael.gordon3@usdoj.gov*

RILEY JUNE WILLIAMS

Date:  October 14, 2022        */s/ Lori J. Ulrich*
LORI J. ULRICH, ESQUIRE
Assistant Federal Public Defender
Attorney ID #55626
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-2237
Fax No. (717) 782-3881
lori_ulrich@fd.org
*Attorney for Riley June Williams*