UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.                                                      No. 1:21-cr-618 (ABJ)

RILEY JUNE WILLIAMS

## **PROPOSED JURY INSTRUCTIONS**

The parties submit the attached Proposed Jury Instructions, using brackets to indicate options for the Court. All instructions are from Criminal Jury Instructions for the District of Columbia (Fifth Edition, 2021 Release) (the "Redbook"), unless otherwise noted. The defendant's objections appear in red font.

The parties respectfully request leave of Court to submit supplemental proposed jury instructions as may be necessary to conform to the evidence introduced at trial.

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

/s/ Michael M. Gordon
MICHAEL M. GORDON
Assistant United States Attorney
Florida State Bar No. 1026025
400 N. Tampa St., Suite 3200
Tampa, Florida 33602
Tel. No.:  (813) 274-6370
michael.gordon3@usdoj.gov

/s/ Lori J. Ulrich
LORI J. ULRICH
Assistant Federal Public Defender
Attorney ID #55626
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-2237
lori_ulrich@fd.org

/s/ Samuel S. Dalke
SAMUEL S. DALKE
Assistant United States Attorney
Pennsylvania State Bar No. 311083
228 Walnut Street, Suite 220
Harrisburg, PA 17101
Tel. No.: (717) 221-4453
samuel.s.dalke@usdoj.gov

/s/ Brandon R. Reish
BRANDON R. REISH
Assistant Federal Public Defender
Attorney ID# PA 91518
201 Lackawanna Avenue, Suite 317
Scranton, PA 18503
Tel. No. (570)343-6285
brandon_reish@fd.org

# <u>TABLE OF CONTENTS</u>

1. 102 Preliminary Instruction Before Trial.............................................................................1

2.100 Furnishing the Jury with a Copy of the Instructions...........................................................11

2.101 Function of the Court..........................................................................................................12

2.102 Function of the Jury............................................................................................................13

2.103 Jury's Recollection Controls..............................................................................................14

2.104 Evidence in the Case—Judicial Notice & Stipulations......................................................15

2.105 Statements of Counsel.........................................................................................................16

2.106 Indictment Not Evidence....................................................................................................17

2.107 Burden of Proof—Presumption of Innocence....................................................................18

2.108 Reasonable Doubt...............................................................................................................19

2.109 Direct and Circumstantial Evidence ..................................................................................20

2.110 Nature of Charges Not to Be Considered ...........................................................................21

2.111 Number of Witnesses..........................................................................................................22

2.112 Inadmissible and Stricken Evidence ..................................................................................23

2.200 Credibility of Witnesses.....................................................................................................24

2.207 Police Officer's Testimony ................................................................................................26

2.208 Right of Defendant Not to Testify ......................................................................................27

2.209 Defendant as Witness..........................................................................................................28

2.216 Evaluation of Prior Inconsistent Statement of a Witness...................................................29

2.217 Evaluation of Prior Consistent Statement of a Witness .....................................................30

2.218 Impeachment by Proof of Conviction of a Crime – Witness..............................................31

2.219 Impeachment by Proof of Pending Case, Probation, or Parole -- Witness .........................32

2.310 Transcripts of Recordings...................................................................................................33

3.101 Proof of State of Mind .......................................................................................................34

2.402 Multiple Counts—One Defendant ...................................................................................35

Count One Civil Disorder (Violation of 18 U.S.C. § 231(a)(3)) ...............................................36

Count Two Obstruction of an Official Proceeding and Aiding and Abetting (Violation of 18 U.S.C. §§ 1512(c)(2) and 2) .................................................................................................40

Count Three Assault, Resisting, or Impeding Certain Officers (Violation of 18 U.S.C. § 111(a)(1)) ............................................................................................................................46

Count Four Theft of Government Property and Aiding and Abetting (Violation of 18 U.S.C. §§ 641 and 2) .......................................................................................................................50

3.200 Aiding and Abetting.........................................................................................................52

Count Five Entering and Remaining in a Restricted Building or Grounds (Violation of 18 U.S.C. § 1752(a)(1)) ...........................................................................................................56

Count Six Disorderly Conduct in a Restricted Building or Grounds (Violation of 18 U.S.C. § 1752(a)(2)) .........................................................................................................................58

Count Seven Disorderly Conduct in a Capitol Building (Violation of 40 U.S.C. § 5104(e)(2)(D))....................................................................................................................60

Count Eight Parading, Demonstrating, or Picketing in a Capitol Building (Violation of 40 U.S.C. § 5104(e)(2)(G))........................................................................................................62

1.105B Notetaking by Jurors .....................................................................................................65

2.405 Unanimity ........................................................................................................................66

2.407 Verdict Form Explanation................................................................................................67

2.500 Redacted Exhibits ...........................................................................................................68

2.501 Exhibits During Deliberations .........................................................................................69

2.502 Selection of Foreperson ..................................................................................................70

2.505 Possible Punishment Not Relevant .................................................................................71

2.508 Cautionary Instruction on Publicity, Communication, and Research................................72

2.509 Communication Between Court and Jury During Jury's Deliberations .............................73

2.510 Attitude and Conduct of Jurors in Deliberations .............................................................74

2.511 Excusing Alternate Jurors................................................................................................75

**1.102**
**Preliminary Instruction Before Trial**

**Introduction**

Before we begin the trial, I want to explain some of the legal rules that will be important in this trial. I want to emphasize that these remarks are not meant to be a substitute for the detailed instructions that I will give at the end of the trial just before you start your deliberations. These preliminary instructions are intended to give you a sense of what will be going on in the courtroom and what your responsibilities as jurors will be.

**Notetaking[1]**

When you took your seats, you probably noticed that each of you had a notebook and pencil waiting for you. That is because I permit jurors to take notes during trial if they wish. Whether you take notes or not is entirely up to you. Many people find that taking notes helps them remember testimony and evidence; others find it distracts them from listening to the witnesses.

You will be permitted to take your notebooks back with you into the jury room during deliberations. You should remember, however, that your notes are only an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who do not take notes should rely on their own memory of the evidence and should not be influenced by another juror's notes.

Other than during your deliberations, the notebooks will remain locked in the courtroom during recesses and overnight. You will not be able to take the notebooks with you as you come and go and you will not be permitted to take them home with you overnight. At the end of the

---

[1] Redbook 1.105

1

trial, when you come back to the courtroom to deliver your verdict, your notebooks will be collected, and the pages torn out and destroyed. No one, including myself, will ever look at any notes you have taken, so you may feel free to write whatever you wish.

### Identity of Alternates[2]

You have probably noticed that there are sixteen (16) of you sitting in the jury box. Only twelve (12) of you will retire to deliberate in this matter. Before any of you even entered the courtroom, we randomly selected the alternates' seats. I will not disclose who the alternate jurors are until the end of my final instructions just before you begin your deliberations. As any seat might turn out to be an alternate's seat, it is important that each of you think of yourselves as regular jurors during this trial, and that all of you give this case your fullest and most serious attention.

