UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RILEY JUNE WILLIAMS | No. 1:21-cr-618 (ABJ) |

**GOVERNMENT RESPONSE TO COURT'S ORDER REGARDING
JURY INSTRUCTION FOR 18 U.S.C. § 1512(c)(2) (COUNT TWO)**

The government submits the following memorandum of law in response to the Court's Minute Order of October 26, 2022, in which the Court noted that the "parties disagree whether Congress's Joint Session to certify the Electoral College vote on January 6, 2021, constitutes an 'official proceeding' for purposes of 18 U.S.C. § 1512(c)(2)" (Count Two), and asking whether "this is a question of law or a question of fact." *Id.* As explained further below, this is a question of law that the Court has already decided, *see* ECF No. 55 at 16-26, and the Court should instruct the jury accordingly, *see United States v. Gaudin*, 515 U.S. 506, 513 (1995). It is not a question of fact for the jurors to determine themselves.

The Court should instruct the jury, as part of its instruction for Count Two, *see* ECF 27, that as used in Count Two, "the term 'official proceeding' means Congress's Joint Session to certify the Electoral College vote," just as the government has proposed, *see* ECF 92-2.[1] Indeed, every judge in this district who has conducted a trial containing a charge of 18 U.S.C. § 1512(c)(2) related to a defendant's conduct on January 6, 2021—six judges across nine trials—has instructed the jury exactly as the government proposes here. *Compare* ECF 92-2 *and United States v. Jensen*,

---

[1] There is a minor scrivener's error in the government's proposed instruction filed on the docket. The filed version reads "As used in Count Three, the term 'official proceeding' means . . . ." ECF 92-2 at 41 (emphasis added). The instruction should reference Count Two instead.

1

No. 1:21-cr-6 (TJK) (ECF 97 at 24); *United States v. Reffitt,* No. 1:21-cr-32 (DLF) (ECF 119 at 26); *United States v. Robertson,* No. 1:21-cr-34 (CRC) (ECF 86 at 12); *United States v. Hale-Cusanelli*, No. 1:21-cr-37 (TNM) (ECF 84 at 25); *United States v. Strand*, No. 1:21-cr-85 (CRC) (ECF 112 at 11); *United States v. Thompson,* No. 1:21-cr-161 (RBW) (ECF 83 at 26); *United States v. Bledsoe*, No. 1:21-cr-204 (BAH) (ECF 215 at 7); *United States v. Williams*, No. 1:21-cr-377 (BAH) (ECF 112 at 7); *United States v. Herrera*, No. 1:21-cr-619 (BAH) (ECF 65 at 6). This Court should decline the defendant's invitation to ignore its own prior holding and deviate from a jury instruction given in other Capitol siege cases.

## MEMORANDUM OF LAW

The status of a particular proceeding is a question of law for the Court rather than a question of fact for the jury, and the Court should instruct the jury accordingly. *See* Third Circuit Model Criminal Jury Instruction 6.18.1512A2, comment (instructing that under 18 U.S.C. § 1512, "[t]he question of whether the proceeding alleged and proved by the government is an official proceeding is for the judge"). Adopting that same view, the model federal jury instructions recommend that instructions concerning 18 U.S.C. § 1512(c)(2) charges include the following language:

> An official proceeding means a proceeding before a court, judge or federal agency. The proceeding may be civil or criminal. You are instructed that (e.g., a federal grand jury investigation) is an official proceeding.

2 Modern Fed. Jury Instr.—Crim., P 46.11, Instr. 46-70 (2022); *see also Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005). The model instruction is designed for the trial judge to fill in the relevant proceeding (i.e. in the placeholder position where "e.g. a federal grand jury investigation" is written) and thus direct the jury that the proceeding at issue in the case is an official proceeding. The Seventh Circuit's pattern jury instructions for Section 1512(c) take the same approach. *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit

2

at §§ 1512 & 1515(a)(1) ("The term 'official proceeding' as used in Count[s] — means [name official proceeding].").

The Court can and should instruct the jury on pure questions of law like this one. *See Gaudin*, 515 U.S. at 513 (noting that a jury can "be deprived of the power to determine . . . *pure questions of law* in a criminal case") (emphasis in original). "In criminal cases . . . the jury does not have the power to determine pure questions of law and a court is 'permitted to instruct the jury on the law and to insist that the jury follow his instructions.'" *United States v. Ashton*, 961 F. Supp. 2d 7, 11 (D.D.C. 2013) (quoting *Gaudin*, 515 U.S. at 513).

