IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:21-CR-618-ABJ |
| | : | |
| v. | : | |
| | : | |
| RILEY JUNE WILLIAMS | : | |

### DEFENDANT'S RESPONSE TO THIS HONORABLE COURT'S MINUTE ORDER DATED OCTOBER 26, 2022

Defendant Riley June Williams, by and through her attorneys, hereby responds to this Honorable Court's Minute Order dated October 26, 2022. As reflected in the parties' proposed jury instructions, the parties disagree as to whether the Court may instruct the jury that the Joint Session to certify the Electoral College vote on January 6, 2021 is an "official proceeding" for purposes of 18 U.S.C. § 1512.

### RESPONSE

In a pretrial motion to dismiss (ECF 33),[1] Ms. Williams argued that the January 6, 2021 Joint Session of Congress to certify the Electoral College vote (hereinafter "the Joint Session") is not an "official proceeding" for purposes of 18 U.S.C. § 1512(c)(2). In a Memorandum Opinion (ECF 55) this Court determined that the plain text of the statute supported a finding that the Joint Session was an "official proceeding," and that the legislative history of the statute did

---

[1] Count Two of the Indictment charges Ms. Williams with a violation of 18 U.S.C. § 1512(c)(2), as follows:
> On or about January 6, 2021, within the District of Columbia and elsewhere, Riley June Williams, attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18

1

not compel a different result. As such, the Court denied Ms. Williams' motion to dismiss Count 2.

Despite the Court's interlocutory[2] ruling, it is Ms. Williams' position that the Court would cross a bridge too far by directing the jury that the Joint Session is an "official proceeding" under 18 U.S.C. § 1512(c). In a criminal case, the government has the "burden of proving all elements of the offense charged." *United States v. Sheehan*, 512 F.3d 621, 631 (D.C. Cir. 2008) (quoting *Sullivan v. Louisiana,* 508 U.S. 275, 277-78 (1993)). This "obligation to 'persuade the factfinder beyond a reasonable doubt of the facts necessary to establish each of those elements' arise[s] from the Due Process Clause of the Fifth Amendment." *Id.; see also In re Winship*, 397 U.S. 358, 364 (1970). The issue of whether the Joint Session is an official proceeding is "central" to Ms. Williams' guilt or innocence. *See United States v. Jones* , 909 F.2d 533 (D.C. Cir. 1990). And if the Court directs the jury that the Joint Session is an official proceeding, it would be directing a verdict on an essential element of the crime.

The matter of *United States v. DeFries*, 129 F.3d 1293 (D.C. Cir. 1997) is instructive here. *DeFries* was a RICO prosecution. Under RICO § 1962(c), an essential element that the government must prove beyond a reasonable doubt is the existence of an "enterprise." *DeFries,* 129 F.3d at 1310. In *DeFries*, the trial court instructed the jury, over the defendant's objection, that the two labor unions described in the indictment were "a single enterprise." *Id.* The D.C.

---

[2] "The Supreme Court has made clear that denial of a motion to dismiss is an interlocutory order." *Int'l Union v. Clark*, 706 F. Supp. 2d 59, 64 (D. D.C. 2010) (citing *Office of Senator Mark Dayton v. Hanson*, 550 U.S. 511, 515 (2007)). Moreover, the D.C. Court of Appeals has stated that "[i]nterlocutory orders are not subject to the law of the case doctrine and may always be reconsidered prior to final judgment." *Langevine v. District of Columbia*, 106 F.3d 1018, 1023 (D.C. Cir. 1997). To be clear, Ms. Williams is not seeking reconsideration of the Court's ruling, but rather notes that the Court's disposition is interlocutory and not subject to the law of the case doctrine.

Circuit reversed the jury's guilty verdict on the RICO counts, reasoning that "if jury instructions remove an element of the crime from the jury's consideration, then those instructions are flawed as a matter of law." *Id.* at 1311 (citing *United States v. Gaudin*, 515 U.S. 506, 510 (1995)). The Circuit emphasized that:

> Rather than permitting the jury to determine whether an enterprise existed, and, if it did, which unions it included, the instruction removed these questions from the jury's consideration. The district court did not instruct the jury that if it found the two unions had an ongoing organization and functioned as a continuing unit, then they constituted a single enterprise as charged in the indictment. As *Gaudin* makes clear, a court must give the jury the opportunity to evaluate whether the government has proven its case beyond a reasonable doubt for every element of the crime charged. The court may never direct a verdict for the government on an element of a criminal offense, no matter how overwhelming the evidence. Yet that was the effect of the district court's instruction in the instant case.

*Id.* at 1311-12 (internal quotations and citations omitted).

      Finally, Ms. Williams notes that the Government's citation to the commentary supporting Third Circuit Model Criminal Jury Instruction 6.18.1512A2 does not carry the day on this point. The commentary provides, but without any citation to jurisprudence, "[t]he question of whether the proceeding alleged and proved by the government is an official proceeding is for the judge." However, the commentary also extensively sites *United States v. Shavers,* 693 F.3d 363 (2012), wherein the Third Circuit indicated that the government "must demonstrate beyond a reasonable doubt that the contemplated proceeding met the definition of 'official proceeding.'" *Id*. at 379. While *Shavers* involved an offense under 18 U.S.C. § 1512(b)(1), the term "official proceeding" is still guided by the definitions of "official proceeding" as contained in 18 U.S.C. § 1515(a)(1), as it is for §1512(c)(2). It is Ms. Williams' position that, to the extent the Court is persuaded by Third Circuit authority, that the *Shaver* case carries more weight than the commentary to the Third Circuit's model instructions.

Based on the foregoing, it is Ms. Williams' position that whether the Joint Session is an official proceeding is an element of the offense set forth in 18 U.S.C. § 1512(c)(2), and the Court may not direct a verdict on this element by instructing the jury that the Joint Session is an official proceeding. Rather, the Court should instruct the jury that "the term 'official proceeding' includes a proceeding before the Congress."  18 U.S.C. § 1515(a)(1)(B).

Date:  November 2, 2022

Respectfully submitted:

*/s/ Lori J. Ulrich*
LORI J. ULRICH, ESQUIRE
Assistant Federal Public Defender
*/s/ Brandon R. Reish*
BRANDON R. REISH, ESQUIRE
Assistant Federal Public Defender
*/s/ Amanda R. Gaynor*
AMANDA R. GAYNOR, ESQUIRE
Staff Attorney

100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-2237
Fax No. (717) 782-3881
*lori_ulrich@fd.org*
*brandon_reish@fd.org*
*amanda_gaynor@fd.org*

*Attorneys for Riley June Williams*

## CERTIFICATE OF SERVICE

I, Lori J. Ulrich, Esquire, of the Federal Public Defender's Office, do hereby certify that I served a copy of the foregoing **Defendant's Response to this Honorable Court's Minute Order dated October 26, 2022** via Electronic Case Filing, and/or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, and/or by hand delivery, addressed to the following:

Samuel Dalke, Esquire
Assistant United States Attorney
samuel.s.dalke@usdoj.gov

Michael Gordon, Esquire
Assistant United States Attorney
michael.gordon3@usdoj.gov

RILEY JUNE WILLIAMS

Date:  November 2, 2022

*/s/ Lori J. Ulrich*
LORI J. ULRICH, ESQUIRE
Assistant Federal Public Defender
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-2237
Fax No. (717) 782-3881
lori_ulrich@fd.org
*Attorney for Riley June Williams*