UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:21-cr-618 (ABJ) |
| RILEY JUNE WILLIAMS | |

**GOVERNMENT'S REVISED PROPOSED JURY INSTRUCTIONS FOR COUNT FOUR**

In response to the Court's suggestions at the pre-trial conference held on October 31, 2022, the United States submits the attached (revised) proposed jury instructions for Count Four, the charged violations of 18 U.S.C. §§ 641 and 2 (aiding and abetting theft of government property). Below, the government has proposed two alternative versions of the instructions.

The United States prefers the first proposed instruction because it closely tracks the aiding and abetting instructions given in *United States v. Jensen*, No. 1:21-cr-6 (TJK) (ECF 97 at 24); *United States v. Reffitt,* No. 1:21-cr-32 (DLF) (ECF 119 at 25-26); *United States v. Robertson,* No. 1:21-cr-34 (CRC) (ECF 86 at 14-15); *United States v. Hale-Cusanelli*, No. 1:21-cr-37 (TNM) (ECF 84 at 29-30); *United States v. Strand*, No. 1:21-cr-85 (CRC) (ECF 112 at 13-15); *United States v. Bledsoe*, No. 1:21-cr-204 (BAH) (ECF 215 at 7); *United States v. Williams*, No. 1:21-cr-377 (BAH) (ECF 112 at 7-8); *United States v. Herrera*, No. 1:21-cr-619 (BAH) (ECF 65 at 7-8). The one difference is that each of those trials gave the instruction in conjunction with a charged violation of 18 U.S.C. § 1512(c)(2). Accordingly, the United States has substituted "18 U.S.C. § 641" and "theft of government property" where appropriate.

The second proposed instruction is original.  In response to the concerns raised by the Court, it is designed to highlight that the United States is only proceeding on an aiding and abetting theory for Count Four and to present the jury with only one set of elements to consider.

Accordingly, the government crafted the second proposed instruction by combining the 18 U.S.C. § 641 charge instruction given in *United States v. Thompson,* No. 21-cr-161 (RBW) (ECF 83 at 29) with the aiding and abetting a violation of 18 U.S.C. § 1512(c)(2) instructions given in the eight January 6-related jury trials specified above: *Jensen*, *Reffitt, Robertson, Hale-Cusanelli*, *Strand*, *Bledsoe*, *Williams*, and *Herrera*.

.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY


*/s/ Michael M. Gordon*
MICHAEL M. GORDON
Assistant United States Attorney
Florida State Bar No. 1026025
400 N. Tampa St., Suite 3200
Tampa, Florida 33602
Tel. No.: (813) 274-6370
michael.gordon3@usdoj.gov

*/s/ Samuel S. Dalke*
SAMUEL S. DALKE
Assistant United States Attorney
Pennsylvania State Bar No. 311083
228 Walnut Street, Suite 220
Harrisburg, PA 17101
Tel. No.: (717) 221-4453
samuel.s.dalke@usdoj.gov

## Count Four  (OPTION #1)
## Theft of Government Property and Aiding and Abetting
## (Violation of 18 U.S.C. §§ 641 and 2)

Count Four of the Indictment charges the defendant with aiding and abetting another person in stealing United States government property, specifically a Hewlett-Packard laptop computer, which is a violation of federal law.  The Court will first explain the elements of the substantive offense, along with its associated definitions.  Then, the Court will explain how to determine whether the defendant aided and abetted the offense

**Elements**

The elements of the offense of theft of United States government property, each of which the government must prove beyond a reasonable doubt, are that:

*First*:   Someone stole (*or* embezzled *or* purloined *or* knowingly converted to his or her use or the use of another) a Hewlett-Packard laptop computer, or someone sold, conveyed, or disposed of a Hewlett-Packard laptop computer without authority to do so.

*Second*:   the laptop computer belonged to the United States or any of its departments or agencies.

*Third*:   That person intended to deprive, without right, the United States government of the use or benefit of the laptop computer.

*Fourth*:   The laptop computer was of some value.

**Definitions**

A person acts "knowingly" if she realizes what she is doing and is aware of the nature of her conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

1

The term "value" means face, par, or market value, or cost price, either wholesale or retail, whichever is greater.

**Explanation**[1]

A person may be guilty of an offense if he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice.[2] The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of theft of government property because she aided and abetted others in committing this offense, you must find the that the government proved beyond a reasonable doubt the following five requirements:

*First*: that others committed theft of government property by committing each of the elements of the offense charged, as I have explained above.

*Second*: that the defendant knew that theft of government property was going to be committed or was being committed by others.

*Third*: that the defendant performed an act or acts in furtherance of the offense.

---

[1] Redbook 3.200; 18 U.S.C. § 2(a); Third Circuit Model Jury Instructions 7.02.

[2] The United States recognizes that the Court disfavors the inclusion of the words "principal" and "accomplice," as the Court views them as loaded terms. The United States has no opposition to removing sentences referring to the "principal" and "accomplice." Nevertheless, the government included them here because they appear in the Third Circuit model instruction and were used by the trial judges in *Jensen*, *Reffitt*, *Robertson*, *Hale-Cusanelli*, *Strand*, *Bledsoe*, *Williams*, and *Herrera*.

*Fourth*:  that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of theft of government property.

*Fifth*:  that the defendant did that act or acts with the intent that others commit the offense of theft of government property.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government needs to show some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aid, assist, facilitate, or encourage only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abetter. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate himself with the offense, you may not find the defendant guilty of the obstruction of an official proceeding as an aider and abettor. The

4

government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

**Count Four  (OPTION #2)**
**Theft of Government Property and Aiding and Abetting**
**(Violation of 18 U.S.C. §§ 641 and 2)**

Count Four of the Indictment charges the defendant with aiding and abetting another person in stealing United States government property, specifically a Hewlett-Packard laptop computer, which is a violation of federal law.

**Elements**

The elements of the offense of aiding and abetting the theft of United States government property, each of which the government must prove beyond a reasonable doubt, are that:

*First*: Someone stole (*or* embezzled *or* purloined *or* knowingly converted to his or her use or the use of another) a Hewlett-Packard laptop computer, or someone sold, conveyed, or disposed of a Hewlett-Packard laptop computer without authority to do so.

*Second*: the laptop computer belonged to the United States or any of its departments or agencies.

*Third*: That person intended to deprive, without right, the United States government of the use or benefit of the laptop computer.

*Fourth*: The laptop computer was of some value.

*Fifth*: The defendant knew that theft of government property was going to be committed or was being committed by another.

*Sixth*: The defendant performed an act or acts in furtherance of the offense.

*Seventh*: The defendant knowingly performed that act or those acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of theft of government property.

**Definitions**

A person acts "knowingly" if she realizes what she is doing and is aware of the nature of her conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

The term "value" means face, par, or market value, or cost price, either wholesale or retail, whichever is greater.

**Explanation**

A person may be guilty of an offense if she aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government needs to show some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate himself with the offense, you may not find the defendant guilty of the obstruction of an official proceeding as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.