UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:21-cr-618 (ABJ) |
| RILEY JUNE WILLIAMS | |

**GOVERNMENT'S SUPPLEMENTAL BRIEF ON ADMISSIBILITY OF EVIDENCE CONCERNING THEFT OF THE GAVEL**

Following Defendant Riley Williams's objection to introduction of evidence relating to a gavel that she claimed to have stolen, the Court directed the parties to submit supplemental briefing addressing the evidentiary basis on which any such gavel evidence should be admitted.[1] For the reasons principally given in the government's response (ECF No. 86) to Williams's motion *in limine* to preclude such evidence (ECF No. 72), the gavel evidence is admissible as direct evidence tending to prove that Williams (1) was unlawfully present inside the Capitol building; (2) used unlawful means to obstruct (or attempt to obstruct) Congress's certification of the Electoral College vote; and (3) engaged in disruptive and disorderly conduct. As such the gavel evidence should be admitted without any limiting or cautionary instruction.[2]

---

[1] As the government explained in Court, the United States expects to present four categories of evidence to establish that Williams stole a gavel from Speaker of the House Nancy Pelosi's office suite: (1) testimony from a member of Speaker Pelosi's staff that the Speaker's office suite contained many gavels on the morning of January 6, 2021, and that some of those gavels were missing after the riot; (2) videos of Williams within the Speaker's office suite; (3) Williams's own statements in cell phone text messages and on social media bragging about stealing one of Speaker Pelosi's gavels and explaining how it was taken from her by police before she left the Capitol; and (4) testimony from one of Williams's associates that she showed him a picture of the stolen gavel. In this brief, the United States collectively refers to this as "the gavel evidence."

[2] Consistent with the Court's rulings during pretrial proceedings as further clarified today, this supplemental brief assumes that the gavel evidence is also admissible under Rule 404(b) of the Federal Rules of Evidence.

1

First, the gavel evidence is admissible to prove that Williams engaged in disorderly or disruptive conduct inside the restricted Capitol building and/or grounds, as charged in Counts Six and Seven, the violations of 18 U.S.C. § 1752(a)(2) and 40 U.S.C. § 5104(e)(2)(D). Under a common-sense understanding of the terms "disorderly or disruptive conduct," stealing property—let alone doing so in the midst of a widespread riot that prevented official congressional business from proceeding—readily falls within their ambit. *See, e.g.*, *United States v. Williams*, No. 21-cr-377 (BAH), Doc. 112 at 10 (D.D.C. June 30, 2022) (defining disorderly conduct to include acting "in such a manner as to cause a reasonable person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken"). Other January 6-related cases involving thefts of government property from the Capitol have resulted in convictions, via trial and guilty plea, of disorderly conduct. *See, e.g.*, *United States v. Herrera*, No 1:21-cr-619 (BAH) (January 6 defendant who stole a liquor bottle from a Capitol office, among other acts, convicted at trial of 18 U.S.C. § 1752(a)(2) and 40 U.S.C. § 5104(e)(2)(D), among other crimes); *United States v. Lyon*, No. 1:21-cr-161 (RBW) (January 6 defendant who aided and abetted the theft of a coat rack from the Capitol convicted via guilty plea of violating 18 U.S.C. § 641 and 18 U.S.C. § 1752(a)(2)). Indeed, stealing government property would also seem to fall within Williams's own proposed definition of "disorderly conduct" as behavior that "offend[s] public morals" or "undermine[s] public safety." ECF No. 92-2 at 59.[3]

Second, the gavel evidence—particularly Williams's statements about stealing the gavel and having a police officer take it from her—tends to establish that she is guilty of Count Five, which charges Williams with knowingly entering *or remaining* in a restricted building or grounds,

---

[3] In observing that the gavel evidence would be admissible on Williams's proposed definition of the term "disorderly conduct," the government does not necessarily agree that is the proper definition in this case.

2

in violation of 18 U.S.C. § 1752(a)(1). Williams's statements tend to prove that she was present where she was not legally allowed to be: inside the restricted area, and, more specifically, inside the Speaker of the House's office suite. Williams's statements about stealing the gavel also tend to prove that Williams *unlawfully remained* in the Capitol long after police began trying to remove rioters like her because she describes clashing with police officers inside the Capitol who took the stolen gavel from her and tried to arrest her for it. Finally, even if the jurors credit the argument the defendant presented in her opening statement that Williams entered the Capitol believing it to be the White House, Williams's statements about stealing the gavel tend to prove that she later figured out that she was in the Capitol, where Speaker Pelosi is the highest-ranking government officer.

The government acknowledges that ample other evidence supports a finding that Williams committed Count Five. In fact, the defendant conceded in her opening statement and during her cross-examination of the government's first witness that she entered the Capitol on January 6, 2021. But the defendant's strategic concessions and the availability of other evidence do not make the gavel evidence irrelevant to prove Count Five. The government should be permitted to put on its best case that Williams committed the offense by unlawfully entering or remaining in the restricted building or grounds.

Finally, the gavel evidence is relevant to establish that Williams acted corruptly in obstructing or impeding the Certification proceeding, in violation of 18 U.S.C. § 1512(c)(2) (Count Two). Although the parties have some disputes about the precise elements required to establish a violation of Section 1512(c)(2), *see* ECF No. 92-2 at 40-43 (joint proposed jury instructions), ECF Nos. 97, 99 (briefs arguing whether Congress's certification of the Electoral College qualifies as an "official proceeding" is a matter of law or fact), there is common ground that establishing that

a defendant acted "corruptly" can be proved by showing that a defendant used "unlawful means." *See id.* at 41 (government proposed instruction); *id.* at 42 (defendant's proposed instruction); *see also United States v. Sandlin*, 575 F. Supp. 3d 16, 31 (D.D.C. 2021) (noting that proving that a defendant acted "corruptly" for purposes of Section 1512(c)(2) requires showing that the defendant acted either "with a corrupt purpose" or through "independently corrupt means," or both) (quoting *United States v. North*, 910 F.2d 843, 942-43 (D.C. Cir. 1990) (Silberman, J., concurring in part and dissenting in part), *withdrawn and superseded in part by United States v. North*, 920 F.2d 940 (D.C. Cir. 1990) (per curiam)). Unlawful means can include theft of a gavel from the Speaker's office suite.

Admitting the gavel evidence as direct evidence of these four counts is consistent with the analysis in *United States v. Bowie*, 232 F.3d 923 (D.C. Cir. 2000). Under all three bases described above, the gavel evidence is properly considered "intrinsic" to all four of Counts Two, Five, Six, and Seven because it represents "an act that is part of a charged offense." *Id.* at 929. Williams may contest whether the evidence adduced at trial in fact establishes that she actually stole a gavel, but those arguments pertain to the weight of the gavel evidence, not its admissibility. No cautionary or limiting instruction under Rule 404(b) is therefore appropriate.

MATTHEW M. GRAVES<br>
UNITED STATES ATTORNEY<br>
D.C. Bar No. 481 052<br>
<br>
*/s/ Michael M. Gordon*<br>
MICHAEL M. GORDON<br>
Assistant United States Attorney<br>
Florida State Bar No. 1026025<br>
400 N. Tampa St., Suite 3200<br>
Tampa, Florida 33602<br>
michael.gordon3@usdoj.gov<br>
Telephone: 813-274-6370

*/s/ Samuel S. Dalke*
SAMUEL S. DALKE
Assistant United States Attorney
Pennsylvania State Bar No. 311083
228 Walnut Street, Suite 220
Harrisburg, PA 17101
samuel.s.dalke@usdoj.gov
Telephone: 717-221-4453