IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 1:21-CR-00618 |
| | : | |
| v. | : | (Judge Berman Jackson) |
| | : | |
| RILEY JUNE WILLIAMS | : | (Electronically Filed) |

**DEFENDANT'S SUBMISSION TO THE COURT REGARDING UNCHARGED CONDUCT (THEFT OF GAVEL) AND WHETHER IT IS INTRINSIC TO OTHER CHARGED CRIMES IN THE INDICTMENT**

During the government's opening statement to the jury, government counsel argued that on January 6, 2021, Ms. Williams stole a gavel from Speaker Pelosi's office. At the conclusion of the government's argument, defense counsel lodged an objection, triggering a sidebar bench conference. During the bench conference, government counsel argued that Ms. Williams' alleged and uncharged theft of a gavel from Speaker Pelosi's office is evidence that is intrinsic to the disorderly conduct crimes charged in Counts 6 and 7, and is thus admissible without a limiting instruction. It is Ms. Williams' position that any evidence concerning an alleged, uncharged theft of a gavel from Speaker Pelosi's office is <u>not intrinsic</u> to the disorderly conduct crimes.

In the D.C. Circuit, *United States v. Bowie,* 232 F.3d 923, 929 (D.C. Cir. 2000) offers guideposts concerning the admission of intrinsic evidence. Per *Bowie,* evidence is intrinsic when it "is of an act that is part of the charged offense" or is of "uncharged acts performed contemporaneously with the charged crime . . . if they facilitate the commission of the charged crime." *Id.* To be "intrinsic," evidence must be more than merely relevant to a charged crime, otherwise "Rule 404(b) would be a nullity." *Bowie*, 815 F.3d at 929.

Reference to the elements of the charges in Count 6 and 7 further demonstrate that evidence of theft does not satisfy the elements of disorderly conduct. Count 6 charges Ms. Williams with Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2). Similarly, Count 7 charges her with Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D). There are no model jury instructions for these charges in this District (or elsewhere), but at bottom, the government must prove, beyond a reasonable doubt, that Ms. Williams engaged in conduct that falls under the definition of disorderly conduct. In other January 6th cases, judges in this district have instructed jury that disorderly conduct:

> occurs when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person.

*See* Final Jury Instructions, *United States v. Jensen*, 1:21-cr-6-TJK, Doc. 97 at pp. 38-39 (September 23, 2022); *United States v. Hale-Cusanelli*, 1:21-cr-37-TNM, Doc. 84, p. 34 (May 27, 2022). The jury charge will likely define "disruptive conduct" as "a disturbance that interrupts an event, activity, or the normal course of a process." *Id.* Notably absent from this definition of disorderly and disruptive conduct are *completed* acts of theft.

Looking to the District of Columbia's definition of disorderly conduct, set forth in D.C. Code § 22-1321, judges in this district have interpreted the D.C. Code's definition "to proscribe conduct that 'occur[s] under circumstances such that a breach of peace may be occasioned thereby.'" *Marcus v. District of Columbia,* 646 F. Supp. 2d 58, 61 n. 5 (D.D.C. 2009)(citing *Shepherd v. District of Columbia*, 929 A.2d 417, 418 (D.C. 2007) and quoting *Chemalali v. District of Columbia*, 655 A.2d 1226, 1228 (D.C. 1995)). This aligns with how disorderly

conduct is defined in Black's Law Dictionary: "Behavior that tends to disturb the public peace, offend public morals, or undermine public safety." *Disorderly conduct*, Black's Law Dictionary (8th ed. 2004). Theft, on the other hand, is an entirely different crime, comprised of a different set of actions.  Black's Law Dictionary defines theft as:

> *Theft.*  1. The felonious taking and removing of another's personal property with the intent of depriving the true owner of it; larceny.   2. Broadly, any act or instance of stealing, including larceny, burglary, embezzlement, and false pretenses.

*Theft*, Black's Law Dictionary (8th ed. 2004).  Commission of a theft simply does not satisfy the definition of disorderly conduct. *See United States v. Mazanetz*, 1995 U.S. App. LEXIS 19192 at *11 (7th Cir. 1995)("Theft, the taking of another's property with the intent to permanently deprive that person of ownership is clearly distinct from [disorderly conduct].").

The government also offers a strained argument that the theft of the gavel is intrinsic to Count 5, Entering and Remaining in a Restricted Building, 18 U.S.C. § 1752(a)(1), as well as Count 12, Obstruction of an Official Proceeding, 18 U.S.C. § 1512(c)(2).  Considering *Bowie*'s limitation that an uncharged act must "facilitate the commission of the charged crime," it is a stretch to find that the uncharged and alleged theft of a "gift" gavel from the Speaker's outer office suite formed the "unlawful means" required to commit the felony of obstruction of an official proceeding.  Nor does the gavel theft in any way "facilitate" entering and remaining in a restricted building.  Further, and as the evidence will reflect, Ms. Williams "remained" in the Capitol for a half an hour or more after she left the Speaker's Office.

WHEREFORE, the defendant, Riley June Williams, respectfully requests that this Honorable Court issue an Order precluding the government from introducing any evidence or testimony at trial, without an appropriate limiting instruction, concerning Ms. Williams'

3

statements or references to taking a gavel and/or a hard drive(s) from Speaker Pelosi's office on January 6 because such evidence is not intrinsic.

                                                Respectfully submitted,

Date: November 9, 2022
                                              */s/ Lori J. Ulrich*
                                              LORI J. ULRICH, ESQUIRE
                                              Assistant Federal Public Defender
                                              */s/ Brandon R. Reish*
                                              BRANDON R. REISH, ESQUIRE
                                              Assistant Federal Public Defender
                                              */s/ Amanda R. Gaynor*
                                              AMANDA R. GAYNOR, ESQUIRE
                                              Staff Attorney

                                              100 Chestnut Street, Suite 306
                                              Harrisburg, PA 17101
                                              Tel. No. (717) 782-2237
                                              Fax No. (717) 782-3881
                                              *lori_ulrich@fd.org*
                                              *brandon_reish@fd.org*
                                              *amanda_gaynor@fd.org*

                                              *Attorneys for Riley June Williams*

## CERTIFICATE OF SERVICE

I, Lori J. Ulrich, Esquire, of the Federal Public Defender's Office, do hereby certify that I served a copy of the foregoing **Defendant's Submission to the Court Regarding Uncharged Conduct (Theft of Gavel) and Whether it is Intrinsic to Other Crimes in the Indictment** via Electronic Case Filing, and/or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, and/or by hand delivery, addressed to the following:

SAMUEL DALKE, ESQUIRE
Assistant United States Attorney
*samuel.s.dalke@usdoj.gov*

MICHAEL GORDON, ESQUIRE
Assistant United States Attorney
*Michael.gordon3@usdoj.gov*

RILEY JUNE WILLIAMS

Date:  November 9, 2022              */s/ Lori J. Ulrich*
                                     LORI J. ULRICH, ESQUIRE
                                     Assistant Federal Public Defender
                                     Attorney ID #55626
                                     100 Chestnut Street, Suite 306
                                     Harrisburg, PA 17101
                                     Tel. No. (717) 782-2237
                                     Fax No. (717) 782-3881
                                     lori_ulrich@fd.org
                                     *Attorney for Riley June Williams*