IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RILEY JUNE WILLIAMS,<br><br>Defendant. | Case No: 21-cr-618-ABJ |

## APPLICATION FOR ACCESS TO TRIAL EXHIBITS

Pursuant to Local Criminal Rule 57.6, applicants Cable News Network, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, Buzzfeed, Inc. d/b/a BuzzFeed News, CBS Broadcasting Inc. o/b/o CBS News, Dow Jones & Company, Inc., publisher of The Wall Street Journal, The E.W. Scripps Company, Gannett Co., Inc., Gray Media Group, Inc., Los Angeles Times Communications LLC, publisher of The Los Angeles Times, National Public Radio, Inc., NBCUniversal Media, LLC d/b/a NBC News, The New York Times Company, Pro Publica, Inc., Tegna, Inc., and WP Company LLC, d/b/a The Washington Post (together, the "Press Coalition") respectfully request, under the First Amendment and common law, same-day access to the exhibits that will be admitted into evidence at the upcoming jury trial in this matter. In support of this application the Press Coalition states as follows:

1.  On May 14, 2021, in response to a motion filed by the Press Coalition, Chief Judge Beryl A. Howell issued Standing Order No. 21-28 (the "Standing Order"). The Standing Order recognizes "[t]he significant public and media interest in the numerous criminal cases arising from the January 6, 2021 violent breach of the United States Capitol (the 'Capitol Cases')." *See* Standing Order at 2.

2. To accommodate this interest, the Standing Order provides that "[m]embers of the media seeking access to video exhibits submitted to the Court in Capitol Cases may file an application . . . to the presiding judge in the case, or if no judge has been assigned, to the Chief Judge, for determination, and the judge may seek the position of the parties." *See id.* at 5.

3. The Standing Order further provides that "[u]pon grant of such media application, the government shall make the video exhibit[s] available to any member of the media with necessary access credentials provided by the government, unless the order otherwise limits access." *See id.* at 5-6. Specifically, the Standing Order states that "[m]embers of the media provided access to video exhibits in a particular case pursuant to such order may view those exhibits" by way of an electronic "'drop box'" into which the Government has agreed to place videos subject to access orders in the Capitol Cases. *See id.* at 6.

4. This is one of the Capitol Cases. Defendant Riley Williams is charged with eight counts related to her conduct at the Capitol on January 6. *See* Indictment, Dkt. 27.

5. A jury trial commenced in this matter on November 8, 2022.

6. According to the Government's Exhibit List (Dkt. 103), the Government expects to introduce dozens exhibits into evidence at trial and has already shown a number in open court. These exhibits (the "Trial Exhibits") include many videos, still images from videos, and photographs. *Id.*

7. The Trial Exhibits will be introduced with the intent "to influence the court" in its decision-making, and as a result they will be judicial records subject to a "strong presumption in favor of public access." *Leopold v. United States*, 964 F.3d 1121, 1127-28 (D.C. Cir. 2020) (Garland, J.).

8. Once these Trial Exhibits are admitted in open court, neither the Defendant nor the Government can possibly rebut the presumption of access to them under *United States v. Hubbard*, 650 F.2d 293, 317-21 (D.C. Cir. 1980). *See also, e.g.*, *Craig v. Harney*, 331 U.S. 367, 374 (1947) ("A trial is a public event. What transpires in the court room is public property.").

9. Because the Trial Exhibits will be judicial records subject to an unrebutted presumption of public access upon their entry into evidence, the Court should grant this Application and direct the Government to release Trial Exhibits to the Press Coalition via electronic "drop box" on the same day that those Trial Exhibits are introduced into evidence.[1]

10. To expedite that release, the Court should instruct the Government to provide Coalition members and their counsel with the "necessary access credentials" referenced in the Standing Order.

11. The Standing Order provides that "[n]o recording, copying, downloading, retransmitting or further broadcasting of video exhibits in a particular case is permitted, unless such permission is granted by the presiding judge." *See* Standing Order at 6. The Press Coalition therefore requests that the Court grant permission to record, copy, download, retransmit, and otherwise further publish these Trial Exhibits.[2]

---

[1] The Government has provided same-day access to trial exhibits in other Capitol riot cases: *United States v. Reffitt*, No. 21-cr-32-DLF; *United States v. Griffin*, No. 21-cr-92-TNM; and *United States v. Robertson*, No. 21-cr-34-CRC.

[2] The Press Coalition makes this request without conceding that the Standing Order complies with the First Amendment or common law, and expressly reserving the right to challenge this and other portions of the Standing Order in this and other Capitol Cases.

## CONCLUSION

For the foregoing reasons, the Press Coalition respectfully requests that the Court order the Government to provide same-day access to the exhibits admitted into evidence in the upcoming trial in this matter.

Dated:  November 8, 2022             Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Lauren Russell (#1697195)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200 | Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
russelll@ballarspahr.com

*Counsel for the Press Coalition*

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2022, I caused true and correct copies of the foregoing to be served via electronic mail and U.S. Mail on the following:

A.J. Kramer
FEDERAL PUBLIC DEFENDER FOR THE DISTRICT OF COLUMBIA
625 Indiana Avenue, NW
Suite 550
Washington, DC 20004
a._j._kramer@fd.org

Brandon Reish
FEDERAL PUBLIC DEFENDER'S OFFICE
201 Lackawanna Avenue
Suite 317
Scranton, PA 18503
brandon_reish@fd.org

Lori J. Ulrich
OFFICE OF THE FEDERAL PUBLIC DEFENDER
Middle District of Pennsylvania
100 Chestnut Street
Suite 306
Harrisburg, PA 17101
lori_ulrich@fd.org

*Attorneys for Defendant Riley June Williams*

Michael Matthew Gordon
DOJ-USAO
Criminal Division, Violent Crimes and Narcotics Section
400 North Tampa Street
Suite 3200
Tampa, FL 33602
michael.gordon3@usdoj.gov

Samuel Dalke
DOJ-USAO
228 Walnut Street
Suite 220
Harrisburg, PA 17101
samuel.s.dalke@usdoj.gov

*Attorneys for the United States of America*

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)