**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **No. 1:21-cr-618-ABJ** |
| **RILEY JUNE WILLIAMS** | |

## MOTION TO PRECLUDE THE DEFENDANT FROM MAKING IMPROPER CLOSING ARGUMENTS

Based on the defendant's in-court statements during the pre-trial conferences and at trial, it appears that the defendant may make legally improper arguments during closing argument, specifically: (1) that the government's proof of Count 1, the violation of 18 U.S.C. § 231(a)(3) (civil disorder), is insufficient because the government has not shown that interstate commerce *within the Capitol grounds*—as opposed to in D.C. generally—was adversely affected by the riot; (2) that FBI agents erroneously relied on evidence from an unreliable source, M.P., to arrest her; and (3) that at an early stage of the case, FBI agents mistakenly identified her as being the person who stole Speaker of the House Nancy Pelosi's laptop.

Each of these three arguments is legally improper. The first argument misstates the law. If the defendant were allowed to make that argument, she would be adding a legal requirement that 18 U.S.C. § 231(a)(3) does not contain and thus improperly heightening the government's burden of proof. The second and third arguments, which do not pertain to any element of any charge at issue in the trial, would improperly invite jury nullification, confuse the issues, and/or mislead the jury.[1] The Court should preclude the defendant from making any of these arguments during her counsel's closing statement to the jury.

---

[1] As explained below, these arguments are also factually inaccurate.

I.      **The Court should prohibit the defendant from arguing that in order to establish the defendant violated 18 U.S.C. § 231(a)(3), the government must prove the civil disorder impacted interstate commerce *within the Capitol grounds*.**

The admitted trial evidence includes an order issued by Washington, D.C. Mayor Muriel Bowser on January 6, 2021, in response to the riot at the Capitol, in which Mayor Bowser announced a District-wide curfew from 6:00 p.m. until 6:00 a.m. the next day. *See* Govt. Ex 10.1. The admitted trial evidence also includes business records from the Safeway grocery store chain indicating that Safeway stores in Washington, D.C. closed early on January 6, 2021, in response to that curfew order, which resulted in lower-than-expected sales that day, as well as prevented those Safeway stores from receiving shipments from their supplier's Pennsylvania warehouse. *See* Govt. Exs. 10.2-10.5.

Nevertheless, the defendant has stated that the defense intends to argue to the jury that this evidence is insufficient to establish the interstate commerce prong of Count 1. The defendant intends to argue that to prove the violation of 18 U.S.C. § 231(a)(3) (civil disorder) charged here, the government must prove that the civil disorder impacted interstate commerce *on the Capitol grounds*, rather than in D.C. generally. This is contrary to law, and "misrepresentations of the law constitute improper argument."  Wayne LaFave et al, *Criminal Procedure*, § 24.7(e) Prohibited Argument (2021).

The plain text of 18 U.S.C. § 231(a)(3) fatally undermines the defendant's argument. Congress broadly stated that the civil disorder need only "in any way or degree" adversely affect commerce. *Id.* The statute does not state that the civil disorder must affect interstate commerce *at the site* of the civil disorder; there is no geographic or temporal limitation. Indeed, neither the defendant's specific acts nor the civil disorder itself must be commercial; rather, the plain language of the statute allows for chain reactions that impact interstate commerce. The civil disorder merely

2

must create circumstances that adversely *affect* commerce. In other words, as Judge James Boasberg stated in analyzing the interstate commerce prong of 18 U.S.C. § 231(a)(3) in another January 6, 2021-related case, "it is often the case that the circumstances *around* an act are what must affect interstate commerce even though the *act* itself is not commercial." *United States v. Mostofsky*, 579 F. Supp. 3d 9, 20 (D.D.C. 2021) (emphasis in original).

Here, the government will present a straightforward chain causation argument: the riot was a civil disorder. It necessitated government measures to restore the peace. One of those measures was a curfew. The curfew required Safeway stores to close hours early. The closure stopped the flow of customers into Safeway stores, which in turn reduced the stores' daily sales. The closures also prevented the stores from receiving deliveries from their out-of-state supplier. Accordingly, the riot at the U.S. Capitol adversely affected interstate commerce.

The defendant should be precluded from making the improper and erroneous argument that 18 U.S.C. § 231(a)(3) contains an implied element that there be a close geographic nexus between the civil disorder and its impact on interstate commerce.

## II.     The Court should prohibit the defendant from arguing that the FBI relied on M.P. and/or that he is an unreliable source.

It is undisputed that early in the FBI's investigation of the defendant, one of her ex-boyfriends, M.P., provided tips and copies of some of the defendant's communications to the FBI. It is also undisputed that the government did not and will not rely on M.P. at trial. The government did not and will not introduce any exhibit provided by M.P. He is not a government witness. Each of the government's exhibits were obtained from a different source. Even the copies of communications M.P. provided to the FBI were also obtained by the FBI from independent sources.

