UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:21-cr-618 (ABJ) |
| RILEY JUNE WILLIAMS | |

**DEFENDANT'S MEMORANDUM ON AIDING AND ABETTING
AND PROPOSED SUPPLEMENTAL JURY INSTRUCTION**

The government has charged Ms. Williams as a principal or aidor and abettor as to Count Two (Obstruction of an Official Proceeding). She has also been charged as an aidor and abetter as to Count Four (Theft of Government Property). In the interests of efficiency, undersigned counsel supply this brief memorandum of law on aiding and abetting culpability in support of closing argument and respectfully requests the final jury instruction on aiding and abetting attached hereto as Exhibit A.[1]

For example, to prove that Ms. Williams aided and abetted others in committing obstruction of an official proceeding, the government must prove five elements: First, others committed obstruction of an official proceeding; second, Ms. Williams knew that obstruction was going to be committed or was being committed by others; third, she performed an act or acts in furtherance of that obstruction; fourth, she knowingly performed her act or acts for the purpose of aiding others in committing that obstruction; fifth, she did her act or acts with the intent that others commit that obstruction. *See* Final Jury Instructions in *United States v. Hale-Cusanelli,* No. 21-CR-00037-TNM, Docket Entry 84 (May 27, 2022) at p. 29. It must have been Ms. Williams's "intent and purpose" to

---

[1] The attached jury instruction in exhibit A is largely the same as what was provided by the defense in the Proposed Joint Jury Instructions filed with the Joint Pretrial Statement in this matter, *See* Docket Entry 92-2 at pp. 56-58 (CM/ECF pagination), with an addition in light of the Supreme Court's holding in *Rosemond v. United States*, 572 U.S. 65, 81–82 (2014), as discussed *infra* in this Memorandum.

aid and abet this offense; if she was "merely associated with persons involved . . . or was merely present or was merely a knowing spectator during the commission of the offense," or even if he "knew that the offense was being committed" but lacked the necessary intent and purpose, he cannot be convicted as an aider and abettor. *Id.* at 30.

Separately, the government must show that Ms. Williams had advance knowledge that others would be seeking to obstruct the Electoral College vote count. *See Rosemond v. United States*, 572 U.S. 65, 81–82 (2014) ("The District Court erred . . . because it did not explain that Rosemond needed advance knowledge of a firearm's presence."). This is because the Supreme Court held in *Rosemond v. United States* that a defendant can only be held liable under an aiding and abetting theory if she acts with "full awareness of its scope" and thereby "align[s] itself with the illegal scheme in its entirety." 572 U.S. at 77–78. The defendant must have knowledge of all circumstances relevant to the full offense before his participation; obtaining that knowledge during the course of the crime is not sufficient to establish aiding and abetting liability. *Rosemond*, 572 U.S. at 80–81. Since Rosemond, multiple circuits have applied the advance knowledge requirement from *Rosemond* to a wide swath of offenses. *See, e.g.*, *United States v. Encarnación-Ruiz*, 787 F.3d 581, 588 (1st Cir. 2015) (defendant not liable as accomplice to production of child pornography because he was unaware victim was underage); *United States v. Goldtooth*, 754 F.3d 763, 768–69 (9th Cir. 2014) (defendant not liable as accomplice to robbery without foreknowledge that robbery was to occur). Ms. Williams respectfully refers the Court to this memorandum of law regarding aiding and abetting liability in support of her request for a jury instruction on aiding and abetting attached hereto as Exhibit A.

Date:  November 15, 2022                                        Respectfully submitted,

                                                             */s/ Lori J. Ulrich*
                                                             LORI J. ULRICH, ESQUIRE
                                                             Assistant Federal Public Defender
                                                             */s/ Brandon R. Reish*

>BRANDON R. REISH, ESQUIRE
>Assistant Federal Public Defender
>*/s/ Amanda R. Gaynor*
>AMANDA R. GAYNOR, ESQUIRE
>Staff Attorney
>
>100 Chestnut Street, Suite 306
>Harrisburg, PA 17101
>Tel. No. (717) 782-2237
>Fax No. (717) 782-3881
>*lori_ulrich@fd.org*
>*brandon_reish@fd.org*
>*amanda_gaynor@fd.org*
>
>*Attorneys for Riley June Williams*

## CERTIFICATE OF SERVICE

I, Lori J. Ulrich, Esquire, of the Federal Public Defender's Office, do hereby certify that I served a copy of the foregoing **Defendant's Memorandum on Aiding and Abetting and Proposed Supplemental Jury Instruction** via Electronic Case Filing, and/or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, and/or by hand delivery, addressed to the following:

>SAMUEL DALKE, ESQUIRE
>MICHAEL GORDON, ESQUIRE
>Assistant United States Attorneys
>*samuel.s.dalke@usdoj.gov*
>*michael.gordon3@usdoj.gov*
>
>RILEY JUNE WILLIAMS

Date:  November 15, 2022

>*/s/ Lori J. Ulrich*
>LORI J. ULRICH, ESQUIRE
>Assistant Federal Public Defender
> Attorney ID #55626
>100 Chestnut Street, Suite 306
>Harrisburg, PA 17101
>Tel. No. (717) 782-2237
>Fax No. (717) 782-3881
>lori_ulrich@fd.org
>*Attorney for Riley June Williams*