**Aiding and Abetting**[1]

A person may be guilty of an offense because she personally committed the offense herself or because she aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal.

In this case, the government alleges that Ms. Williams aided and abetted others in committing obstruction of an official proceeding as charged in the indictment. In order to find Ms. Williams guilty of obstruction of a official proceeding because she aided and abetted the commission of this offense, you must find that the government proved beyond a reasonable doubt each of following four (4) requirements:

> First: That others committed the offense charged by committing each of the elements of the offense charged, as I have explained those elements to you in these instructions.
>
> Second: That Ms. Williams had advance knowledge[2] that the offense charged was going to be committed or was being committed by others, and
>
> Third: That Ms. Williams knowingly did some act for the purpose of aiding, assisting, facilitating, or encouraging others in committing the specific offense charged and with the intent that others commit that specific offense, and
>
> Fourth: That Ms. Williams performed an act in furtherance of the offense charged.

In deciding whether Ms. Williams had the required knowledge and intent to satisfy the third requirement for aiding and abetting, you may consider both direct and circumstantial evidence including Ms. Williams' words and actions and the other facts and circumstances.

---

[1] 18 U.S.C. § 2(a); Third Circuit Model Jury Instructions 7.02
[2] *See Rosemond v. United States*, 572 U.S. 65, 81–82 (2014) ("The District Court erred . . . because it did not explain that Rosemond needed advance knowledge of a firearm's presence.").

However, evidence that Ms. Williams merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find her guilty as an aider and abettor. If the evidence shows that Ms. Williams knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was Ms. Williams' intent and purpose to aid, assist, encourage, facilitate or otherwise associate herself with the offense, you may not find Ms. Williams guilty of the offense as an aider and abettor. The government must prove beyond a reasonable doubt that Ms. Williams in some way participated in the offense committed by others as something Ms. Williams wished to bring about and to make succeed.

To show that Ms. Williams performed an act in furtherance of the offense charged, to satisfy the fourth requirement, the government needs to show some affirmative participation by Ms. Williams which at least encouraged others to commit the offense. That is, you must find that Ms. Williams' acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. Ms. Williams' act need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if Ms. Williams' acts further aided, assisted, facilitated, or encouraged only one part or phase of the offense. Also, Ms. Williams' acts need not themselves be against the law.