# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Crim. Action No. 21-0618 (ABJ) |
| | ) | |
| RILEY JUNE WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

Leave to file GRANTED

_Amy B. Jackson_                11/16/2022
Amy B. Jackson                     Date
United States District Judge

## FINAL JURY INSTRUCTIONS

Furnishing The Jury With A Copy Of The Instructions

I have provided you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

## Notetaking By Jurors

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notebooks with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the notetaker's own personal use.

Function Of The Court

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

## Function Of The Jury

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism. You should not be improperly influenced by anyone's race, ethnic origin, or gender. Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

## Jury's Recollection Controls

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

## Evidence In The Case--Stipulations

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence, and the facts stipulated to by the parties.

During the trial, you were told that the parties had stipulated--that is, agreed--to certain facts. You should consider any stipulation of fact to be undisputed evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

You will have a copy of the stipulations along with the other evidence when you retire to the jury room to deliberate.

<u>Redacted Documents and Tapes</u>

During the course of this trial, a number of exhibits were admitted in evidence. Sometimes only those parts of an exhibit that are relevant to your deliberations were admitted. Where this has occurred, the irrelevant parts of the exhibit were blacked out or deleted. Thus, if when you examine any exhibit, you notice that there appears to be an omission, you should consider only the portions that were admitted. You should not guess as to what has been taken out.

## Statements Of Counsel

The statements and arguments of the lawyers are not evidence.  They are only intended to assist you in understanding the evidence.  Similarly, the questions of the lawyers are not evidence.

<u>Inadmissible and Stricken Evidence</u>

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper.  You must not hold such objections against the lawyer who made them or the party he or she represents.  It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been.  If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations.

Indictment Not Evidence

An indictment is merely the formal way of accusing a person of a crime.  You must not consider the fact that the defendant was indicted as evidence of any kind--you may not consider it as any evidence of the defendant's guilt or draw any inference of guilt from it.

## Nature Of Charges Not To Be Considered

One of the questions you were asked when we were selecting this jury was whether the nature of the charges itself would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

<u>Possible Punishment Not Relevant</u>

The question of possible punishment of the defendant in the event of a conviction is not a concern of yours and should not enter into or influence your deliberations in any way.  The duty of imposing sentence in the event of a conviction rests exclusively with me.  Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

Direct And Circumstantial Evidence

There are two types of evidence from which you may determine what the facts are in this case--direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

Credibility Of Witnesses

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

You may consider anything that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including any circumstances that would impair or improve the witness's ability to remember the event, the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

You may consider whether there are any consistencies or inconsistencies in a witness's testimony or between the witness's testimony and any previous statements made by the witness. You may also consider any consistencies or inconsistencies between the witness's testimony and any other evidence that you credit. You may consider whether any inconsistencies are the result

of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in perception.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

Evaluation of Prior Inconsistent Statement of a Witness

You have heard evidence that a witness made a statement on an earlier occasion and that this statement may be inconsistent with their testimony here at trial. It is for you to decide whether the witness made such a statement and whether in fact it was inconsistent with the witness's testimony here. If you find such an inconsistency, you may consider the earlier statement in judging the credibility of the witness, but you may not consider it as evidence that what was said in the earlier statement was true.

## Police Officer's Testimony

A police officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a police officer.

It is legitimate, though, for a defense attorney to try to attack the believability of a law enforcement officer.

Number of Witnesses

The weight of the evidence is not necessarily determined by the number of witnesses testifying for either side.  Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe.

## Right Of Defendant Not To Testify

Ms. Williams did not testify in this case.  A defendant has an absolute constitutional right not to testify.  The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant.  The defendant is never required to prove that she is innocent.  You must not attach any significance to the fact that Ms. Williams did not testify.  You must not draw any adverse inference against her because she did not take the witness stand.  Do not consider, for any reason at all, the fact that Ms. Williams did not testify.  Do not discuss that fact during your deliberations or let it influence your decision in any way.

Burden Of Proof--Presumption Of Innocence

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven she is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require the defendant to prove her innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which the defendant is charged, it is your duty to find her guilty of that offense. On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, it is your duty to find her not guilty of that offense.

Reasonable Doubt

The government has the burden of proving Riley June Williams guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason--a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

Unanimity

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict.  In other words, your verdict on each count must be unanimous.

