UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

RILEY JUNE WILLIAMS,
    Defendant.

No. 1:21-cr-618-ABJ

**UNOPPOSED MOTION TO DISMISS COUNTS 2 AND 4
OF THE INDICTMENT WITHOUT PREJUDICE**

The United States of America moves to dismiss counts 2 and 4 of the Indictment (ECF Nos. 27, 90-1) without prejudice, pursuant to Federal Rule of Criminal Procedure 48(a).

Rule 48(a) provides "[t]he government may, with leave of court, dismiss an indictment." Fed.R.Crim.P. 48(a). "The discretion of whether to dismiss an indictment, and whether to dismiss it with or without prejudice, lies in the first instance with the prosecutor." *United States v. Florian*, 765 F. Supp.2d 32, 34 (D.D.C. 2011). Absent evidence that the government is seeking to dismiss an indictment in bad faith or for reasons clearly contrary to the public interest, a motion for leave to dismiss should be granted. *See Rinaldi v. United States*, 434 U.S. 22, 29–30, 98 S.Ct. 81, 54 L.Ed.2d 207 (1977). Moreover, under Rule 48, "there is a strong presumption in favor of a dismissal without prejudice over one with prejudice." *Florian*, 765 F. Supp.2d at 34. Only under "exceptional circumstances" should a court deny the government's request for dismissal without prejudice. *Id.*

On November 21, 2022, following a 7-day trial, a jury returned a unanimous guilty verdict against defendant Riley June Williams on counts 1, 3, 5, 6, 7, and 8. As to counts 2 and 4, the jury indicated it was deadlocked and could not reach a unanimous verdict of either conviction or acquittal. The decision to retry deadlocked counts is at the discretion of the prosecutor. Here, in the interest of party and judicial economy, and recognizing the defendant likely faces a substantial

sentence on the six counts of conviction already, the government requests leave to dismiss counts 2 and 4 of the Indictment without prejudice, pursuant to Federal Rule of Criminal Procedure 48(a). This decision should allow the parties and court to move forward with defendant's sentencing as scheduled on February 22, 2023, and to achieve justice for the defendant's conduct without delay.

The defendant's counsel concurs with the government's motion.

Dated December 5, 2022.

                Respectfully submitted,

                MATTHEW M. GRAVES
                UNITED STATES ATTORNEY
                D.C. Bar No. 481 052

                */s/ Michael M. Gordon*
                MICHAEL M. GORDON
                Assistant United States Attorney
                Florida State Bar No. 1026025
                400 N. Tampa St., Suite 3200
                Tampa, Florida 33602
                michael.gordon3@usdoj.gov
                Telephone: 813-274-6370

                */s/ Samuel S. Dalke*
                SAMUEL S. DALKE
                Assistant United States Attorney
                Pennsylvania State Bar No. 311083
                228 Walnut Street, Suite 220
                Harrisburg, PA 17101
                samuel.s.dalke@usdoj.gov
                Telephone: 717-221-4453

## CERTIFICATE OF SERVICE

On this 5th day of December 2022, a copy of the foregoing Unopposed Motion to Dismiss Counts 2 and 4 of the Indictment without prejudice was served upon all parties listed on the Electronic Case Filing (ECF) System.

By: /s/ Samuel S. Dalke
SAMUEL S. DALKE
Assistant United States Attorney
Pennsylvania State Bar No. 311083
228 Walnut Street, Suite 220
Harrisburg, PA 17101
samuel.s.dalke@usdoj.gov
Telephone: 717-221-4453