UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.                                                                         No. 1:21-cr-618-ABJ

RILEY JUNE WILLIAMS

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL RULE 29 BRIEF AND TO THE COURT'S MINUTE ORDER OF NOVEMBER 22, 2022**

The United States provides the Court with this brief in response to (1) the defendant's supplemental brief submitted in support of her various arguments seeking judgments of acquittal, notwithstanding the jury's verdicts, pursuant to Fed. R. Crim. P. 29 ("Rule 29"), *see* ECF No. 131, and (2) the Court's Minute Order, dated November 22, 2022, directing the parties to address the question of "whether section 231 can serve as the 'other' felony for purposes of section 111(a)," *see id.* For the reasons stated below, the Court should deny the defendant's Rule 29 motion in its entirety and, in doing so, find that a defendant's violation of 18 U.S.C. § 111(a), committed with the intent to further a violation of 18 U.S.C. § 231(a)(3), can properly constitute aggravated assault under 18 U.S.C. § 111(a).

### I.    Legal Standard

In *United States v. Thompson*, 275 F. Supp. 3d 107 (D.D.C. 2017), this Court articulated the legal standard governing the defendant's motion:

> Federal Rule of Criminal Procedure 29(c) requires a court to grant a defendant's motion for a judgment of acquittal after a verdict has been rendered for any "offense for which the evidence is insufficient to sustain a conviction." In reviewing a post-verdict motion for judgment of acquittal under Rule 29, a court "must view the evidence in the light most favorable to the verdict." *United States v. Campbell*, 702 F.2d 262, 264, 226 U.S. App. D.C. 283 (D.C. Cir. 1983). In evaluating the sufficiency of the evidence, "[t]he reviewing court considers only the 'legal' question of 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Musacchio v. United States*, 136 S. Ct. 709,

715, 193 L. Ed. 2d 639 (2016) (emphasis in original), quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *see also United States v. Shmuckler*, 792 F.3d 158, 161-62, 416 U.S. App. D.C. 497 (D.C. Cir. 2015). The standard for a Rule 29 motion is "very high," and the evidence to support a conviction does "not need to be overwhelming." *United States v. Pasha*, 797 F.3d 1122, 1135 n.9, 418 U.S. App. D.C. 258 (D.C. Cir. 2015).

*Id.* at 110. For the reasons discussed below, the defendant cannot carry her burden on any of the counts for which she asks the Court to override the jury's verdict and issue a judgment of acquittal. *See* ECF No. 131.

> **II.     Count 1: the government's evidence concerning the negative effects of the riot on the business of D.C.-area Safeway stores was sufficient to allow a reasonable juror to conclude that the riot had a concrete effect on commerce.**

In relying on *United States v. Lopez*, 514 U.S. 549, 559 (1995) and *United States v. Morrison*, 529 U.S. 598 (2000), the defendant inaccurately stated what the government is required to prove to meet the jurisdictional element of 18 U.S.C. § 231(a)(3) in this Circuit. Post-*Lopez*, the D.C. Circuit Court of Appeals issued multiple rulings clarifying the application of *Lopez* and its progeny, including *Morrison*. In short, the law is not as the defendant describes it.

In *United States v. Pettaway*, 297 F. Supp. 3d 137 (D.D.C. 2018), Chief Judge Beryl A. Howell provided an instructive discussion of how trial courts in this Circuit should analyze jurisdictional elements based on the Commerce Clause in the wake of *Lopez* and its progeny, including *Morrison*. *See id.* at 143-150. In short, because 18 U.S.C. § 231(a)(3) contains an express—rather than implied—jurisdictional element, the United States need only show a "'concrete' impact on interstate commerce," not the higher "substantial" impact the defendant claims. *See id.* at 144 (citing *United States v. Harrington*, 108 F.3d 1460, 1466-67 (D.C. Cir. 1997)).

Here, the government admitted evidence at trial, through the testimony of FBI Special Agent Richard Oh, that the riot at the U.S. Capitol on January 6, 2021, led Washington, D.C.

