IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | 1:21-CR-618-ABJ |
| | : | |
| v. | : | |
| | : | |
| **RILEY JUNE WILLIAMS** | : | |

**DEFENDANT'S BRIEF IN OPPOSITION TO
PETITION TO MODIFY CONDITIONS OF SUPERVISED RELEASE**

Defendant, Riley June Williams, by and through her attorneys, opposes the Probation Office's petition to modify conditions of supervised release. *See* Doc. 166. This brief is submitted under this Court's April 25, 2024 minute order.

**I.   INTRODUCTION**

The United States Probation Office seeks to amend Ms. Williams' judgment by imposing a computer monitoring condition. But the parties litigated the propriety of this condition at sentencing,[1] and this Court declined to impose it.[2] *See* Doc. 148, filed March 3, 2023. Moreover, Ms. Williams has been incarcerated since sentencing, and nothing has changed to warrant amending the judgment. As important, the purported "Waiver of Hearing to Modify Conditions…" is, for the reasons discussed below, invalid. In sum, this petition is an end-run around Ms. Williams' Sixth Amendment right to counsel and an attempt to amend this Court's sentence.

---

[1] To the extent relevant, all the arguments made for sentencing purposes in opposition to the computer monitoring condition are incorporated by reference. *See* Doc. 148, Supplemental Objections to Sentencing Recommendation; *see also*, Doc. 144, United States Probation Office Sentencing Recommendation.

[2] For this reason, the doctrine of issue preclusion (also known as collateral estoppel) applies here. *See Yamaha Corp. of America v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992).

1

## II.   FACTUAL BACKGROUND

In March 2023, Your Honor sentenced Ms. Williams to thirty-six months imprisonment, to be followed by thirty-six months supervised release. Prior to sentencing, the United States Probation Office recommended a computer monitoring condition. *See* Doc. 144, United States Probation Office Sentencing Recommendation, filed February 15, 2023. Ms. Williams objected. *See* Doc. 148, Defendant's Supplemental Objections. And this Court declined to impose a computer monitoring condition.

On April 24, 2024, the Probation Office filed a modification request, with a purported waiver, asking this Court to impose a computer monitoring condition. *See* Doc. 166, Petition. The claimed justification is, "[g]iven the nature and circumstances of the offense, and Ms. Williams' non-compliance during pre-trial release, modification is being requested to adequately address risk during the supervision of Ms. Williams. It allows the probation officer to monitor Ms. Williams' Internet access and be alerted to any unauthorized use." *Id*. pg. 2. The Probation Office did not notify counsel. Instead, the waiver was presented to Ms. Williams (who is in custody) by a unit manager. Counsel believes that Ms. Williams was told that if she did not sign the waiver, she would have to go to a halfway house in the District of Columbia, and upon release, she would be required to live in that district, rather than the Middle District of Pennsylvania, where she plans to reside with her mother. Counsel also believes that the witness who signed the form was not the individual that presented the waiver to her and thus did not "witness" Ms. Williams' signature.[3] For these reasons, the waiver is invalid as it was obtained

---

[3] Based on communications with the Probation Office in the Middle District of Pennsylvania, it is undersigned counsel's understanding that the Middle District would undertake Ms. Williams' supervision no matter if she agreed to computer monitoring.

2

in violation of Ms. Williams' Sixth Amendment rights, and it was obtained under misleading and coercive conditions.

III.     **ARGUMENT**

Supervised release punishments are part of the original sentence. *See United States v. Haymond*, 139 S. Ct. 2369 (2019). While courts may modify an otherwise final sentence in the context of amending supervised release conditions, *see* 18 U.S.C. § 3583(e), such amendments are generally tied to changed factual or legal circumstances. *E.g.*, *United States v. McLeod*, 972 F.3d 637, 643 (4th Cir. 2020) (collecting cases). Here, however, the justification for the proposed modification is "the nature and circumstances of the offense, and [her] non-compliance during pretrial release." But these circumstances existed at the time of sentencing. This Court was intimately familiar with the nature and circumstances of the offense having presided over the trial, and the unfounded allegations that Ms. Williams violated her pretrial conditions, which were similarly litigated. *See*, Doc. 134, Sentencing Objections. Despite having all of this information before it at sentencing, the Court chose not to impose a computer monitoring condition.[4] It is the Court, not Probation that decides and imposes conditions of supervised release.

---

[4] 18 U.S.C. § 3583(e)(2) directs that a court's modification of a term of supervised release is subject to the same "provisions applicable to the initial setting of the terms and conditions of post-release supervision." Section 3583(d)(1) of Title 18 requires that discretionary conditions of supervised release be "reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D)." Those factors are: "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); the need "to afford adequate deterrence to criminal conduct," *id*. § 3553(a)(2)(B); the need "to protect the public from further crimes of the defendant," *id*. § 3553(a)(2)(C); and the need "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," *id*. § 3553(a)(2)(D).

The "waiver" form signed by Ms. Williams is not valid. Ms. Williams signed the waiver form while in custody, without counsel, and after she was given inaccurate if not threatening information. Further, it is believed that the actual "witness" was a correctional officer, not a United States Probation Officer. And failing to sign the form as directed by her Unit Manager could have led to consequences (sanctioning) for Ms. Williams within the Bureau of Prisons for not following directions.

## IV.    CONCLUSION

Based on the foregoing, Ms. Williams opposes the Petition to Modify Conditions of Supervised Release (Doc. 166) and respectfully requests that this Court deny the Petition. This issue has been litigated and the Court has already decided. There are no new developments that would suggest a different outcome of this already decided legal issue.

Date:   May 2, 2024                                         Respectfully submitted:

                                                            */s/ Lori J. Ulrich*
                                                            LORI J. ULRICH, ESQUIRE
                                                            Assistant Federal Public Defender

                                                            */s/ Amanda R. Gaynor*
                                                            AMANDA R. GAYNOR, ESQUIRE
                                                            Staff Attorney

                                                            100 Chestnut Street, Suite 306
                                                            Harrisburg, PA 17101
                                                            Tel. No. (717) 782-2237
                                                            Fax No. (717) 782-3881
                                                            *lori_ulrich@fd.org*
                                                            *amanda_gaynor@fd.org*

                                                            *Attorneys for Riley June Williams*

# CERTIFICATE OF SERVICE

I, Lori J. Ulrich, Esquire, of the Federal Public Defender's Office, do hereby certify that I served a copy of the foregoing **Defendant's Brief in Opposition to Petition to Modify Conditions of Supervised Release** via Electronic Case Filing, and/or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, and/or by hand delivery, addressed to the following:

Samuel Dalke, Esquire
Assistant United States Attorney
*samuel.s.dalke@usdoj.gov*

Michael Gordon, Esquire
Assistant United States Attorney
*michael.gordon3@usdoj.gov*

RILEY JUNE WILLIAMS

Date:  May 2, 2024                                     */s/ Lori J. Ulrich*
                                                       LORI J. ULRICH, ESQUIRE
                                                       Assistant Federal Public Defender
                                                       100 Chestnut Street, Suite 306
                                                       Harrisburg, PA 17101
                                                       Tel. No. (717) 782-2237
                                                       Fax No. (717) 782-3881
                                                       lori_ulrich@fd.org
                                                       *Attorney for Riley June Williams*