Now let me explain briefly some of the procedures we will follow and some of the rules of law that will be important in this case. This is a criminal case that began when the grand jury returned an indictment.

The defendant in this case, Riley June Williams, is charged with 8 crimes relating to her conduct on the grounds of the United States Capitol on January 6, 2021.  Count One charges the defendant with obstructing, impeding, and interfering with law enforcement officers from the United States Capitol Police or District of Columbia Metropolitan Police Department, during a civil disorder.  Count Two charges the defendant with obstruction of an official proceeding, that is, Congress's meeting at the U.S. Capitol on January 6, 2021, to certify the Electoral College vote for president, or aiding and abetting others in doing so.  Count Three charges the defendant with assaulting, resisting, opposing, impeding, intimidating, or interfering with law enforcement

---

[2] Redbook 1.107

2

officers.  Count Four charges the defendant with theft of government property or aiding and abetting others in such a theft.  Counts Five through Eight charge the defendant with crimes related to her presence and conduct on the Capitol grounds including disorderly and disruptive conduct and entering and remaining in a restricted area.  The defendant has pleaded not guilty to all charges.

You should understand clearly that the indictment that I just summarized is not evidence. The indictment is just a formal way of charging a person with a crime in order to bring him or her to trial. You must not think of the indictment as any evidence of the guilt of the defendant, or draw any conclusion about the guilt of the defendant just because she has been indicted.

At the end of the trial, you will have to decide whether or not the evidence presented has convinced you beyond a reasonable doubt that the defendant committed the offenses with which she has been charged. The defendant has been charged with 8 counts relating to her alleged conduct on January 6, 2021. For each offense, the government must prove beyond a reasonable doubt each of the elements of that offense. These elements will be explained to you at the end of the trial.

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until she is proven guilty beyond a reasonable doubt. The burden is on the government to prove the defendant guilty beyond a reasonable doubt, and that burden of proof never shifts throughout the trial. The law does not require a defendant to prove her innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which the defendant is charged, it is your duty to find her guilty of that offense. On the other

hand, if you find that the government has failed to prove any element of a particular offense beyond a reasonable doubt, you must find the defendant not guilty of that offense.

As I explain how the trial will proceed, I will refer to the "government" and to the "defense" or the "defendant." When I mention the "government," I am referring to Assistant United States Attorneys Sam Dalke and Mike Gordon, who represent the United States of America. When I mention the defendant or the defense, I am referring either to the defendant, Riley June Williams, or her attorneys, Assistant Federal Public Defenders Lori Ulrich and Brandon Reish.

As the first step in this trial, the government and the defendant will have an opportunity to make opening statements. The defendant may make an opening statement immediately after the government's opening statement or she may wait until the beginning of the defendant's case, or she may choose not to make an opening statement at all. You should understand that the opening statements are not evidence. They are only intended to help you understand the evidence that the lawyers expect will be introduced.

After the opening statement or statements, the government will put on what is called its case-in-chief. This means that the government will call witnesses to the witness stand and ask them questions. This is called direct examination. When the government is finished, the defense may ask questions. This is called cross-examination. When the defense is finished, the government may have brief re-direct examination. After the government presents its evidence, the defendant may present evidence, but she is not required to do so. The law does not require a defendant to prove her innocence or to produce any evidence. If the defense does put on evidence, Ms. Ulrich or Mr. Reish will call witnesses to the stand and ask questions on direct examination, the government will cross-examine, and Ms. Ulrich or Mr. Reish may have brief re-

direct examination. When the defense is finished, the government may offer a rebuttal case, which would operate along the same lines as its case-in-chief.

At the end of all the evidence, I will instruct you once more on the rules of law that you are to apply in your deliberations when you retire to consider your verdict in this case. Then each side will have a chance to present closing arguments in support of its case. The statements of the lawyers in their closing arguments, just as in their questions and in their opening statements, are not evidence in this case. They are intended only to help you understand the evidence and what each side claims the evidence shows. Finally, at the end of the closing arguments, I will have a few additional instructions for you before you begin your deliberations.

I want to briefly describe my responsibilities as the judge and your responsibilities as the jury. My responsibility is to conduct this trial in an orderly, fair, and efficient manner, to rule on legal questions that come up in the course of the trial, and to instruct you about the law that applies to this case. It is your sworn duty as jurors to accept and apply the law as I state it to you.

Your responsibility as jurors is to determine the facts in the case. You—and only you— are the judges of the facts. You alone determine the weight, the effect, and the value of the evidence, as well as the credibility or believability of the witnesses. You must consider and weigh the testimony of all witnesses who appear before you. You alone must decide the extent to which you believe any witness.

You must pay very careful attention to the testimony of all of the witnesses because you will not have any transcripts or summaries of the testimony available to you during your deliberations. You will have to rely entirely on your memory and your notes if you choose to take any.

5

During this trial, I may rule on motions and objections by the lawyers, make comments to lawyers, question the witnesses, and instruct you on the law. You should not take any of my statements or actions as any indication of my opinion about how you should decide the facts. If you think that somehow I have expressed or even hinted at any opinion as to the facts in this case, you should disregard it. The verdict in this case is your sole and exclusive responsibility.

You may consider only the evidence properly admitted in this case. That evidence includes the sworn testimony of witnesses and the exhibits admitted into evidence. Sometimes a lawyer's question suggests the existence of a fact, but the lawyer's question alone is not evidence. If the evidence includes anything other than testimony and exhibits, I will instruct you about these other types of evidence when they are admitted during the trial.

During the trial, if the court or a lawyer makes a statement or asks a question that refers to evidence that you remember differently, you should rely on your memory of the evidence during your deliberations.

The lawyers may object when the other side asks a question, makes an argument, or offers evidence that the objecting lawyer believes is not properly admissible. You must not hold such objections against the lawyer who makes them or the party he or she represents. It is the lawyer's responsibility to object to evidence that they believe is not admissible.

If I sustain an objection to a question asked by a lawyer, the question must be withdrawn, and you must not guess or speculate what the answer to the question would have been. If a question is asked and answered, and I then rule that the answer should be stricken from the record, you must disregard both the question and the answer in your deliberations. You should follow this same rule if any of the exhibits are stricken.

You are not permitted to discuss this case with anyone until this case is submitted to you for your decision at the end of my final instructions. This means that, until the case is submitted to you, you may not talk about it even with your fellow jurors. This is because we don't want you making decisions until you've heard all the evidence and the instructions of law. In addition, you may not talk about the case with anyone else. It should go without saying that you also may not write about the case electronically through any blog, posting, or other communication, including "social networking" sites such as Facebook or Twitter until you have delivered your verdict and the case is over. This is because you must decide the case based on what happens here in the courtroom, not on what someone may or may not tell you outside the courtroom. I'm sure that, when we take our first recess, you will call home or work and tell them you have been selected for a jury. They will undoubtedly ask what kind of case you're sitting on. You may tell them it is a criminal case, but nothing else. Now, when the case is over, you may discuss any part of it with anyone you wish, but until then, you may not do so.