Here, the question whether Congress's Joint Session to certify the Electoral College vote qualifies as an "official proceeding" is a pure question of law, and it is one this Court has already answered in the affirmative. *See* ECF No. 55 at 16-26. This issue presents a pure question of law because none of the relevant facts to determine it are in dispute. As the Court has already noted, *see* ECF 55 at 17-19, the Constitution requires the Electoral College to vote on the winner of the presidential election, and it requires Congress to formally convene in a joint session, presided over by the Vice President, to open, debate, and certify that vote, *see* U.S. Const. art. II, § 1; U.S. Const. amend. XII, following specific procedures outlined in federal law, such as the requirement that this session be held on January 6 of the year following the Electoral College's vote, *see* 3 U.S.C. §§ 15, 17. The plain text, legislative history, and context of these laws, requirements, and procedures formed the core of the Court's conclusion that this is an "official proceeding" within the meaning of 18 U.S.C. §§ 1512(c)(2) and 1515(a)(1), not a mere ceremonial gathering. *See* ECF 55 at 16-26. On this issue, there are no factual disputes for the jury to decide.

In denying the defendant's motion to dismiss Count Two, *see* ECF 33, the Court explicitly held that, <u>as a matter of law</u>, the Joint Session of Congress to certify the Electoral College vote

qualified as an "official proceeding" under 18 U.S.C. §§ 1512(c)(2) and 1515(a)(1). *See* ECF No. 55 at 16-26. As such, this holding is now the law of the case and it "should continue to govern the same issues in subsequent stages" of the case, such as the Court's instructions to the jury. *Musacchio v. United States*, 577 U.S. 237, 244-45 (2016); *see also Messenger v. Anderson*, 225 U.S. 436, 444 (1912) ("courts generally . . . refuse to reopen what has been decided."); *LaShawn A. v. Barry*, 87 F.3d 1389, 1393 ("the *same* issue presented a second time in the *same* case in the *same* court should lead to the *same result*") (emphasis in original).

The government's proposed jury instructions for Count Two, the charged violation of 18 U.S.C. § 1512(c)(2), include the sentence "As used in Count Two, the term 'official proceeding' means Congress's Joint Session to certify the Electoral College vote." ECF 92-2. As discussed above, this language tracks the model federal jury instructions, as well as the Third and Seventh Circuit's model instructions. Additionally, to date there have been nine trials involving charged violations of 18 U.S.C. § 1512(c)(2) related to defendants' conduct on January 6, 2021. In all nine of those trials, the presiding judge gave this exact same jury instruction. *Jensen*, No. 1:21-cr-6 (TJK) (ECF 97 at 24); *Reffitt,* No. 1:21-cr-32 (DLF) (ECF 119 at 26); *Robertson,* No. 1:21-cr-34 (CRC) (ECF 86 at 12); *Hale-Cusanelli*, No. 1:21-cr-37 (TNM) (ECF 84 at 25); *Strand*, No. 1:21-cr-85 (CRC) (ECF 112 at 11); *Thompson,* No. 1:21-cr-161 (RBW) (ECF 83 at 26); *Bledsoe*, No. 1:21-cr-204 (BAH) (ECF 215 at 7); *Williams*, No. 1:21-cr-377 (BAH) (ECF 112 at 7); *Herrera*, No. 1:21-cr-619 (BAH) (ECF 65 at 6). The government's proposed jury instructions for Count Two correctly state the law and match established precedent. There is no reason for this Court to deviate from its own prior ruling and the instructions delivered by Chief Judge Beryl A. Howell and Judges Christopher R. Cooper, Dabney L. Friedrich, Timothy J. Kelly, Trevor N. McFadden, and Reggie B. Walton in similar cases.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481 052


*/s/ Michael M. Gordon*
MICHAEL M. GORDON
Assistant United States Attorney
Florida State Bar No. 1026025
400 N. Tampa St., Suite 3200
Tampa, Florida 33602
michael.gordon3@usdoj.gov
Telephone: 813-274-6370

*/s/ Samuel S. Dalke*
SAMUEL S. DALKE
Assistant United States Attorney
Pennsylvania State Bar No. 311083
228 Walnut Street, Suite 220
Harrisburg, PA 17101
samuel.s.dalke@usdoj.gov
Telephone: 717-221-4453