Nevertheless, the defendant has repeatedly stated (outside the presence of the jury) that the argument that the FBI improperly relied on evidence provided by M.P. is central to the defense. Not all arguments are permissible, however, no matter how "central" a defendant may deem them. The defendant's intended arguments about M.P. and the FBI lack any evidentiary basis and are thus improper. *See United States v. Moore*, 651 F. 3d 30, 53 (D.C. Cir. 2011) ("[I]n closing argument counsel may not refer to, or rely upon, evidence unless the trial court has admitted it.") (citing *United States v. Maddox*, 156 F.3d 1280, 1282 (D.C. Cir. 1998)). While Special Agent Lund testified that M.P. provided the FBI with tips and other information at the outset of the investigation, no evidence from M.P. has been admitted at trial and there is no evidence that the FBI relied on him. Moreover, no evidence concerning M.P.'s credibility or his history with the defendant has been admitted at trial. The Court would properly exclude any such evidence under Rules 401 and 403 because it would be irrelevant and entirely collateral to any issues at trial: the defendant is on trial for charges brought by the grand jury, not the FBI. The jury must reach its verdict by evaluating the evidence presented in court during trial, not what was presented to or discovered by the FBI at an earlier stage in the case.

In seeking to argue that the FBI improperly relied on evidence from an unreliable source, M.P., the defendant would be making an improper jury nullification argument. As the D.C. Circuit has made clear,

> A jury has no more "right" to find a "guilty" defendant "not guilty" than it has to find a "not guilty" defendant "guilty," and the fact that the former cannot be corrected by a court, while the latter can be, does not create a right out of the power to misapply the law. Such verdicts are lawless, a denial of due process and constitute an exercise of erroneously seized power.

*United States v. Washington*, 705 F.2d 489, 494 (D.C. Cir. 1983). Evidence that only serves to support a jury nullification argument or verdict has no relevance to guilt or innocence. *See United*

*States v. Gorham*, 523 F.2d 1088, 1097-98 (D.C. Cir. 1975); *see also United States v. Funches*, 135 F.3d 1405, 1409 (11th Cir. 1998) ("No reversible error is committed when evidence, otherwise inadmissible under Rule 402 of the Federal Rules of Evidence, is excluded, even if the evidence might have encouraged the jury to disregard the law and to acquit the defendant.").  Whether the FBI did or did not rely on tips and other evidence provided by M.P. in building its case does not go to any element of any charge the defendant faces at trial. The Court should thus preclude the defendant from arguing that M.P.'s involvement in the early stages of the investigation irreparably tainted the prosecution as an improper invitation for jury nullification.

### III.    The Court should prohibit the defendant from arguing that the FBI improperly charged her with stealing the laptop.

The defendant has also stated that a core part of the defense is the argument that the FBI inappropriately identified her as the culprit who stole Speaker Pelosi's laptop when the evidence the FBI possessed instead suggested that she aided and abetted the thief, at most. As an initial matter, the defendant's argument is factually untrue. The Amended Complaint makes clear that the defendant was charged with aiding and abetting the laptop theft. *See* ECF 3, 4. The grand jury voted to charge the defendant under an aiding and abetting theory as well. *See* ECF 27.

During trial, the defendant stated that a core part of her defense is that the FBI made a "mistake" in pursuing charges against her for her role in the theft of Speaker Pelosi's laptop. Even if the defendant's claim was factually correct, it would still be an improper basis for argument. The question at trial is not whether the *FBI* charged the defendant appropriately but rather whether the *grand jury* did. The Court should preclude the defendant from arguing to the jury that they should or may acquit the defendant because of any decision, action, or recommendation made by the FBI. In short, such an argument lacks any evidentiary basis, *see Moore*, 651 F. 3d at 53, "has no relevance to guilt or innocence," *Gorham*, 523 F.2d at 1097-98, and invites "lawless" jury

nullification, *Washington*, 705 F.2d at 494. Accordingly, the Court should preclude the defendant from arguing to the jury that she should be acquitted because of any determinations or recommendations by the FBI about her role in the theft of Speaker Pelosi's laptop.

### IV.    Conclusion

For the above stated reasons, the Court should preclude the defendant from making the identified improper arguments to the jury during closing.

Dated November 14, 2022.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481 052

By:      */s/ Michael M. Gordon*
MICHAEL M. GORDON
Assistant United States Attorney
Florida State Bar No. 1026025
400 N. Tampa St., Suite 3200
Tampa, Florida 33602
michael.gordon3@usdoj.gov
Telephone: 813-274-6370

*/s/ Samuel S. Dalke*
SAMUEL S. DALKE
Assistant United States Attorney
Pennsylvania State Bar No. 311083
228 Walnut Street, Suite 220
Harrisburg, PA 17101
samuel.s.dalke@usdoj.gov
Telephone: 717-221-4453