Multiple Counts--One Defendant

Each count of the indictment charges a separate offense. You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count. The fact that you may find the defendant guilty or not guilty on one count of the indictment should not influence your verdict with respect to the other count of the indictment.

Elements of the Offense

## COUNT ONE
### Civil Disorder
### (Violation of 18 U.S.C. § 231(a)(3))

Count One of the Indictment charges the defendant with committing or attempting to commit an act to obstruct, impede, or interfere with law enforcement officers who were lawfully carrying out their official duties incident to and during a civil disorder.

In order to find the defendant guilty of this offense, you must find the following three elements beyond a reasonable doubt:

*First*:    the defendant knowingly committed an act or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

*Second*:    at the time the defendant committed or attempted to commit the act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

*Third*:    the civil disorder, in any way or degree, obstructed, delayed, or adversely affected either: commerce or the movement of any article or commodity in commerce; or the conduct or performance of any federally protected function.

I will now define what some of these terms mean for purposes of this instruction.

With respect to the first element, a person acts "knowingly" if she realizes what she is doing and is aware of the nature of her conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

Also, in connection with the first element, I told you that the government had to prove that the defendant knowingly committed an act or that she "attempted" to do so. To "attempt" means that the defendant had the intent to do the act and took a substantial step towards completing it. In

connection with that, it would not be enough to show merely that the defendant thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it. Nor would it be sufficient if the defendant simply made plans to commit the offense; the evidence must show that the defendant took clear steps to carry out her intent. If you find either that the defendant knowingly committed the act or attempted to commit it, the first element is satisfied.

With respect to the second element, the term "civil disorder" means any public disturbance involving acts of violence by groups of three or more people, which causes an immediate danger of, or results in, damage or injury to the property or person of any other individual. The second element also includes a reference to "official duties;" for the U.S. Capitol Police and Metropolitan Police Departments, the term "official duties," includes policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.

With respect to the third element, the term "commerce" means commerce between one state, including the District of Columbia, and any other state; commerce between points within any state or within the District of Columbia that passes through any point outside that state or the District; or commerce wholly within the District of Columbia.

The term "federally protected function" in the third element means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof. The term "department" includes executive departments. The Department of Homeland Security, which includes the United States Secret Service, is an executive department. The term "agency" includes any branch, department, independent establishment, commission, administration, authority, board, or bureau of the United States.

As I just explained, the third element requires the government to prove that the law enforcement officer was engaged in the lawful performance of their official duties incident to and during the commission of a civil disorder which in any way obstructs, delays, or adversely affects commerce or the movement of any article in commerce, or in any way obstructs, delays or adversely affects the conduct or performance of any federally protected function. The government is not required to prove that the civil disorder had both of these effects, but you must each find that it has proved at least one effect beyond a reasonable doubt.

If you find the defendant not guilty of this offense, you will go on to Count Two on the verdict form. If the government has established all three elements beyond a reasonable doubt and you find the defendant guilty of this offense, you will be asked to indicate on the verdict form: 1) whether the jury unanimously agrees that the government has shown that the civil disorder obstructed, delayed, or adversely affected commerce; and 2) whether the jury unanimously agrees that the government has shown that the civil disorder obstructed, delayed or adversely affected the conduct of a federally protected function.

**COUNT TWO**
**Obstruction of an Official Proceeding and Aiding and Abetting**
**(Violation of 18 U.S.C. §§ 1512(c)(2) and 2)**

Count Two of the Indictment charges the defendant with corruptly obstructing or attempting to obstruct an official proceeding, in particular, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and provisions of the United States Code. Count Two also charges the defendant with aiding and abetting others to commit that offense. I will explain what the elements of the offense are first, and then define aiding and abetting.

**Elements**

In order to find the defendant guilty of corruptly obstructing an official proceeding, you must find that the government proved each of the following four elements beyond a reasonable doubt:

*First*:     the defendant attempted to, or did obstruct or impede an official proceeding.

*Second*:     the defendant intended to obstruct or impede the official proceeding.

*Third*:     the defendant acted knowingly, with awareness that the natural and probable effect of her conduct would be to obstruct or impede the official proceeding.

*Fourth*:     the defendant acted corruptly.