Mayor Muriel Bowser to institute a curfew from 6 p.m. on January 6, 2021, to 6 a.m. on January 7, 2021, *see* ECF No. 120, Ex. 10.1, which forced D.C.-area Safeway stores to close hours earlier than planned, *see* ECF No. 120, Ex. 10.2, which in turn caused those stores to lose business, *see* ECF No. 120, Ex. 10.3, and be unable to receive and/or stock deliveries from their Pennsylvania warehouse, *see* ECF No. 120, Ex. 10.4. "Viewing the evidence in the light most favorable to the prosecution," as the Court must, *Musacchio*, 136 S. Ct. at 715, a reasonable juror could find that the defendant's participation in the riot at the Capitol on January 6, 2021, had a concrete negative impact on commerce.

Moreover, as the defendant acknowledges, her motion on this point is academic. The defendant concedes that the jury also found that the civil disorder violation committed by the defendant "obstructed, delayed or adversely affected the 'conduct or performance of any federally protected function,' . . . and that this alternative finding is sufficient to sustain an overall conviction on Count 1," regardless of the Court's ruling on this aspect of the defendant's Rule 29 motion. ECF No. 131 at n.1.

> **III. Count 3: the evidence established beyond a reasonable doubt that the defendant forcibly resisted officers, in violation of 18 U.S.C. § 111(a), with the intent to commit another felony, specifically civil disorder, in violation of 18 U.S.C. § 231(a)(3). This was legally proper. Moreover, the evidence of the defendant's conduct in violation of each offense was not identical.**

This is not the first time the Court has considered this issue, or at least a very closely related one, and in its prior holding the Court adopted the government's position. At sentencing in *United States v. Leffingwell*, 1:21-cr-5-ABJ, this Court considered whether to apply the base assault sentencing guideline, U.S.S.G. § 2A2.4, or the aggravated assault guideline, U.S.S.G. § 2A2.2, to a January 6-related defendant convicted of violating Section 111(a) by punching, and attempting to punch, multiple law enforcement officers. In both this case and the *Leffingwell* sentencing, the government's position is that the defendant's conduct qualifies as aggravated assault because the

3

defendant committed the Section 111(a) violation in furtherance of another felony, specifically a violation of Section 231(a)(3). This Court agreed with the government's position in *Leffingwell*, holding that "the aggravated assault guideline can technically apply, as a matter of law" to a Section 111(a) conviction based on the theory that the assault was committed in furtherance of a violation of Section 231(a)(3). *Leffingwell*, Sentencing Transcript at 15:18-22.[1]

At least five judges in the District of Columbia have reached the same conclusion. For example, in announcing his verdict in *United States v. McCaughey, et al.*, No. 21-cr-40-TNM, Judge McFadden explicitly found that all three of the McCaughey defendants were guilty of felony violations of Section 111(a) because they committed their violations with the intent to commit civil disorder in violation of Section 231(a)(3). *McCaughey* Sentencing Transcript, at 28-29, 36. In *United States v. Miller*, 1:21-cr-119-CJN, Judge Nichols accepted a guilty plea to a Section 111(a) violation where the legal and factual basis explicitly relied on the defendant intending to commit the Section 111(a) violation to further a violation of Section 231(a)(3) as the "other felony." Similarly, Judge Mehta instructed the trial jury in *United States v. Schwartz*, 1:21-cr-178-APM, that the separately charged violation of Section 231(a)(3) could serve as the "other felony" to satisfy the element of the charged Section 111(a) violation; this Court instructed the jury in this case's trial similarly. Finally, in evaluating similar conduct as *Leffingwell* at the sentencing phase, Judges Friedrich and Hogan reached the same holding in *United States v. Creek*, 1:21-cr-645, and *United States v. Sargent*, 1:21-cr-258-TFH, respectively, both over the defendants' objections. Indeed, Judges Friedrich and Hogan both determined that assaulting (or forcibly opposing) an

---

[1] The government acknowledges that although the Court considered and ruled on this issue in *Leffingwell*, the Court raised the issue *sua sponte* and the defendant did not contest the government's position because Leffingwell's plea agreement included a provision in which the parties agreed on the guidelines analysis.

officer with the intent to further a violation of Section 231(a)(3) constituted "aggravated assault" under the guidelines, requiring the application of U.S.S.G. § 2A2.2, not U.S.S.G. § 2A2.4.