Although it is a natural human tendency to talk with people with whom you may come into contact, you must not talk to any of the parties, their attorneys, or any witnesses in this case during the time you serve on this jury. If you encounter anyone connected with the case outside the courtroom, you should avoid having any conversation with them, overhearing their conversation, or having any contact with them at all. For example, if you find yourself in a courthouse corridor, elevator, or any other location where the case is being discussed by attorneys, parties, witnesses, or anyone else, you should immediately leave the area to avoid hearing such discussions. If you do overhear a discussion about the case, you should report that to me as soon as you can. Finally, if you see any of the attorneys or witnesses involved in the

case and they turn and walk away from you, they are not being rude; they are merely following the same instruction that I gave to them.

It is very unlikely, but if someone tries to talk to you about the case, you should refuse to do so and immediately let me know by telling the clerk or the marshal. Don't tell the other jurors; just let me know, and I'll bring you in to discuss it.

Between now and when you are discharged from jury duty, you must not provide to or receive from anyone, including friends, co-workers, and family members, any information about your jury service. You may tell those who need to know where you are, that you have been picked for a jury, and how long the case may take. However, you must not give anyone any information about the case itself or the people involved in the case. You must also warn people not to try to say anything to you or write to you about your jury service or the case. This includes face-to-face, phone, or computer communications.

In this age of electronic communication, I want to stress that you must not use electronic devices or computers to talk about this case, including tweeting, texting, blogging, e-mailing, posting information on a website or chat room, or any other means at all. Do not send or accept messages, including email and text messages, about your jury service. You must not disclose your thoughts about your jury service or ask for advice on how to decide any case.

You must decide the facts based on the evidence presented in court and according to the legal principles about which I will instruct you. You are not permitted, during the course of the trial, to conduct any independent investigation or research about the case. That means, for example, you cannot use the Internet to do research about the facts or the law or the people involved in the case. Research includes something even as simple or seemingly harmless as

using the Internet to look up a legal term or view a satellite photo of the scene of the alleged crime.

I want to explain the reasons why you should not conduct your own investigation. All parties have a right to have the case decided only on evidence and legal rules that they know about and that they have a chance to respond to. Relying on information you get outside this courtroom is unfair because the parties would not have a chance to refute, correct, or explain it. Unfortunately, information that we get over the Internet or from other sources may be incomplete or misleading or just plain wrong. It is up to you to decide whether to credit any evidence presented in court and only the evidence presented in court may be considered. If evidence or legal information has not been presented in court, you cannot rely on it.

Moreover, if any of you do your own research about the facts or the law, this may result in different jurors basing their decisions on different information. Each juror must make his or her decision based on the same evidence and under the same rules.

In some cases, there may be reports in the newspaper or on the radio, Internet, or television concerning the case while the trial is ongoing. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention during trial, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

After I submit the case to you, you may discuss it only when I instruct you to do so, and only in the jury room and only in the presence of all your fellow jurors. It is important that you

keep an open mind and not decide any issue in the case until after I submit the entire case to you with my final instructions.

**2.100**
**Furnishing the Jury with a Copy of the Instructions**

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

**2.101**
**Function of the Court**

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

**2.102**
**Function of the Jury**

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

As human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware. Personal prejudices, preferences, or biases have no place in a courtroom, where our goal is to arrive at a just and impartial verdict. All people deserve fair treatment in our system of justice regardless of any personal characteristic, such as race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, or income level. You should determine the facts solely from a fair consideration of the evidence. You should decide the case without prejudice, fear, sympathy, favoritism or consideration of public opinion.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

**2.103**
**Jury's Recollection Controls**

If any reference by me or the attorneys to the evidence is different from your own

memory of the evidence, it is your memory that should control during your deliberations.

**2.104**
**Evidence in the Case—Judicial Notice & Stipulations**

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence, the facts of which I took judicial notice, and the facts and testimony stipulated to by the parties.

I may take what is called "judicial notice" of public acts, places, facts, and events that I consider to be matters of common knowledge or matters that can be determined easily through undisputed sources. In this case, I took judicial notice of [describe fact of which the court took judicial notice]. When I take judicial notice of a particular fact, you may regard that fact as proven evidence.

During the trial, you were told that the parties had stipulated—that is, agreed—to certain facts. You should consider any stipulation of fact to be undisputed evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

**2.105**
**Statements of Counsel**

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence. Similarly, the questions of the lawyers are not evidence.

**2.106**
**Indictment Not Evidence**

The indictment is merely the formal way of accusing a person of a crime. You must not consider the indictment as evidence of any kind—you may not consider it as any evidence of Riley June Williams' guilt or draw any inference of guilt from it.

**2.107**
**Burden of Proof—Presumption of Innocence**

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven she is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require Riley June Williams to prove her innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which Riley June Williams is charged, it is your duty to find her guilty of that offense. On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, it is your duty to find Riley June Williams not guilty of that offense.

**2.108**
**Reasonable Doubt**

The government has the burden of proving Riley June Williams guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

**2.109**
**Direct and Circumstantial Evidence**

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

## 2.110
## Nature of Charges Not to Be Considered

One of the questions you were asked when we were selecting this jury was whether the nature of the charges itself would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

**2.111**
**Number of Witnesses**

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

## 2.112
## Inadmissible and Stricken Evidence

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party he or she represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations. Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

**2.200**
**Credibility of Witnesses**

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

You may consider anything that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory; whether the witness has any reason for not telling the truth; whether the witness had a meaningful opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, stands to gain anything by testifying, or has friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

You may consider whether there are any consistencies or inconsistencies in a witness's testimony or between the witness's testimony and any previous statements made by the witness.

24

You may also consider any consistencies or inconsistencies between the witness's testimony and any other evidence that you credit. You may consider whether any inconsistencies are the result of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in perception.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

**2.207**
**Police Officer's Testimony**

A police officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a police officer.

Defense Objection

The defense proposes the following instruction:

You have heard the testimony of law enforcement officers.  The fact that a witness is employed as a law enforcement officer does not mean that his or her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.  At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.  You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

*See* Third Circuit Model Criminal Jury Instruction 4.18, Credibility of Witnesses – Law Enforcement Officer (Feb 2021).

26

**2.208**
**Right of Defendant Not to Testify**

Every defendant in a criminal case has an absolute right not to testify. Riley June Williams has chosen to exercise this right. You must not hold this decision against her, and it would be improper for you to speculate as to the reason or reasons for her decision. You must not assume the defendant is guilty because she chose not to testify.

Defense Objection

The defense proposes the following instruction:

Ms. Willliams did not testify (did not present evidence) in this case. A defendant has an absolute constitutional right not to testify (or to present any evidence). The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that she is innocent. You must not attach any significance to the fact that Ms. Williams did not testify. You must not draw any adverse inference against her because she did not take the witness stand. Do not consider, for any reason at all, the fact that Ms. Williams did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.