For the first element, the law defines the term "official proceeding" to mean, among other things, a proceeding before the Congress. The official proceeding need not be pending or about to be instituted at the time of the offense. If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant.

The word "attempt" in the first element means that the defendant had the intent to do the act and took a substantial step towards completing it. In connection with that, it would not be enough to show merely that the defendant thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it. Nor would it be sufficient if the defendant simply made plans to commit the offense; the evidence must show that the defendant took clear steps to carry out her intent. If you find either that the defendant knowingly committed the act or attempted to commit it, the first element is satisfied.

For the third element, a person acts "knowingly" if she realizes what she is doing and is aware of the nature of her conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

With respect to the fourth element, to act "corruptly," the defendant must use unlawful means or have a wrongful or an unlawful purpose, or both. The defendant must act with "consciousness of wrongdoing," which means with an understanding or awareness that what the person is doing is wrong or unlawful.

### Aiding and abetting

You may find the defendant guilty of the offense charged in Count Two (obstruction of an official proceeding) without finding that she personally committed each of the acts that make up the crime. Any person who in some way intentionally participates in the commission of a crime can be found guilty either as an aider and abettor or as a principal offender. The person is as guilty of the crime as she would be if she had personally committed each of the acts that make up the crime.

To find that a defendant aided and abetted the commission of a crime by another, you must find that the defendant knowingly associated herself with the commission of the crime, that she participated in the crime as something she wished to bring about, and that she intended by her actions to make it succeed.

Some affirmative conduct by the defendant in planning or carrying out the crime is necessary. Mere physical presence at the place and time the crime is committed is not by itself sufficient to establish guilt as an aider and abettor. However, mere presence can be enough if it was intended to and did help in the commission of the crime.

The government is not required to prove that anyone discussed or agreed upon a specific time or method of committing the crime. Nor does the government need to prove that the principal offender or offenders and the person alleged to be the aider and abettor directly communicated with each other.

I have already instructed you on the elements of the offense of corruptly obstructing or impeding an official proceeding. Regardless of whether the defendant is an aider and abettor or a principal offender, the government must prove beyond a reasonable doubt that she personally acted with the intent to obstruct or impede the official proceeding; that she personally acted knowingly as I just defined that term; and that she personally acted corruptly as I just defined that term.

It is not necessary that all people who committed the crime be caught or identified. But you must find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted them in committing the crime.

If the government has proved beyond a reasonable doubt that the defendant is guilty of Count Two as either a principal or an aider and abettor, you must find her guilty of Count Two. If

the government has not established either her personal participation or her aiding and abetting beyond a reasonable doubt, you must find her not guilty.

## COUNT THREE
### Resisting or Impeding Certain Officers
### (Violation of 18 U.S.C. § 111(a)(1))

In Count Three, the defendant is charged with forcibly resisting, opposing, impeding, intimidating, or interfering with a federal officer while the officer is engaged in the performance of his or her official duties.

### Elements

To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:  the defendant resisted, opposed, impeded, intimidated, or interfered with a federal officer or officers or any person or persons assisting a federal officer.

*Second*:  that when she did so, the defendant acted forcibly.

*Third*:  that when she did so, the defendant acted intentionally.

*Fourth*:  that the person she resisted, opposed, impeded, intimidated, or interfered with was an officer or an employee of the United States who was then engaged in the performance of his or her official duties, or any person assisting such an officer or employee in the performance of that officer's duties.

*Fifth*:  that at the time, the defendant acted with the intent to commit another offense, that is, either Count One or Count Two.

### Definitions

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" used in the first element carry their everyday, ordinary meanings. This element is satisfied if you find that the defendant did any one of these things.

The second element requires you to find, though, that the defendant resisted, impeded, intimidated, or interfered with the officer or officers "forcibly." This means you must find that she used force, attempted to use force, or threatened to use force against the federal officer or officers. A threat to use force at some unspecified time in the future is not sufficient to establish that the defendant acted forcibly.

As for the fourth element, you are instructed that the United States Capitol Police are federal officers, and that it was a part of their official duty to protect the U.S. Capitol complex on January 6, 2021. You are further instructed that Metropolitan Police Department officers were assisting those Capitol Police officers with their official duties on January 6, 2021.