Meanwhile, at least three other judges in this District—Judges Lamberth, Chutkan, and Bates—applied the guidelines in the same way in cases where the question was not disputed. *See United States v. Duke Wilson,* 21-cr-345 (RCL); *United States v. Devlyn Thompson*, 21-cr-461 (RCL); *United States v. Robert Palmer*, 21-cr-328 (TSC); *United States v. Languerand*, 21-cr-353 (JDB); *United States v. Fairlamb*, 21-cr-120 (RCL).

The defendant relies heavily on this Court's analysis in *United States v. Hamner,* No. 21-cr-689-ABJ, but the defendant ignores that in *Hamner* this Court was evaluating a different issue, albeit an admittedly related one. At sentencing in *Hamner*, the Court was determining the proper base offense level guideline to apply to a violation of Section 231(a)(3), not 111(a) as in *Leffingwell*. In essence, *Hamner* presented the inverse question as *Leffingwell*: whether, pursuant to U.S.S.G. § 2A2.4(c)(1), a violation of Section 231(a)(3) should be scored as "aggravated assault" under U.S.S.G. § 2A2.2 when the basis is that a separate Section 111(a) violation was done with the intent to commit the Section 231 violation. *See Hamner*, Sentencing Transcript, at 14-15. While the Court held in *Hamner* that in such a scenario the Section 231(a)(3) violation should be scored under the lower U.S.S.G. § 2A2.4(a) base offense level, the Court did not express any view on the reverse question presented here: whether a violation of Section 111(a) could be done with the intent to violate Section 231(a)(3). Indeed, the government is unaware of any court holding there is a limit to what "other felony" could serve as the basis for elevating a Section 111(a) violation to aggravated assault if the Section 111(a) violation was committed to further it.

Moreover, contrary to the defendant's characterization of her conduct, her convictions on Count 1 and Count 3 did not arise from a single interaction, or co-terminus range of interactions, with the same officer(s) at the same time. Here the evidence at trial established—particularly when

5

viewed in the light most favorable to the government and the verdict, *Campbell*, 702 F.2d at 264—that Count 1, the violation of Section 231(a)(3), and Count 3, the violation of Section 111(a), do not cover entirely the same conduct. While both Count 1 and Count 3 apply to the defendant's actions in the Rotunda, the incident supporting Count 3 is more specific and occurred over a shorter period of time.

As the evidence at trial demonstrated, and the government argued in closing and rebuttal, the defendant violated Section 111(a) when she used her back and rear to forcibly push against Metropolitan Police Department Officers Darrin Bates and Rochelle Butler Elliott, making physical contact in a successful effort to push the police line backward. In contrast, the evidence showed, and the government argued, that in addition to that act of forcible opposition to legitimate law enforcement work, the defendant also interfered with the officers' efforts to protect the Capitol and clear the Rotunda by berating them, threatening them, urging other rioters to push against them, and successfully commanding other rioters to lock arms to make themselves harder for the officers to move. While all of that conduct took place within the Rotunda during a half-hour period, the defendant's actions that violated Section 111(a) do not contain or subsume all of her actions that violated Section 231(a)(3). As such, in addition to being "technically" sufficient "as a matter of law," *Leffingwell*, Sentencing Transcript at 15:18-22, it makes logical sense here that the defendant's Section 111(a)-violating conduct qualifies as aggravated assault because she did it to further another felony, specifically the civil disorder she fueled and exacerbated at every opportunity.