*See* Third Circuit Model Criminal Jury Instruction 4.27, Defendant's Choice not to Testify or Present Evidence (Feb 2021).

**2.209**
**Defendant as Witness**

A defendant has a right to become a witness on her own behalf. Her testimony should not be disbelieved merely because she is the defendant. In evaluating her testimony, however, you may consider the fact that the defendant has a vital interest in the outcome of this trial. As with the testimony of any other witness, you should give the defendant's testimony as much weight as in your judgment it deserves.

Defense Objection

The defense proposes the following instruction:

In a criminal case, the defendant has a constitutional right not to testify. However, if she chooses to testify, she is, of course, permitted to take the witness stand on her own behalf. In this case, Ms. Williams testified. You should examine and evaluate her testimony just as you would the testimony of any witness.

*See* Third Circuit Model Criminal Jury Instruction 4.28, Defendant's Testimony (Feb 2021).

**2.216**
**Evaluation of Prior Inconsistent Statement of a Witness**

The law treats prior inconsistent statements differently depending on the nature of the statements and the circumstances in which they were made. I will now explain how you should evaluate those statements.

**PART A (for use when prior statements not made under oath are introduced):**

You have heard evidence that [name of witness] made a statement on an earlier occasion and that this statement may be inconsistent with his/her testimony here at trial. It is for you to decide whether the witness made such a statement and whether in fact it was inconsistent with the witness's testimony here. If you find such an inconsistency, you may consider the earlier statement in judging the credibility of the witness, but you may not consider it as evidence that what was said in the earlier statement was true.

**PART B (for use when prior statements made under oath are introduced):**

You [also] have heard evidence that [name of witness] made an earlier statement under oath, subject to the penalty of perjury [in the grand jury] [in an affidavit] [in another trial] and that this statement may be inconsistent with his/her testimony here at trial. If you find that the earlier statement is inconsistent with the witness's testimony here in court, you may consider this inconsistency in judging the credibility of the witness. You also may consider this earlier statement as evidence that what was said in the earlier statement was true.

**2.217**
**Evaluation of Prior Consistent Statement of a Witness**

You have heard evidence that [name of witness] [name of defendant] made a statement

on an earlier occasion and that this statement may be consistent with his/her testimony here at

trial. This earlier statement was brought to your attention [both] to help you in evaluating the

credibility of the witness [and as evidence in this case]. If you find that the earlier statement is

consistent with the witness's present testimony in court, you may consider this consistency

[both] in judging the credibility of the witness here at trial [but you may not use it] [and] as proof

that what was said in the earlier statement was true.

It is for you to decide whether a witness made a statement on an earlier occasion and

whether it was in fact consistent with the witness's in-court testimony here

**2.218**
**Impeachment by Proof of Conviction of a Crime – Witness**

You have heard evidence that [name of witness] has been convicted of a crime. You may

consider this conviction only in evaluating the credibility of that witness's testimony in this case.

**2.219**

**Impeachment by Proof of Pending Case, Probation, or Parole -- Witness**

You have heard evidence that [name of witness] is [on probation] [on parole] [on supervised release] [charged with a crime] [awaiting sentence] [under investigation]. You may consider this evidence when deciding whether the witness has a bias in favor of one of the parties that may affect his/her willingness to tell the truth.

**2.310**
**Transcripts of Recordings**

Recordings of conversations identified by witnesses have been received in evidence. Transcripts of these recorded conversations are being furnished for your convenience and guidance as you listen to the recordings to clarify portions of the recordings which are difficult to hear and to help you identify speakers. The recordings, however, are the evidence in the case; the transcripts are not. If you notice any difference between the transcripts and the recordings, you must rely only on the recordings and not the transcripts. In addition, if you cannot determine from the recording that particular words were spoken, you must disregard the transcripts as far as those words are concerned.

**3.101**
**Proof of State of Mind**

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts done by Riley June Williams, and all other facts and circumstances received in evidence which indicate intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts she intentionally did or intentionally did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that Riley June Williams acted with the necessary state of mind

<u>Defense Objection</u>

The defense objects to inclusion of the language, "[y]ou may infer, but are not required to infer, that a person intends the natural and probable consequences of acts she intentionally did or intentionally did not do."

**2.402**
**Multiple Counts—One Defendant**

Each count of the indictment charges a separate offense. You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count. The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment.

**Count One**
**Civil Disorder**
**(Violation of 18 U.S.C. § 231(a)(3))**

Count One of the indictment charges the defendant with committing or attempting to commit an act to obstruct, impede, or interfere with law enforcement officers lawfully carrying out their official duties incident to a civil disorder, which is a violation of federal law.

**Elements**

In order to find the defendant guilty of this offense, you must find the following three elements beyond a reasonable doubt:

*First*:       the defendant knowingly committed an act or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

*Second*:   at the time of the defendant's actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

*Third*:     the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

**Definitions**

A person acts "knowingly" if she realizes what she is doing and is aware of the nature of her conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another

individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.[3]

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia.  It also means commerce wholly within the District of Columbia.[4]

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.

The term "department" includes executive departments.  The Department of Homeland Security, which includes the United States Secret Service, is an executive department.[5]

The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States.[6]

For the U.S. Capitol Police and Metropolitan Police Departments, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.[7]

---

[3] Modified definition of 18 U.S.C. § 232(1). *See United States v. Webster,* No. 21-cr-208 (APM) (ECF 101 at 16).

[4] Modified definition of 18 U.S.C. § 232(2) from jury instructions *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021). *See United States v. Webster,* No. 21-cr-208 (APM) (ECF 101 at 16).

[5] 18 U.S.C. § 6.

[6] 5 U.S.C. § 101.

[7] *See* 2 U.S.C. §§ 1961, 1967; *United States v. Webster,* No. 21-cr-208 (APM) (ECF 101 at 17).

1. Defense Objection to this last paragraph – Government to provide authority.

2. Defense Objections to definitions of "civil disorder" and "commerce."  The statute itself sets forth the definitions:

The term "civil disorder" means any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual.  18 U.S.C. § 232(1).

The term "commerce" means commerce (A) between any State or the District of Columbia and any place outside thereof; (B) between points within any State or the District of Columbia, but through any place outside thereof; or (C) wholly within the District of Columbia.  18 U.S.C. § 232(2).

3. 18 U.S.C. § 231(a)(3) provides for 2 separate bases for criminal liability: 1) conduct that in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce; or 2) conduct that obstructs, delays, or adversely affects the performance of any federally protected function.  It is the defense position that the jury has to be unanimous on the basis for criminal liability, and that a specific unanimity instruction should be given to the jury.  The defense is still researching authority for this point and shall provide an update to the Government and the Court by the pretrial conference.

**Attempt**

In Count One, the defendant is also charged with attempt to commit the crime of civil disorder.  An attempt to commit civil disorder is a crime even if the defendant did not actually complete the crime of civil disorder.