It is not necessary to show that the defendant knew the person being forcibly resisted, opposed, impeded, intimidated, or interfered with was, at that time, a federal officer carrying out an official duty so long as it is established beyond a reasonable doubt that the victim was, in fact, a federal officer acting in the course of their duty and that the defendant intentionally and forcibly resisted, opposed, impeded, intimidated, or interfered with that officer.

If, after careful consideration of all of the evidence, you have a reasonable doubt as to the fifth element, that is, whether the defendant acted with the intent to commit Count One or Two, then you must find the defendant not guilty of this offense. As you will see on the verdict form, you may then consider whether the defendant is guilty of the lesser included offense of simple assault. Simple assault differs from the offense charged in that the government must still prove that the defendant acted forcibly, but need not prove that the defendant acted with the intent to commit Count One or Two. However, the government must prove all of the other elements of the offense that I have listed.

## COUNT FOUR
### Aiding and Abetting Theft of Government Property
### (Violation of 18 U.S.C. §§ 641 and 2)

Count Four of the Indictment charges the defendant with aiding and abetting another person in the theft of government property, specifically, a Hewlett-Packard laptop computer. I will set out the elements of that offense and then explain aiding and abetting.

**Elements**

The elements of the offense of the theft of United States government property, each of which the government must prove beyond a reasonable doubt, are:

*First*:    that someone stole (or embezzled, purloined, or knowingly converted to their own use or the use of another) a Hewlett-Packard laptop computer.

*Second*:    that the laptop belonged to the United States or any of its departments or agencies.

*Third*:    that the person intended to deprive, without right, the United States government of the use or benefit of the property.

**Definitions**

The term "value" means face, par, or market value, or cost price, either wholesale or retail, whichever is greater.

**Aiding and abetting**

A person may be guilty of an offense because she personally committed the offense or because she aided and abetted another person – often referred to as the "principal" – in committing the offense. In that case, you must find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find Ms. Williams guilty of aiding and abetting the theft of government property, you must find that the government proved beyond a reasonable doubt each of following requirements:

First: That someone else committed the offense of theft of government property by satisfying all of the elements I just listed above;

Second: That the defendant knew that the offense was going to be committed or was being committed;

Third: That the defendant performed an act or acts in furtherance of the offense; and

Fourth: That the defendant knowingly performed the act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging another to commit the offense.

To satisfy the third element and show that Ms. Williams performed an act "in furtherance of" the offense charged, the government needs to show some affirmative participation by Ms. Williams which at least encouraged another to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage another to commit the offense. The government is not required to show that her act or acts furthered every element or aspect of the offense charged; it is enough if Ms. Williams performed an act to further part of the offense. Also, the defendant's acts need not themselves be against the law.

For the fourth element, once again, a person acts "knowingly" if she realizes what she is doing and is aware of the nature of her conduct, and does not act through ignorance, mistake, or accident. In deciding whether Ms. Williams had the required knowledge and intent to satisfy the third requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and the other facts and circumstances. However, evidence that Ms. Williams merely associated with persons involved in a criminal

venture, or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find her guilty as an aider and abettor. If the evidence shows that Ms. Williams knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was her intent and purpose to aid, assist, encourage, facilitate or otherwise associate herself with the offense, you may not find Ms. Williams guilty of the offense as an aider and abettor. The government must prove beyond a reasonable doubt that Ms. Williams in some way participated in the offense as something Ms. Williams wished to bring about and to make succeed.

**COUNT FIVE**
**Entering and Remaining in a Restricted Building or Grounds**
**(Violation of 18 U.S.C. § 1752(a)(1))**

Count Five of the Indictment charges the defendant with entering or remaining in a restricted building or grounds.

**Elements**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First*:     that the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

*Second*:     that the defendant did so knowingly.

**Definitions**

The term "restricted building or grounds" used in the first element means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is temporarily visiting or will be temporarily visiting. The term "person protected by the Secret Service" includes the Vice President of the United States.

As for the second element, a person acts "knowingly" if she realizes what she is doing and is aware of the nature of her conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

## COUNT SIX
### Disorderly Conduct in a Restricted Building or Grounds
### (Violation of 18 U.S.C. § 1752(a)(2))

Count Six of the Indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds.