Finally, outside of the January 6 context, it is not uncommon for the 111(a) act and the "other felony" to arise from the same conduct. *See, e.g.*, *United States v. Wright*, 2019 WL 177469 (D. Nev. Jan. 11, 2019) (defendant guilty of felony 111(a) for crashing his car into a police vehicle and the other felony was intent to obstruct justice by fleeing officers executing warrant).

**IV.    Counts 5 and 6: the government's evidence was sufficient to allow a reasonable juror to conclude that Vice President Pence was merely visiting the Capitol on January 6, 2021.**

The defendant previously argued, in pre-trial litigation, that Counts 5 and 6 should be dismissed based on a nearly identical rationale as the one she argues here. *Compare* ECF Nos. 37, 40-41 *with* ECF No. 131. The defendant asserted during her pre-trial motion to dismiss Counts 5 and 6 that the Capitol cannot be considered "a building or grounds where the [Vice President] is or will be temporarily visiting" because "Vice President Pence . . . actually worked at the Capitol Building and grounds," "had a permanent office [there] in his capacity as President of the Senate," and on January 6, 2021, "he was presiding in the Senate chamber to count the electoral votes." ECF No. 37 at 5. The Court denied the defendant's pre-trial motion, *see* ECF Nos. 54-55, describing the defendant's interpretation of 18 U.S.C. § 1752 as "strained" and "inconsistent with both the text and structure of the statute," ECF No. 55 at 40.

First, the Court analyzed the plain meaning of the words in the statute. After using common sense and consulting multiple dictionaries, the Court concluded that "the phrase 'temporarily visiting' means being somewhere for a limited period of time and there is no linguistic reason why the phrase could not include being there for a business purpose." *Id.* at 40-41. The Court held that the phrase "obviously encompasses Vice President Pence's actions on January 6, 2021" and noted that the Vice President "went to the Capitol with a discrete purpose" that day. *Id.* at 41.

Next, the Court dismissed the defendant's contention that he could not have been "'temporarily *visiting*' the Capitol . . . because he regularly *works* there" as "simplistic" and contradictory to the "ordinary meaning of the statutory language [and] also the structure of the definition in question." *Id.* After explaining the Court's structural analysis, the Court concluded that "the language in 18 U.S.C. § 1752(a)(1) and (2) is plain and unambiguous: the term 'restricted

building or grounds' encompasses the United States Capitol, which the Vice President was 'temporarily visiting' on January 6, 2021.

As such, this holding is now the law of the case and it "should continue to govern the same issues in subsequent stages" of the case, such as the defendant's instant Rule 29 motion. *Musacchio v. United States*, 577 U.S. 237, 244-45 (2016); *see also Messenger v. Anderson*, 225 U.S. 436, 444 (1912) ("courts generally . . . refuse to reopen what has been decided."); *LaShawn A. v. Barry*, 87 F.3d 1389, 1393 ("the *same* issue presented a second time in the *same* case in the *same* court should lead to the *same result*") (emphasis in original).

### V.     Conclusion

For the above stated reasons, the Court should deny the defendant's Rule 29 motion in its entirety and, in doing so, find that a defendant's violation of 18 U.S.C. § 111(a), committed with the intent to further a violation of 18 U.S.C. § 231(a)(3), can properly constitute aggravated assault under 18 U.S.C. § 111(a).

Dated December 28, 2022.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481 052

By:   */s/ Michael M. Gordon*
MICHAEL M. GORDON
Assistant United States Attorney
Florida State Bar No. 1026025
400 N. Tampa St., Suite 3200
Tampa, Florida 33602
michael.gordon3@usdoj.gov
Telephone: 813-274-6370

*/s/ Samuel S. Dalke*
SAMUEL S. DALKE

Assistant United States Attorney
Pennsylvania State Bar No. 311083
228 Walnut Street, Suite 220
Harrisburg, PA 17101
samuel.s.dalke@usdoj.gov
Telephone: 717-221-4453