In order to find the defendant guilty of attempt to commit civil disorder, you must find that the government proved beyond a reasonable doubt each of the following two elements:

*First*:      that the defendant intended to commit the crime of civil disorder, as I have defined that offense above.

*Second*:   that the defendant took a substantial step toward committing civil disorder which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit civil disorder merely because she thought about it.  You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit civil disorder merely because she made some plans to or some preparation for committing that crime.  Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish her intent to commit civil disorder.  However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

(18 U.S.C. § 231(a)(3); *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *United States v. Rupert*, No. 20-cr-104 (D. Minn. Mar. 12, 2021) (ECF No. 81)).

39

## Count Two
## Obstruction of an Official Proceeding and Aiding and Abetting
## (Violation of 18 U.S.C. §§ 1512(c)(2) and 2)

Count Two of the indictment charges the defendant with corruptly obstructing an official proceeding, which is a violation of the law.  Count Two also charges the defendant with attempt to obstruct or impede an official proceeding and aiding and abetting others to commit that offense.  The Court will first explain the elements of the substantive offense, along with its associated definitions.  The Court will later define aiding and abetting.

**Elements**

In order to find the defendant guilty of corruptly obstructing an official proceeding, you must find that the government proved each of the following four elements beyond a reasonable doubt:

*First*:      the defendant attempted to or did obstruct or impede an official proceeding.

*Second*:   the defendant intended to obstruct or impede the official proceeding.

*Third*:     the defendant acted knowingly, with awareness that the natural and probable effect of her conduct would be to obstruct or impede the official proceeding.

*Fourth*:   the defendant acted corruptly.

**Definitions**

The term "official proceeding" includes a proceeding before the Congress.[8]  The official proceeding need not be pending or about to be instituted at the time of the offense.[9]  If the official proceeding was not pending or about to be instituted, the government must prove beyond

---

[8] 18 U.S.C. § 1515(a)(1)(B); The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit §§ 1512 & 1515(a)(1).

[9] 18 U.S.C. § 1512(f)(1).

a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant.[10]  As

used in Count Three, the term "official proceeding" means Congress's Joint Session to certify the

Electoral College vote.[11]

The term "knowingly" has the same meaning described in the instructions for Count One.

To act "corruptly," the defendant must use unlawful means or have a wrongful or an

unlawful purpose, or both.[12]  The defendant must also act with "consciousness of wrongdoing."

"Consciousness of wrongdoing" means with an understanding or awareness that what the person

is doing is wrong or unlawful. *Id.* (full string cite).

Not all attempts to obstruct or impede an official proceeding involve acting corruptly.

For example, a witness in a court proceeding may refuse to testify by invoking his constitutional

---

[10] *United States v. Sandlin*, No. 21-cr-88 (DLF), 2021 WL 5865006, at *12 (D.D.C. Dec. 10, 2021); *United States v. Aguilar*, 515 U.S. 593, 599-600 (1995); The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit at §§ 1512 & 1515(a)(1)

[11] The Court has already adjudicated this issue. ECF 54-55. And all but one of the other judges in this district who have evaluated this question have reached the same answer as this Court: that Congress's Joint Session to certify the Electoral College vote on January 6, 2021, was an "official proceeding." *See, e.g.*, *United States v. McHugh*, No. CR 21-453 (JDB), 2022 WL 296304, at *7 (D.D.C. Feb. 1, 2022); *United States v. Sandlin*, No. 21-cr-88 (DLF), 2021 WL 5865006, at *4 (D.D.C. Dec. 10, 2021); *United States v. Montgomery*, No. 21-cr-46 (RDM), 2021 WL 6134591, at *9-10 (D.D.C. Dec. 28, 2021); *but see United States v. Miller*, 1:21-cr-119 (CJN) (ECF 72 at p 28).

[12] The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit; *Arthur Andersen LLP v. United States*, 544 U.S. 696, 706 (2005); *United States v. Gordon*, 710 F.3d 1124, 1151 (10th Cir. 2013); *United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011); *United States v. Watters*, 717 F.3d 733, 735 (9th Cir. 2013); *United States v. North,* 910 F.2d 843, 883 (D.C. Cir. 1990) *withdrawn and superseded in part by United States v. North*, 920 F.2d 940 (D.C. Cir. 1990); *United States v. Sandlin*, No. 21-cr-88 (DLF), 2021 WL 5865006, at *11- 13 (D.D.C. Dec. 10, 2021); *United States v. Caldwell*, No. 21-cr-28 (APM), 2021 WL 6062718, at *11 (D.D.C. Dec. 20, 2021); *United States v. Mostofsky*, No. 21-cr-138 (JEB), 2021 WL 6049891, at *11 (D.D.C. Dec. 21, 2021); *United States v. Montgomery*, No. 21-cr-46 (RDM), 2021 WL 6134591, at *19-21 (D.D.C. Dec. 28, 2021); *United States v. Nordean*, No. 21-cr-175 (TJK), 2021 WL 6134595, at *10-11 (D.D.C. Dec. 28, 2021); *United States v. Lonich*, No. 18-10298, 2022 WL 90881, at *18 (9th Cir. Jan. 10, 2022).

privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly.  In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.[13]

Defense Objections

    1.     Defense objects to "As used in Count Three, the term "official proceeding" means Congress's Joint Session to certify the Electoral college vote."  The defense does not agree with this statement, and it is for the jury to determine.

    2.     The defense objects to the definition of "corruptly."  The definition should be as follows:

    To act "corruptly," the defendant must have used an unlawful means or act with an unlawful purpose and had an intent to obstruct[14] and to obtain an unlawful benefit for herself or an associate.[15]

---

[13] This same definition of "corruptly," and overall instruction, has been repeatedly used in this district in January 6-related cases where violations of 18 U.S.C. § 1512(c)(2) were at issue. *United States v. Reffitt,* No. 21-cr-32 (DLF) (ECF 119 at 26); *United States v. Robertson,* No. 21-cr-34 (CRC) (ECF 86 at 12-13); *United States v. Thompson,* No. 21-cr-161 (RBW) (ECF 83 at 27); *United States v. Hale-Cusanelli*, No. 21-cr-37 (TNM) (ECF 84 at 27); *United States v. Williams*, No. 21-cr-377 (BAH) (ECF 112 at 7).

[14] *United States v. Reffitt,* No. 21-cr-32 (DLF) (ECF 119 at 25); *see also United States v. Montgomery*, 578 F. Supp. 3d 54, 83 (D.D.C. 2021) ("The predominant view among the courts of appeals is that the 'corruptly' standard requires at least an 'improper purpose' and an 'intent to obstruct.').

[15] *See Montgomery*, 578 F. Supp. 3d at 75 n.5 (D.D.C. 2021); *see also United States v. Pasha*, 797 F.3d 1122, 1132 (D.C. Cir. 2015) (adopting unlawful-advantage definition); *Reeves*, 752 F.2d at 999; *Marinello v. United States*, 138 S. Ct. 1101, 1114 (2018) (Thomas, J., dissenting) ("'[C]orruptly' requires proof that the defendant not only knew he was obtaining an '*unlawful benefit*' but that his 'objective' or 'purpose' was to obtain that *unlawful benefit*.") (citing 21 AM.