**Elements**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First*:     that the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

*Second*:     that the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

*Third*:     that the defendant's conduct occurred when, or so that, her conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

**Definitions**

"Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances or interferes with another person.  It may include loud, threatening, or abusive language, disruptive conduct, or acting in a manner as to cause another individual to be in reasonable fear that some harm to their person or property is likely.  It is behavior that tends to disturb the public peace, offend public morals, or undermine public safety.  "Disruptive conduct" is a disturbance that interrupts the normal business or orderly conduct of an event, public activity, or gathering.

The term "restricted building or grounds" means, as in Count Five, any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret

Service is temporarily visiting or will be temporarily visiting.  The term "person protected by the Secret Service" includes the Vice President of the United States.

As for the second element, a person acts "knowingly" if she realizes what she is doing and is aware of the nature of her conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

**COUNT SEVEN**
**Disorderly Conduct in a Capitol Building**
**(Violation of 40 U.S.C. § 5104(e)(2)(D))**

Count Seven of the Indictment charges the defendant with disorderly conduct in a Capitol Building or Grounds.

**Elements**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First*:    that the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or Grounds.

*Second*:    that the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

*Third*:    that the defendant acted willfully and knowingly.

**Definitions**

With respect to the first element, "disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances or interferes with another person. It may include loud, threatening, or abusive language, disruptive conduct, or acting in a manner as to cause another individual to be in reasonable fear that some harm to their person or property is likely. It is behavior that tends to disturb the public peace, offend public morals, or undermine public safety. "Disruptive conduct" is a disturbance that interrupts the normal business or orderly conduct of an event, public activity, or gathering.

The term "United States Capitol Buildings or Grounds" in the first element includes the United States Capitol located at First Street, Southeast, in Washington, D.C. and its grounds, which includes all squares, reservations, streets, roadways, walks, and other areas as defined on a map entitled "Map showing areas comprising United States Capitol Grounds," dated June 25, 1946,

approved by the Architect of the Capitol, and recorded in the Office of the Surveyor of the District of Columba in book 127, page 8. You are instructed that the West Front of the United States Capitol, including the Lower West Terrace, is part of the "United States Capitol Building or Grounds" for purposes of this count.

As for the third element, a person acts "knowingly" if she realizes what she is doing and is aware of the nature of her conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

A person acts "willfully" if she acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that her conduct may be violating.

## COUNT EIGHT
### Parading, Demonstrating, or Picketing in a Capitol Building
### (Violation of 40 U.S.C. § 5104(e)(2)(G))

Count Eight of the Indictment charges the defendant with parading, demonstrating, or picketing in a Capitol Building.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.

2. Second, that the defendant acted willfully and knowingly.

The terms "parade" and "picket" in the first element have their ordinary meanings. The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress.

The government must prove that this offense took place inside the "United States Capitol Buildings." The U.S. Capitol is located at First Street, S.E., Washington, D.C., and the word "buildings" here includes the interior of the entire physical structure depicted in Government's Exhibits 12.11 and 12.12 and Defense Exhibits 113 and 114, including such spaces as the Rotunda, the Crypt, the House and Senate Chambers, and associated offices.

As for the second element, a person acts "knowingly" if she realizes what she is doing and is aware of the nature of her conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

A person acts "willfully" if she acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that her conduct may be violating.

## Proof Of State Of Mind

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts done by Riley June Williams, and all other facts and circumstances received in evidence which indicate her intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts she intentionally did or intentionally did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that Riley June Williams acted with the necessary state of mind.

<u>Exhibits During Deliberations</u>

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdict. Please keep in mind that any exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

You will be provided with a laptop to view all the exhibits.

## Selection Of Foreperson

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission--to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

<u>Cautionary Instruction On Publicity, Communication And Research</u>

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the Internet or in another way.

## Attitude And Conduct Of Jurors In Deliberations

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance.  It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict.  When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case.  Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room.  Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed.  Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

## Communications Between Court And Jury During Jury's Deliberations

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person-- not the clerk, the marshal or me--how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter--for example, 6-6 or 7-5 or 11-1, or in any other fashion--whether the vote is for conviction or acquittal or on any other issue in the case.

## Verdict Form Explanation

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

<u>Excusing Alternate Jurors</u>

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We selected two seats to be the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse those jurors in seats 13 and 14.

Before you two leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.