3.      The defense objects to the elements of the offense and submits that the following is an element that must be proven:

To have obstructed, influenced or impeded an official proceeding, you must find that the defendant took some action with respect to a document, record, or other object.[16]

4.      The defense objects to the following language as there is no authority for this and it is an unnecessary instruction:

Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly.  In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.

---

JUR. 2D, *Criminal Law* § 114 (2016)) (emphasis added); BLACK'S LAW DICTIONARY 414 (rev. 4th ed. 1951) ("Corruptly" "generally imports a wrongful design to acquire some pecuniary or other advantage")

[16] *See United States v. Miller*, 1:21-cr-119 (CJN) (ECF 72 at p 28); *United States v. Fischer*, 1:21-cr-234 (CJN) (ECF 64 at 7-8).

**Attempt**

In Count Two, the defendant is also charged with attempt to commit the crime of obstruction of an official proceeding.  An attempt to commit obstruction of an official proceeding is a crime even if the defendant did not actually complete the crime of obstruction of an official proceeding.

In order to find the defendant guilty of attempt to commit obstruction of an official proceeding, you must find that the government proved beyond a reasonable doubt each of the following two elements:

*First*:  that the defendant intended to commit the crime of obstruction of an official proceeding, as I have defined that offense above.

*Second*:  that the defendant took a substantial step toward committing obstruction of an official proceeding which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because she thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because she made some plans to or some preparation for committing that crime.  Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish her intent to commit obstruction of an official proceeding.  However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime

(18 U.S.C. § 231(a)(3); *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *United States v. Rupert*, No. 20-cr-104 (D. Minn. Mar. 12, 2021) (ECF No. 81)).

**Count Three**
**Assault, Resisting, or Impeding Certain Officers**
**(Violation of 18 U.S.C. § 111(a)(1))**

In Count Three, the defendant is charged with forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with a federal officer while the officer is engaged in the performance of his or her official duties, which is a violation of federal law.

**Elements**

To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:     the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with the officer or officers described in the indictment.

*Second*:     the defendant did such act forcibly.

*Third*:     the defendant did such act intentionally.

*Fourth*:     the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was an officer or an employee of the United States who was then engaged in the performance of his official duties, or any person assisting such an officer or employee in the performance of that officer's duties.

*Fifth:*     the defendant made physical contact with the federal officer or acted with the intent to commit another felony.

**Definitions**

Before you can find the defendant guilty you must find, beyond a reasonable doubt, that she acted forcibly.  The defendant acted forcibly if she used force, attempted to use force, or threatened to use force against the federal officer.  A threat to use force at some unspecified time in the future is not sufficient to establish that the defendant acted forcibly.

46

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so.  A finding that one used force (or attempted or threatened to use it) is not the same as a finding that she attempted or threatened to inflict injury.  In order to find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant acted forcibly and that the defendant intended to inflict or intended to threaten injury.

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

You are instructed that the United States Capitol Police are federal officers, and that it was a part of the official duty of such officers to protect the U.S. Capitol complex on January 6, 2021, and to detain individuals who lacked authorization to enter the restricted area around the complex. You are further instructed that Metropolitan Police Department officers were assisting those Capitol Police officers with their official duties on January 6, 2021.[17]

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, a federal officer carrying out an official duty so long as it is established beyond a reasonable doubt that the victim was, in fact, a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.

(2 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 24:03 (6th ed.); *United States v. Feola*, 420 U.S. 671, 684 (1975); *United States v. Arrington*, 309 F.3d 40, 44-45 (D.C. Cir. 2002)).

---

[17] *See United States v. Webster,* No. 21-cr-208 (APM) (ECF 101 at 14).

Defense Objections

1.      Defense objects to the failure to name the actual victims of the offense.  While United States Capitol Police in general are federal officers, it is a violation of Ms. Williams constitutional rights to suggest that every officer she may had had contact with meets the definition of victim.  At trial, the Government is required to prove who the actual victim(s) are. The jurors need to find who the victim(s) are.

2.  The defense believes that the defendant must have acted "forcibly" with respect to the terms "resist," "oppose," "impede," "intimidate," and "interfere with."  Therefore, the instruction should be as follows:

> In order to find that the defendant resisted, opposed, impeded, intimidated, or interfered with, you must find beyond a reasonable doubt that the defendant forcibly opposed, impeded, intimidated, or interfered with.  *United States v. Schrader,* 10 F. 3d 1345, 1349 (8th Cir. 1993).

3.      The defense is also requesting a lesser included offense as follows:

> If, after careful consideration of all of the evidence, you have a reasonable doubt whether Ms. Williams forcible conduct resulted in actual physical contact with [the victim] (*or* the intent to commit the offense of [describe offense]), then you must find the defendant not guilty of assault. You may then consider whether the defendant is guilty of the lesser included offense of simple assault. Simple assault differs from assault in that the government must still prove that the defendant acted forcibly, but need not prove that the defendant's forcible conduct resulted in actual physical contact with [the victim]. However, the government must prove all of the other elements of assault that I have described to you.

48

*See* Modern Federal Jury Instructions:  Instruction 14-9.1 Lesser Included Offense—Simple Assault; *see also United States v. Chestaro,* 197 F.3d 600 (2d Cir. 1999); *United States v. McCulligan,* 256 F.3d 9United States v. Ramirez, 233 F.3d 318 (5th Cir. 2000); (3d Cir. 2001)*;United States v. Campbell,* 259 F.3d 293 (4th Cir. 2001);  *United States v. Hathaway,* 318 F.3d 1001 (10th Cir. 2003); *United States v. Arrington*, 309 F.3d 40 (D.C. Cir. 2002).

4.      The Defense objects to the language "and to detain individuals who lacked authorization to enter the restricted area around the complex."  Government to provide authority.

5.      18 U.S.C. § 111(a)(1) is an 8-year felony with two separate bases for liability: 1) if the acts involve physical contact with the victim; or 2) the intent to commit another felony.  It is the defense position that the jurors have to be unanimous as to the basis for liability and they should be instructed as such.  *See United States v. Kimes,* 246 F.3d 800 (2001).

**Count Four**
**Theft of Government Property and Aiding and Abetting**
**(Violation of 18 U.S.C. §§ 641 and 2)**

Count Four of the Indictment charges the defendant with theft of United States government property, which is a violation of federal law, or aiding and abetting another person in stealing such property. The Court will first explain the elements of the substantive offense, along with its associated definitions.  The Court will later define the terms aiding and abetting.

**Elements**

The elements of the offense of theft of United States government property, each of which the government must prove beyond a reasonable doubt, are that:[18]

*First*:  the property described in the indictment belonged to the United States government.

*Second*:  the defendant stole (*or* embezzled *or* knowingly converted) that property.

*Third*:  the defendant intended to deprive, without right, the United States government of the use or benefit of the property.

*Fourth*:  the property or thing of value taken was of some value.


<u>Defense Objection</u>

The defense objects to the elements of the offense and submits that the government must prove that the defendant acted knowingly and willfully. The third element should read: "*Third*, the defendant acted knowingly and willfully with the intent to deprive the government of the use and benefit of its property." 1 Modern Federal Jury Instructions-Criminal P 23A.01 (2022).

---

[18] *See United States v. Thompson,* No. 21-cr-161 (RBW) (ECF 83 at 29).

**Definitions**

The term "value" means face, par, or market value, or cost price, either wholesale or retail, whichever is greater.

**3.200**
**Aiding and Abetting**

You may find Riley June Williams guilty of Count Two (obstruction of an official proceeding) and/or Count Four (theft) without finding that she personally committed each of the acts that make up either or both of those crimes, or that she was present while either crime was being committed. Any person who in some way intentionally participates in the commission of a crime can be found guilty either as an aider and abettor or as a principal offender. It makes no difference which label you attach. The person is as guilty of the crime as she would be if she had personally committed each of the acts that make up the crime.

To find that a defendant aided and abetted in committing a crime, you must find that the defendant knowingly associated herself with the commission of the crime, that she participated in the crime as something she wished to bring about, and that she intended by her actions to make it succeed.

Some affirmative conduct by the defendant in planning or carrying out the crime is necessary. Mere physical presence by Riley June Williams at the place and time the crime is committed is not by itself sufficient to establish her guilt. However, mere physical presence is enough if it is intended to help in the commission of the crime.

The government is not required to prove that anyone discussed or agreed upon a specific time or method of committing the crime. The government is not required to prove that the crime was committed in the particular way planned or agreed upon. Nor need the government prove that the principal offender and the person alleged to be the aider and abettor directly communicated with each other.

With respect to the charge of Obstruction of an Official Proceeding in Count Two, regardless of whether Riley June Williams is an aider and abettor or a principal offender, the

52

government must prove beyond a reasonable doubt that Riley June Williams personally acted knowingly and corruptly.

With respect to the charge of Theft of Government Property in Count Four, regardless of whether Riley June Williams is an aider and abettor or a principal offender, the government must prove beyond a reasonable doubt that Riley June Williams personally acted intentionally.

It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted in committing the crime.

<u>Defense Objections</u>

1.      Defense believes that the instruction contains misleading statements:  (A) The first paragraph, "or that she was present while either crime was being committed," suggests that mere presence is enough for a conviction; (B) Moreover, the instruction notes that "[a]ny person who in some way intentionally participates in the commission of a crime can be found guilty either as an aider and abettor or as a principal.  It makes no difference which label you attach." This instruction leaves out the fact that the principal has to have committed the crime.

2.      The following is proposed:

A person may be guilty of an offense(s) because she personally committed the offense herself or because she aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal.

In this case, the government alleges that Ms. Williams aided and abetted (name of alleged principal, if known) in committing the obstruction offense (Count 2) and the theft offense (Count

4) as charged in the indictment. In order to find Ms. Williams guilty of obstruction or theft because she aided and abetted (name of alleged principal) in committing these offenses, you must find that the government proved beyond a reasonable doubt each of following four (4) requirements:

First: That (name of alleged principal) committed the offense(s) charged by committing each of the elements of the offense(s) charged, as I have explained those elements to you in these instructions. ((Name of alleged principal) need not have been charged with or found guilty of the offense(s), however, as long as you find that the government proved beyond a reasonable doubt that (he) (she) committed the offense(s)).

Second: That Ms. Williams knew that the offense(s) charged (was) (were) going to be committed or (was) (were) being committed by (name of alleged principal), and

Third: That Ms. Williams knowingly did some act for the purpose of [aiding] [assisting] [soliciting] [facilitating] [encouraging] (name of alleged principal) in committing the specific offense(s) charged and with the intent that (name of alleged principal) commit that [those] specific offense(s), and

Fourth: That Ms. Williams performed an act(s) in furtherance of the offense(s) charged.

In deciding whether Ms. Williams had the required knowledge and intent to satisfy the third requirement for aiding and abetting, you may consider both direct and circumstantial evidence including Ms. Williams words and actions and the other facts and circumstances. However, evidence that Ms. Williams merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense(s) is not enough for you to find Ms. Williams guilty as an aider and abetter. If the evidence shows that Ms. Williams knew that the offense was being committed or was about to be

54

committed, but does not also prove beyond a reasonable doubt that it was Ms. Williams intent and purpose to [aid] [assist] [encourage] [facilitate] or otherwise associate herself with the offense, you may not find Ms. Williams guilty of the offense(s) as an aider and abettor. The government must prove beyond a reasonable doubt that Ms. Williams in some way participated in the offense committed by (name of alleged principal) as something Ms. Williams wished to bring about and to make succeed.

To show that Ms. Williams performed an act(s) in furtherance of the offense(s) charged, to satisfy the fourth requirement, the government needs to show some affirmative participation by Ms. Williams which at least encouraged (name of alleged principal) to commit the offense. That is, you must find that Ms. Williams act(s) did, in some way, [aid,] [assist,] [facilitate,] [encourage,] (name of alleged principal) to commit the offense(s). Ms. Williams act(s) need not further [aid,] [assist,] [facilitate,] [encourage,] every part or phase (or element) of the offense(s) charged; it is enough if Ms. Williams act(s) further [aid,] [assist,] [facilitate,] [encourage,] only one (or some) part(s) or phase(s) (elements) of the offense(s). Also, Ms. Willliams acts need not themselves be against the law.

*See* Third Circuit Model Criminal Jury Instruction, 7.02 Accomplice Liability (Feb 2021); *See also,* Aiding and Abetting, 18 U.S.C. § 2(a).

**Count Five**
**Entering and Remaining in a Restricted Building or Grounds**
**(Violation of 18 U.S.C. § 1752(a)(1))**

Count Five of the Indictment charges the defendant with entering or remaining in a restricted building or grounds, which is a violation of federal law.

**Elements**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First*:    that the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

*Second*:    that the defendant did so knowingly.

**Definitions**

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.[19]

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.[20]

The term "knowingly" has the same meaning described in the instructions for Count One.

---

[19] 18 U.S.C. § 1752(c)(1). *See also United States v. Robertson,* No. 21-cr-34 (CRC) (ECF 86 at 20); *United States v. Thompson,* No. 21-cr-161 (RBW) (ECF 83 at 31); *United States v. Hale-Cusanelli*, No. 21-cr-37 (TNM) (ECF 84 at 32); *United States v. Webster,* No. 21-cr-208 (APM) (ECF 101 at 19); *United States v. Williams*, No. 21-cr-377 (BAH) (ECF 112 at 8).

[20] 18 U.S.C. §§ 1752(c)(2), 3056.

<u>Defense Objections</u>

The definition of "restricted building or ground" should be…..where  a person protected by the Secret Service is temporarily visiting or will be temporarily visiting.

The defense objects to the inclusion of "immediate family" as the indictment does not include that language.

**Count Six**
**Disorderly Conduct in a Restricted Building or Grounds**
**(Violation of 18 U.S.C. § 1752(a)(2))**

Count Six of the indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds, which is a violation of federal law.

**Elements**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First*:      that the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

*Second*:   that the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

*Third*:     that the defendant's conduct occurred when, or so that, her conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

**Definitions**

"Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person.  "Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[21]

The term "knowingly" has the same meaning described in the instructions for Count One.

---

[21] *United States v. Robertson,* No. 21-cr-34 (CRC) (ECF 86 at 23); *United States v. Hale-Cusanelli*, No. 21-cr-37 (TNM) (ECF 84 at 34); *United States v. Webster,* No. 21-cr-208 (APM) (ECF 101 at 21); *United States v. Williams*, No. 21-cr-377 (BAH) (ECF 112 at 10).

The term "restricted building or grounds" has the same meanings as described in the instructions for Count Five.

Defense Objections

The defense objects to the definition of "disorderly conduct."  Specifically, the language "or interferes with another person by jostling against or unnecessarily crowding that person."

The defense suggests the following definitions for disorderly conduct and disruptive conduct, both found in *Black's Law Dictionary* (8th ed.).

Disorderly conduct: behavior that tends to disturb the public peace, offend public morals, or undermine public safety.

Disruptive conduct: disorderly conduct in the context of a governmental proceeding.

**Count Seven**
**Disorderly Conduct in a Capitol Building**
**(Violation of 40 U.S.C. § 5104(e)(2)(D))**

Count Seven of the Indictment charges the defendant with disorderly conduct in a Capitol

Building or Grounds, which is a violation of federal law.

**Elements**

In order to find the defendant guilty of this offense, you must find that the government

proved each of the following elements beyond a reasonable doubt:

*First*:      that the defendant engaged in disorderly or disruptive conduct in any of the
United States Capitol Buildings or Grounds.

*Second*:   that the defendant did so with the intent to impede, disrupt, or disturb the
orderly conduct of a session of Congress or either House of Congress.

*Third*:      that the defendant acted willfully and knowingly.

**Definitions**

The term "United States Capitol Buildings or Grounds" includes the United States

Capitol located at First Street, Southeast, in Washington, D.C. and its grounds, which includes all

squares, reservations, streets, roadways, walks, and other areas as defined on a map entitled

"Map showing areas comprising United States Capitol Grounds," dated June 25, 1946, approved

by the Architect of the Capitol, and recorded in the Office of the Surveyor of the District of

Columba in book 127, page 8.[22]  You are instructed that the West Front of the United States

Capitol, including the Lower West Terrace, is part of the "United States Capitol Building or

Grounds" for purposes of this count.

---

[22] 40 U.S.C. § 5102(a).

The term "disorderly or disruptive conduct" has the same meaning described in the instructions for Count Six defining "disorderly conduct" and "disruptive conduct."[23]

The term "knowingly" has the same meaning described in the instructions for Count One.

A person acts "willfully" if she acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that her conduct may be violating.

<u>Defense Objections</u>

The defense objects to the definition of "disorderly conduct."  Specifically, the language "or interferes with another person by jostling against or unnecessarily crowding that person."

The defense suggests the following definitions for disorderly conduct and disruptive conduct, both found in *Black's Law Dictionary* (8th ed.).

Disorderly conduct: behavior that tends to disturb the public peace, offend public morals, or undermine public safety.

Disruptive conduct: disorderly conduct in the context of a governmental proceeding.

---

[23] *United States v. Robertson,* No. 21-cr-34 (CRC) (ECF 86 at 23); *United States v. Hale-Cusanelli*, No. 21-cr-37 (TNM) (ECF 84 at 34); *United States v. Webster,* No. 21-cr-208 (APM) (ECF 101 at 21); *United States v. Williams*, No. 21-cr-377 (BAH) (ECF 112 at 10).

**Count Eight**
**Parading, Demonstrating, or Picketing in a Capitol Building**
**(Violation of 40 U.S.C. § 5104(e)(2)(G))**

Count Eight of the Indictment charges the defendant with parading, demonstrating, or picketing in a Capitol Building, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.

2. Second, that the defendant acted willfully and knowingly.

The terms "parade" and "picket" have their ordinary meanings. The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.[24]

The terms "United States Capitol Buildings," "knowingly," and "willfully" have the same meanings described in the instructions for Counts Five and Seven.

<u>Defense Objection</u>

Defense objects to the language, "for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying." Ms. Williams is not

---

[24] *United States v. Thompson,* No. 21-cr-161 (RBW) (ECF 83 at 39); *United States v. Hale-Cusanelli,* No. 21-cr-37 (TNM) (ECF 84 at 38); *United States v. Williams*, No. 21-cr-377 (BAH) (ECF 112 at 11); *see also Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000).

charged under 40 U.S.C. § 5104(e)(2)(E) which is where that language comes from.  This is an attempt to have the Court give credibility to the Government facts.

Mere Presence Instruction

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crimes with which she is charged. Ms. Williams must be a participant and not merely a knowing spectator. Ms. Williams' presence may be considered by the jury along with other evidence in the case.

*See* S3 Modern Federal Jury Instructions-Criminal 5.12

**1.105B**
**Notetaking by Jurors**

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notebooks with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the notetaker's own personal use.

**2.405**
**Unanimity**

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict on each count must be unanimous.

**2.407**
**Verdict Form Explanation**

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

**2.500**
**Redacted Exhibits**

During the course of this trial, a number of exhibits were admitted in evidence.

Sometimes only portions of an exhibit were admitted, such as portions of a longer video, a

document with some words or pictures blacked out or otherwise removed, or a video played

without audio. There are a variety of reasons why only a portion of an exhibit is admitted,

including that the other portions are inadmissible or implicate an individual's privacy. As you

examine the exhibits, and you see or hear portions where there appear to be omissions, you

should consider only the portions that were admitted. You should not guess as to what has been

taken out or why, and you should not hold it against either party. You are to decide the facts only

from the evidence that is before you.

**2.501**
**Exhibits During Deliberations**

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdict. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

You will also be provided with a laptop to view the recordings which I have admitted into evidence.  You should not use the laptop for any other purpose.

**2.502**
**Selection of Foreperson**

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

**2.505**
**Possible Punishment Not Relevant**

The question of possible punishment of the defendant in the event of a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

**2.508**
**Cautionary Instruction on Publicity, Communication, and Research**

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

**2.509**
**Communication Between Court and Jury During Jury's Deliberations**

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person—not the clerk, the marshal or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or on any other issue in the case.

**2.510**
**Attitude and Conduct of Jurors in Deliberations**

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

**2.511**
**Excusing Alternate Jurors**

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We selected four seats to be the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse those jurors in seats [insert seat numbers].

Before you four leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.